UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**
KASEN & KASEN, P.C.
David A. Kasen, Esq. (NJ Bar No. 262881970)
Society Hill Office Park
1874 E. Marlton Pike, Suite 3
Cherry Hill, NJ  08003
Telephone (856) 424-4144
Facsimile (856) 424-7565
E-Mail: dkasen@kasenlaw.com
*Counsel to the Debtor*

In the Matter of:

GARY D. ADAMS,

              Debtor.

Chapter 13

Case No.: 19-14488/ABA

Hearing Date: 1/25/22 at 10 a.m.

Judge: Altenburg

**Oral Argument Requested**

## CERTIFICATION IN SUPPORT OF MOTION TO ENFORCE AUTOMATIC STAY UNDER § 362 OF THE BANKRUPTCY CODE AND TO FIX DAMAGES FOR WILLFUL VIOLATION OF STAY PURSUANT TO § 362(K) OF BANKRUPTCY CODE

    I, GARY D. ADAMS, being of full age, hereby certify as follows:

    1.    I am a Debtor in a Chapter 13 proceeding presently pending in the United States Bankruptcy Court for the District of New Jersey under case number 19-14488/ABA.

    2.    I filed my Chapter 13 Petition on March 5, 2019.

    3.    My Chapter 13 Plan was confirmed on June 27, 2019.

    4.    Since 2004, I reside at 32 Timberline Drive, Voorhees, NJ 08043. I have resided at that address with my wife Eileen Adams and two of my children, one of which is a severely handicapped adult for whom my wife and I provide total care for since he is unable to care for himself.

5.  I attach a copy of my Schedule D to this Certification as **Exhibit A**. I scheduled Everbank and its successor, Nationstar Mortgage as disputed secured creditors.

6.  On March 5, 2019, on the date of the filing of my Chapter 13 Petition, my attorney David A. Kasen sent an email to James French, an attorney with the law firm of McCabe, Weisberg & Conway, LLC informing Mr. French on behalf of Everbank that I had filed a Chapter 13 Bankruptcy petition and that the automatic stay provisions of the Bankruptcy Code prevent a scheduled Sheriff Sale of 32 Timberline Drive, Voorhees, NJ 08043 from going forward. A copy of that email is attached hereto marked **Exhibit B**.

7.  It should be noted that on December 16, 2015, I was dismissed as a Defendant in the foreclosure action to foreclose the property located at 32 Timberline Drive, Voorhees, NJ 08043. The Notice of Dismissal was attached to the email sent to James French, attorney for Everbank, the Plaintiff in the foreclosure action. In the filing of my Chapter 13 Petition, I scheduled, on Schedule A, a possessory interest in 32 Timberline Drive, Voorhees, NJ 08043. A copy of Schedule A is attached hereto marked **Exhibit C**.

8.  In the March 5, 2019 email to James French, the attorney for Everbank, my attorney informed the attorney for Everbank that the Third Circuit Court of Appeals has held that "a possessory interest in real property is within the ambit of the estate in bankruptcy under Section 541, and thus the protection of the automatic stay of Section 362.", citing in *the Matter of Atlantic Business*, 901 F.2d at 328.

9.  It should be noted that in my chapter 13 bankruptcy, Everbank did not file a proof of claim. A copy of the Claims Register is attached hereto marked **Exhibit D**.

10. It should also be noted that during the course of my chapter 13 bankruptcy that neither Everbank nor its successor, Nationstar Mortgage, LLC d/b/a Mr. Cooper, has ever moved

2

for relief from the automatic stay, and therefore, has not sought permission from the Court to proceed with the foreclosure action against me, including but not limited to the sale of 32 Timberline Drive, Voorhees, NJ 08043 through a foreclosure sale. See Docket attached as **Exhibit E**.

11. Now, at the end of November of 2021, I have received notification that was sent to my wife Eileen Adams that Everbank intends to go forward with the Sheriff Sale of our property at 32 Timberline Drive, Voorhees, NJ 08043 on February 2, 2022 at 12 p.m. See **Exhibit F**.

12. I believe that the automatic stay should be enforced. It is clear that I have a possessory interest in the property at 32 Timberline Drive, Voorhees, NJ 08043 and as such, that is within the ambit of the estate in bankruptcy under § 541 and is entitled to protection of the automatic stay of § 362.

13. Furthermore, it is also clear that the foreclosure sale cannot go forward because I was dismissed as a defendant in the foreclosure action by Everbank pursuant to the Notice of Dismissal of Defendant that was filed by Everbank with the Superior Court of New Jersey, Chancery Division, Camden County on December 16, 2015.

14. Accordingly, I am asking the Court to enter an Order enforcing the protection of the automatic stay under § 362 and prohibiting the foreclosure sale of 32 Timberline Drive, Voorhees, NJ 08043 from going forward on February 2, 2022 at 12 p.m.

## § 362(K) OF THE BANKRUPTCY CODE

15. I am informed that § 362(k) of the Bankruptcy Code provides as follows:

> (k) (1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
>
> (2) If such violation is based on an action taken by an entity in the

> good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

16. On Monday, October 18, 2021, my wife and I noticed a vehicle that we were unfamiliar with driving very, very slowly on our street on Timberline Drive across the front of our driveway and in front of our home that we thought was very strange. I went outside to investigate what I thought was strange and suspicious. I made notes of what occurred and took pictures.

17. Attached are my notes from Monday, October 18, 2021 and attached are the pictures that I took.

18. I incorporate them as if they were set forth fully at length herein. The notes and the pictures are marked **Exhibit G** and **Exhibit H**. The whole incident was very disturbing to me and since the incident on October 18, 2021, I have been extremely nervous and upset and cannot sleep. I was particularly disturbed when I was told that "We are working for the bank that is taking your home. We are allowed anywhere on your property."

19. I continually break out in sweats thinking about this incident and now thinking about a potential foreclosure of my property. I get physically and emotionally ill about the thought of losing our house and having no home for my handicapped child.

20. I thought that I was protected because I was dismissed from the foreclosure action and I was protected by the automatic stay of the Bankruptcy Code.

21. I believe that I have been injured by a willful violation of the stay by Everbank, the named Plaintiff in the foreclosure action and now by its successor Nationstar Mortgage.

22. When my attorney explained to me the provisions of § 362(k) of the Bankruptcy Code, I feel that I fall squarely within the framework of that section because I have been injured by a willful violation of the automatic stay provisions of the Bankruptcy Code. Therefore, I believe

4

that I should be able to recover actual damages and I believe that the actions taken to violate the stay are appropriately significant so that I may recover punitive damages. Clearly, through the notice to Everbank's counsel by my counsel on the day that the Bankruptcy Petition was filed that the automatic stay applied and that the foreclosure couldn't go forward against me because I was dismissed as a party defendant in the foreclosure action, is and should be sufficient for Everbank and its successor Nationstar Mortgage to know that they were prohibited from proceeding with a foreclosure sale without taking steps to get relief from the stay and further without taking steps to foreclose my interest in the State Court, which they chose not to do by way of voluntary dismissal of me as a party defendant. Everbank and its successor Nationstar Mortgage, and their counsel, also received notice of the bankruptcy directly from the Clerk of the Bankruptcy Court when the Clerk sent notice to them. See **Exhibit I**.

**EVERBANK NEVER HAD STANDING TO BRING THE FORECLOSURE ACTION TO FORECLOSE ON 32 TIMBERLINE DRIVE, VOORHEES NJ AND MISLED THIS COURT AND THE COURTS OF THE STATE OF NEW JERSEY WITH RESPECT TO SAME**

23.     Throughout the course of the legal proceedings with respect to the foreclosure of 32 Timberline Drive, Voorhees, NJ 08043 and with respect to a Motion before this Court in my wife's chapter 7 case seeking to expunge Nationstar's Proof of Claim, my wife and I have always contended that Everbank and its successor Nationstar Mortgage, LLC d/b/a Mr. Cooper had no standing to foreclose on 32 Timberline Drive, Voorhees, NJ 08043, which is owned by wife and in which I have resided with my family since 2004.

24.     While I understand that the Rooker-Feldman Doctrine prohibits federal courts from exercising jurisdiction over claims that were already adjudicated in the State Court, I thought that the Court should know at least the facts that lead me to the conclusion that Everbank and/or its successor Nationstar Mortgage never had standing to foreclose on 32 Timberline Drive, Voorhees,

5

NJ 08043.

25. John J. Tierney, II, the father of my wife Eileen Adams, was the owner of 32 Timberline Drive, Voorhees, NJ 08043. My wife and I have lived in that property, along with our children, from 2004 to the present. On or about May 4, 2009, John J. Tierney, II entered into a refinance of that property. A copy of the Closing Statement is attached hereto marked **Exhibit J**. On May 4, 2009, John J. Tierney, II executed a Note for electronic signature. The Note indicates at the bottom of page 4 that it is a Fannie Mae/Freddie Mac Uniform Instrument. On that same date, John J. Tierney, II executed a Mortgage. The Mortgage indicated that MERS was the mortgagee and that MERS is a separate corporation that is acting solely as nominee for lender and lender's successors and assigns. The mortgage further indicates that the lender is AmTrust Bank. The lender is a federal savings bank organized and existing under the laws of the United States of America and has an address in Cleveland, Ohio. The Mortgage indicates that the lender is the beneficiary under this Security Agreement.

26. I have been able to determine that the true lender was Fannie Mae as trustee for Mortgage Banking Securities, commonly known as "MBS" or "Pool" or "Mortgage Pass Through Certificates". On November 19, 2008, prior to the making of the loan with John J. Tierney, II, AmTrust Bank, who was purported to be the lender on the loan documents, was under a Cease-and-Desist Order issued by the Office of Thrift Supervision. A copy of that Cease-and-Desist Order is attached hereto marked **Exhibit K**.

27. Shortly after the loan transaction on May 4, 2009, John J. Tierney, II died on August 14, 2009. In the will that was probated, John J. Tierney, II, on page 2 of the will, gave the real estate located at 32 Timberline Drive, Voorhees, NJ to my wife and his daughter Eileen Adams free and clear of all liens and encumbrances. All of these documents are attached to the July 17,

6

2018 Letter Brief filed with the Clerk of the Bankruptcy Court of July 17, 2018 as Document Number 25. A copy of that letter brief is attached hereto marked **Exhibit L**. On December 4, 2009, the Office of Thrift Supervision appointed the FDIC as Receiver for AmTrust Bank for the purpose of liquidation and winding up the affairs of AmTrust Bank. A copy of the Receivership papers, including the Order Appointing the FDIC as Receiver for AmTrust Bank, is attached hereto marked **Exhibit M**.

28. The assets of AmTrust Bank were sold to New York Community Bank. My attorney, David A. Kasen, made inquiry from the mortgage research department of New York Community Bank as to what happened to the John J. Tierney, II loan. A copy of his email to New York Community Bank Research Department and their response is attached as **Exhibit N**. The response is that the servicing rights, but not the loan itself, was sold to Everhome Mortgage Company on January 1, 2010. New York Community Bank confirmed that Fannie Mae owned the loan at the time that the servicing rights were transferred and still owns the loan. They suggested in their response to the email, using a hyperlink, to see if the loan was still owned by Fannie Mae. A copy of the hyperlink lookup results, which is attached hereto marked **Exhibit O**, show that Fannie Mae still owns the loan. They also attached a "Goodbye Letter", which is attached hereto marked **Exhibit P**. The Goodbye Letter indicates that AmTrust Bank was closed by Order of the Office of Thrift Supervision on December 4, 2009 and that the FDIC was appointed Receiver. The Goodbye Letter indicates that the servicing rights, the servicing of the mortgage loan, was transferred from the Receiver to Everhome Mortgage Company.

29. Everbank, the Plaintiff in the foreclosure action to foreclose 32 Timberline Drive, Voorhees, NJ in order to establish ownership of the mortgage, proffered an Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc. acting solely as nominee for

AmTrust Bank, its successors and assigns assigning the mortgage to Everbank noting that the original mortgagee was AmTrust Bank. A copy of the Assignment of Mortgage is attached hereto as **Exhibit Q**. The Assignment of Mortgage is dated November 21, 2013. The Assignment of Mortgage is assigned by an acting secretary for Mortgage Electronic Registration Systems, Inc. acting solely as nominee for AmTrust Bank and its successors and assigns.

30. Obviously, on November 21, 2013, Mortgage Electronic Registration Systems, Inc. couldn't have been acting solely as nominee for AmTrust Bank and its successors and assigns because AmTrust Bank was shut down and liquidated by the FDIC in December of 2009.

31. While the records indicate that the servicing rights were transferred to Everhome Mortgage Company, there is no indication that the mortgage itself was or could have been assigned in November of 2013 by an entity acting solely as a nominee for AmTrust Bank.

32. Thus, as it has always been contended by Eileen Adams, at the time of the foreclosure proceeding, EverBank had no standing to file the foreclosure complaint on account of a mortgage it did not own.

33. Throughout the mortgage foreclosure action and the appeals to the Appellate Division and the Supreme Court and the challenge to the claim of Nationstar Mortgage as successor to Everbank, Eileen Adams and I have always contended that there was a lack of standing because Everbank was not the owner of the mortgage at the time that the foreclosure action was instituted.

34. Eileen Adams handled the foreclosure defense *pro se* and was stonewalled by Everbank and the attorneys for Everbank to try to get evidence of the lack of ownership of the mortgage. We now have evidence that the true owner of the mortgage is Fannie Mae and has been Fannie Mae since the mortgage transaction took place in May of 2009. AmTrust was an originator,

8

but it was not Amtrust's money that was advanced. AmTrust serviced the loan until it was shut down by the FDIC. Then, the servicing rights were transferred to Everhome Mortgage Company.

35. We intend to go back to the State Courts and show the State Courts how they were misled by Everbank throughout all the State Court proceedings.

36. In order for there to be standing, as I understand it, for Everbank to have brought the foreclosure action, at the time of the filing of the foreclosure complaint, Everbank, the Plaintiff in the foreclosure action, could have standing if they did have possession of the Note. Since it was an e-Note (electronic note) that was signed by John J. Tierney, II, the e-Note would have had to been registered with the MERS e-Registry. Attached to the Proof of Claim that was filed by Nationstar Mortgage in the Eileen Adams chapter 7 bankruptcy, is a copy of the e-Note Transaction History filed with the MERS e-Registry for the Note. A copy is attached hereto as **Exhibit R**. The redactions were done by Nationstar Mortgage. Nowhere does it show on the e-Note Transaction History that the Note was owned by Everbank. There is an indication of FDIC as Receiver for AmTrust Bank and Fannie Mae, but nothing for Everbank.

37. Also attached to the Letter Brief (Exhibit L) dated July 17, 2018 filed with this Court in the Eileen T. Adams chapter 7 case as Document Number 25, is Exhibit H, which is entitled e-Note Information and e-Note Transfer History. Again, the document provided by Nationstar Mortgage has redactions that were redacted by Nationstar Mortgage. None of the information in the e-Note Information attached as Exhibit H or the e-Note Transfer History indicates that Everbank was ever the owner of the e-Note. Thus, at the time of the filing of the Foreclosure Complaint, there is no proof that Everbank owned or possessed the e-Note executed by John J. Tierney, II.

38. On page 50 of 57 of Document Number 25, which is the Letter Brief (Exhibit L)

9

sent to this Court by Nationstar Mortgage, there appears to be a Corporate Assignment of Mortgage recorded with the Clerk of Camden County assigning the original John J. Tierney, II mortgage from assignor Everbank by Nationstar Mortgage, LLC to Nationstar Mortgage, LLC. If Everbank was not the true owner and therefore had no power to assign, then the assignment to Nationstar Mortgage, LLC should be *void ab initio*.

39. It should be noted that the Assignment of Mortgage from Everbank to Nationstar Mortgage, LLC was made on July 26, 2016 and that the Final Judgment of Foreclosure in the foreclosure action, which is on page 46 of 57 attached to the Letter Brief, was not entered until March 21, 2017, approximately 9 months after the alleged change of ownership by way of the Assignment of Mortgage from Everbank to Nationstar Mortgage, LLC. And yet Everbank in the Final Judgment of Foreclosure was still the Plaintiff even though Everbank was no longer the owner of the mortgage. Furthermore, there has never been any substitution of parties and Everbank is the Plaintiff trying to go forward with the foreclosure sale now of 32 Timberline Drive, Voorhees, NJ.

40. It should be noted that when the attorneys for Everbank filed the Notice of Motion for Entry of Final Judgment in the foreclosure action, they attached to the Motion papers a copy of the mortgage between John J. Tierney, II and MERS as mortgagee acting solely as nominee for lender and lender's successors and assigns. There is however a difference between the mortgage attached to the Notice of Motion for Entry of Final Judgment and all the other times that Everbank submitted copies of the mortgage to various courts. In the Motion for Entry of Final Judgment of Foreclosure, there is a cover page that was filed on February 22, 2017 at page 1 of 17 of the mortgage attached to the Motion for Entry of Final Judgment of Foreclosure. A copy of the cover page is attached hereto as **Exhibit S**. It clearly shows that the mortgage was Fannie Mae –

10

scheduled mortgage.

41.    A copy of the Residential Mortgage Foreclosure Complaint that was filed with the Superior Court of New Jersey to initiate the foreclosure action is attached to the Letter Brief to this Court dated July 17, 2018 as an exhibit on page 37 of 57. While the Complaint recites that Mortgage Electronic Registration Systems as nominee for AmTrust Bank was the named mortgagee in the mortgage and that Mortgage Electronic Registration Systems and nominee for AmTrust Bank assigned the mortgage to Everbank, nowhere does the Complaint mention that the mortgage funding was not advanced by AmTrust Bank and that AmTrust Bank was out of business on December 4, 2009 and that its assets were sold by the FDIC. Nowhere does the Complaint indicate that MERS acting solely as nominee for AmTrust Bank could not have assigned on November 21, 2013 the mortgage to Everbank, because AmTrust Bank didn't exist at that time.

42.    In New Jersey Court Rule R. 4:64-1(b), it indicates that the contents of the Mortgage Foreclosure Complaint shall state the name of the obligor, mortgagor, obligee and mortgagee. The Complaint fails to state that Fannie Mae was the true owner and continues to be the true owner of the obligation. That Court Rule requires a certification of diligent Inquiry to be annexed to the residential mortgage foreclosure complaint. Attached is the Certification of Diligent Inquiry annexed to the Residential Mortgage Foreclosure Complaint marked **Exhibit T**. Obviously the wrong information was provided to the attorneys for the Plaintiff Everbank, but there was a continuing obligation under Rule 1:4-8 to amend the Certification if reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support for any factual assertions proffered by the Plaintiff in any court filings or documents in this case.

43.    There were no such amendments to the Certification and there was reasonable opportunity for the attorneys for the Plaintiff Everbank to investigate and discover that MERS

11

could not have assigned the mortgage to Everbank acting solely as nominee for AmTrust Bank on November of 2013. Furthermore, there was evidence throughout all of the litigation that Everbank was not the possessor of the e-Note at the time of the filing of the foreclosure complaint as evidenced by the documentation that was provided as to the e-Note history. Accordingly, I believe that McCabe, Weisberg & Conway breached their continuing obligation under Rule 1:4-8.

44.     I am aware that through the course of my investigation that the Supreme Court of New Jersey in *U.S. Bank Nat. Assn. v. Guillaume*, 209 N.J. 449 (2012), dealt with the issue of what needs to be contained in the Notice of Intention to Foreclose a Mortgage under the Fair Foreclosure Act. For the purposes of the Fair Foreclosure Act (FFA), N.J.S.A. § 2A:50-55, the lender is defined as any person, corporation, or other entity which makes or hold a residential mortgage, or any person, corporation, or other entity to which such residential mortgage is assigned. That language clearly conveys that New Jersey legislature's intent that the homeowner be notified of the identity of the entity that currently holds the mortgage. Notwithstanding a servicing agency's responsibility to collect payments and negotiate with homeowners on a bank's behalf, it is not the maker or holder of the mortgage or the assignee of any lender. By virtue of the role as servicing agent for the lender, inclusion of its contact information in the Notice of Intention as a representative of the lender whom the Debtor may contact is consistent with the language and objectives of the FFA. But the legislature intending to protect homeowners at risk of foreclosure, has unmistakably directed that a homeowner shall be advised of the exact entity to which he or she owes the balance of the loan. There is a potential for a significant prejudice to the defending party, the homeowner, in a mortgage foreclosure action by virtue of the bank's failure to identify the true lender. A misunderstanding about the lender's identity could prompt the homeowner to make a critical error at the time when he or she is struggling to avert foreclosure. While the loan servicer's name,

address and telephone number is significant information, that should be part of the notice of intention, under the Fair Foreclosure Act, N.J.S.A. 2A 50-56(c), the lender's identity is equally important to the New Jersey legislature's objective of insuring that homeowners at risk of foreclosure are thoroughly informed. The Fair Foreclosure Act, N.J.S.A. 2A: 50-56(c), directs that the Notice of Intention shall include clearly and conspicuously the name of the lender on the Notice of Intention. The New Jersey legislature's objective is to give the homeowner the opportunity to negotiate a resolution of a default and thereby retain his or her home. That objective requires notice of the identity of the lender and compels strict compliance with the literal terms of the statute. The identity of the lender, the prospective plaintiff, is a crucial aspect of reasonable notice of a foreclosure claim. There is no basis in the statutory language of the Fair Foreclosure Act (FFA), N.J.S.A. § 2A:56-c to conclude that a Notice of Intention that substitutes for the loan servicer for the lender achieves standard compliance with § 2A:50-56(c)(11). Accordingly, the Supreme Court of New Jersey held that the Fair Foreclosure Act requires that Notice of Intention include the name and address of the actual lender, in addition to the contact information for any loan servicer who is charged by the lender with responsibility by the lender to accept mortgage payments and/or negotiate a resolution of the dispute between the lender and the homeowner. Several courts have held that the FFA mandates strict compliance with its provisions governing the contents of a Notice of Intention. This information comes from the Opinion in the *Guillaume* case.

45. Attached as **Exhibit U** is a copy of the Notice of Intention to Foreclose the Mortgage. Nowhere in the Notice of Intention to Foreclose does it indicate that Fannie Mae is the true lender and/or obligee. It indicates that the current mortgage holder (lender) is Everbank. There is no document that is a valid document that makes Everbank the holder of the mortgage. There is only an assignment of mortgage from MERS acting on behalf of AmTrust Bank that allegedly

assigns the mortgage to Everbank. We know that AmTrust Bank could not have given MERS authority in 2013 to assign the mortgage because there was no AmTrust Bank in 2013.

46. The aforesaid is just one more reason why the mortgage foreclosure sale should not go forward.

47. There is one more thing I wish to point out to this Court. In support of the Motion for Entry of Final Judgment of Foreclosure, an Affidavit of Talya Harris was filed. A copy of that Affidavit is attached hereto as **Exhibit V**. The Affidavit was filed with the Superior Court of New Jersey on February 22, 2017 and the Affidavit is a dated February 7, 2017. In ¶ 4 of the Affidavit, it indicates "Plaintiff, Everbank is the holder of the aforesaid Note and Mortgage". At the time of the filing of the Affidavit, Everbank was not the holder of the mortgage even as alleged by Everbank. We know that a document allegedly assigning the mortgage from Everbank to Nationstar Mortgage, LLC was made on July 26, 2017 and recorded with the Clerk of Camden County. Thus, the statement in the Talya Harris Affidavit that Everbank is the holder of the mortgage made by Talya Harris on February 7, 2017 was not accurate. In the Talya Harris Affidavit filed to support the entry of final judgment of foreclosure, it merely indicates that Nationstar Mortgage services the loan for Everbank. It does not indicate that the mortgage was actually assigned to Nationstar Mortgage. Nowhere in the Affidavit does it indicate that Fannie Mae is the true owner of the loan and that the original assignment from MERS to Everbank should have been void because AmTrust Bank no longer existed as a result of its shut down by the FDIC. Thus, the Final Judgment of Foreclosure was based upon inaccurate information provided by Everbank.

48. Attached as **Exhibit W** is another internet search that I recently was able to obtain that shows that Fannie Mae owns the loan that was closed on May 4, 2009 with John Tierney for 32 Timberline Drive, Voorhees, NJ.

**CONCLUSION**

49.    I am asking the Court to enforce the automatic stay and to prohibit the foreclosure sale of 32 Timberline Drive, Voorhees, NJ from proceeding as scheduled. I am further asking the Court to determine that there is a willful violation of the automatic stay and to fix a plenary hearing with regard to the imposition of damages, both compensatory and punitive, pursuant to § 362(k) of the Bankruptcy Code.

I certify under penalty of perjury that the above information is true.

Date:   December 29, 2021                    */s/ Gary D. Adams*
                                                                  GARY D. ADAMS