UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption Complies with D.N.J. LBR 9004-1(b)**
**McCABE, WEISBERG & CONWAY, LLC**
James A. French, Esq. (NJ ID: 134352014)
216 Haddon Avenue, Suite 201
Westmont, New Jersey 08108
Phone: (856) 858-7080
Email: JFrench@mwc-law.com
*Attorneys for Everbank*

IN THE MATTER OF:

GARY D. ADAMS,

                Debtor.

Chapter 13

Case No.: 19-14488/ABA

Hearing Date: 03/01/2022, 10:00 a.m.

## MEMORANDUM OF LAW IN OPPOSITION TO DEBTOR'S MOTION TO ENFORCE AUTOMATIC STAY AND TO FIX DAMAGES FOR WILLFUL VIOLATION OF STAY

## RELEVANT FACTS AND PROCEDURAL HISTORY

By way of background, the real property located at 32 Timberline Drive, Voorhees, New Jersey 08043 (the "Property") was originally conveyed to Eileen Adams and Debtor, Gary D. Adams (individually, "Debtor") on December 17, 2004 by way of written deed, which deed was recorded in the Office of the Clerk of Camden County on January 11, 2005 in Book 7700, Page 1487. See Certification of James A. French, Esq. (the "French Cert.") ¶ 3. On June 19, 2008, Gary D. Adams and Eileen Adams conveyed the property to Borrower/Mortgagor, John J. Tierney II ("Borrower" or "Mortgagor") by way of written deed, which deed was recorded in the Office of the Clerk of Camden County on July 3, 2008 in Book 8863, Page 161. French Cert. ¶ 4.

On May 4, 2009, Borrower-Mortgagor executed and delivered a note to Everbank's predecessor-in-interest, AmTrust Bank, in the original amount of $360,000.00. French Cert. ¶ 5. To secure the note's repayment, also on May 4, 2009, Borrower executed and delivered a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as Nominee for AmTrust Bank against the above-referenced real property, which mortgage was recorded in the Office of the Clerk of Camden County on June 9, 2009 in Book 9041, Page 1372. French Cert. ¶ 6. On November 21, 2013, MERS assigned the mortgage to Creditor, Everbank by way of written assignment of mortgage, which assignment was recorded in the Office of the Clerk of Camden County on December 12, 2013 in Book 9932, Page 1501. French Cert. ¶ 7.

On or about August 14, 2009, Borrower passed away and pursuant to the Borrower's will, the resulting estate deeded the property to Eileen Adams on July 19, 2013 by way of written deed in exchange for $1.00, which deed was recorded in the Office of the Clerk of Camden County on August 29, 2013 in Book 9873, Page 1338. French Cert. ¶ 8. Beginning on or before

August 1, 2013, the mortgage loan fell in default, the default went uncured and as a result, Everbank filed its mortgage foreclosure complaint in the Superior Court of New Jersey, Chancery Division, Camden County on August 26, 2014. French Cert. ¶ 9. Eileen Adams was included as a party-defendant in the foreclosure action as the successor-owner of the property. French Cert. ¶ 10. Eileen Adams filed a contesting answer in that action, which was stricken.

Plaintiff filed its final judgment motion in February 2017, which motion the court granted on March 21, 2017 at 10:33 am, final judgment was entered for Everbank, and a writ of execution was issued directing the sale of the property. French Cert. ¶ 11. On March 21, 2017 at 10:49 am, Eileen Adams, along with the debtor in the instant action Gary D. Adams, filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the District of New Jersey, which bankruptcy was dismissed in or around September 2017. French Cert. ¶ 12. On January 9, 2018, Eileen Adams filed a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court for the District of New Jersey, which bankruptcy the debtor dismissed in or around January 2019. French Cert. ¶ 13.

On or about March 5, 2019, Debtor filed the instant Chapter 13 Bankruptcy Petition, which petition listed the above-referenced property as property to which Debtor holds a purported possessory interest. French Cert. ¶ 14. On December 29, 2021, Debtor filed the instant motion to enforce the automatic stay and to fix damages for purported wilful violations of 11 U.S.C. § 362. French Cert. ¶ 15. In his motion, the Debtor alleges that Everbank has violated the automatic stay by conducting drive-by inspections of the property as required in the loan documents and by attempting to schedule a sheriff sale. As outlined below, the motion lacks merit and should be denied.

## LEGAL ARGUMENT

**I.    THE SUBJECT PROPERTY IS NOT A POSSESSION OF THE ESTATE BECAUSE THE DEBTOR DOES NOT HAVE AN INTEREST IN THE PROPERTY AND THEREFORE, NO STAY VIOLATION HAS OCCURRED**

In his motion, Debtor alleges that because Everbank listed the property for sheriff sale and conducted drive-by inspections of its collateral, it violated the stay.  On this basis, Debtor concludes that Everbank is liable for damages.  As outlined below, however, these arguments lack merit and the court should deny the motion

The filing of a bankruptcy petition triggers an automatic stay.  11 U.S.C. § 362(a); In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 99 (3d Cir. 2008).  The §362 stay acts as a stay of the commencement or continuation of certain judicial, administrative, or other actions or proceedings against the debtor, enforcement of judgments against a debtor or the property of the estate, and other acts by creditors against debtors.  Id.  The automatic stay is designed to give debtor's time to breathe and to facilitate an orderly liquidation of the estate.  Taylor v. Slick, 178 F.38 698, 702 (3d Cir. 1999); In re Krystal Cadillac, 142 F.3d 631, 637 (3d Cir. 1998).

The automatic stay only applies to property of the estate.  11 U.S.C. § 362(a).  Property of the estate includes and is comprised of "all legal and equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541; ACandS, Inc. v. Travelers Cas. & Sur. Co., 435 F.3d 252, 260 (3d Cir. 2006).  In the absence of specific bankruptcy law on the issue, state law governs the determination of substantive property rights in potential estate assets.  O'Dowd v. Trueger, 233 F.3d 197, 202 (3d Cir. 2000); In re Global Outreach, S.A., 2009 Bankr. Lexis 1602 (Bankr. D.N.J. 2009); Butner v. United States, 440 U.S. 48, 54 (1979).  Thus, state law determines whether the estate herein retains an interest in the property sufficient to place it within the bankruptcy estate.  Pursuant to the relevant case law, however, mere possession alone

is insufficient for the property at issue herein to qualify as property of the estate. The Debtor must show something in addition to mere possession.

While "[p]ossessory interests have been sufficient to qualify as property of the estate," possession of the subject property alone is insufficient. In re Global, 2009 Bankr. Lexis 1602 at *16; In re Sven Hills, Inc., 403 B.R. 327, 335 (Bankr. D.N.J. 2009) (explaining that "a possessory interest in real property is within the ambit of the estate in bankruptcy [...]."); In re DiCamillo, 206 B.R. 54 (Bankr. D.N.J. 1997) (holding conversely that a valid pre-petition termination of a lease does not constitute property of the estate, while debtor retains right to assume where the debtor has "some possessory nexus or toehold in the property"). Thus, mere possession alone does not make a piece of property an asset of the estate. In re Global, 2009 Bankr. Lexis 1602 at *2. For the property to rise to the level of estate property sufficient to qualify for automatic stay protection, the debtor must show "something more" than mere possession. Id.

For example, in In re Global, the court specifically held that something more than mere possession of the property is required. Id. There, the court explained that "courts have routinely found that possession *accompanied by other interests in property* are protected by the automatic stay." Id.; Culver v. Boozer, 285 B.R. 163, 167 (Bankr. D. Md. 2002). The In re Global court, in a case wherein the debtor asserted a "possessory interest" in the property based on alleged lease, held that "the Debtor's use, possession, management, and development of the [subject property] *coupled with* the right to redeem and the right to excess proceeds provide sufficient and multiple interests in the Properties to constitute property of the estate." In re Global, 2009 Bankr. Lexis 1602 at *22. Thus, more than possession alone is required.

In a case that is almost factually identical to this action, New Jersey's District Court found that mere possession is insufficient for real property to be considered an estate asset. <u>Twin Rivers Lake Apts. Horizontal Prop. Regime, Inc. v. Wallner</u>, 2006 U.S. Dist. Lexis 48555 at *25-29 (D.N.J. 2006). There, the debtor's father owned a tract of real estate against which he had given a mortgage lien. <u>Id.</u> Upon the mortgage falling into default, the borrower moved out of the property and permitted the debtor-daughter to move in an occupy the property. <u>Id.</u> While the property was never conveyed or deeded to her, the daughter moved into the property. <u>Id.</u> After the debtor moved, the homeowners' association began pursuing monthly dues against the putative property owner, the debtor's father. <u>Id.</u> The creditor-HOA filed a foreclosure, which resulted in a final judgment dated June 2004. <u>Id.</u> As a nonowner, the daughter-debtor was omitted from the foreclosure action as she had no interest in the property. <u>Id.</u> In an effort to resolve the dispute and retain the home, the debtor-daughter entered into an agreement with the HOA in August 2004 whereby she agreed to pay the monthly dues. <u>Id.</u> If she defaulted thereon, the HOA would be permitted to proceed with its foreclosure and sheriff sale. <u>Id.</u>

The debtor-daughter eventually defaulted on the agreement and the HOA-creditor moved to schedule a sheriff sale. <u>Id.</u> On February 8, 2005, the debtor-daughter filed a chapter 13 bankruptcy petition. <u>Id.</u> Despite the petition, the creditor brought the property to sheriff sale on February 16, 2005. <u>Id.</u> The debtor moved to vacate the sale on the basis that the automatic stay prohibited it as a result of the debtor's mere possession of, and continual residence in, the property. On appeal, the United States District Court for the District of New Jersey found that the debtor had no interest in the property and therefore, no automatic stay took effect. <u>Id.</u> at 25.

Specifically, the court found that the debtor "does not have the requisite 'possessory interest' in the Property sufficient to invoke the automatic stay." <u>Id.</u> The court explained that

without a specific conveyance to the property or a valid leasehold, there was no possessory interest. Id. The court found it particularly important that the debtor in Wallner did not have a colorable interest in the property, aside from her mere possession thereof. Id. at 26 ("[t]hus, in the absence of a colorable legal interest in the Property, [the debtor] does not have a 'possessory interest' sufficient to invoke the automatic stay"). The court also found it important that the debtor had such little interest in the property that she was not a necessary party to the underlying foreclosure. Id. at 16.

This outcome makes sense in the scheme of case law on the issue. See also, In re St. Clair, 251 B.R. 660, 667 (D.N.J. 2000) (declining to impose the automatic stay after a sheriff sale divested the debtor of any interest in the property, aside from his mere possession thereof, and concluding that property of the estate encompasses property "only to the extent the trustee or debtor-in-possession good-faith, colorable claim to possession or control of the property"); Truong v. 325 Broadway Assocs. LLC, 557 B.R. 326 (Bankr. D.N.J. 2016); In re Turner, 326 B.R. 563 (E.D.Pa. 2005) (declining to impose the automatic stay against a squatter with no right to be in the property, confirming that just living there with no deed is not enough); In re Anderson, 2004 Bankr. Lexis 2359 (Bankr. D.S.C. 2004) (citing St. Clair and holding that the debtor occupants who were the subject of an eviction proceeding "should at the very least, demonstrate some good-faith colorable claim to or basis for possession" of the property to invoke the automatic stay); Culver, 285 B.R. at 167 (holding debtor's physical possession of the property, without more, is an insufficient interest to make property "property of the estate" for automatic stay purposes).

Simply put, and importantly here, mere presence on a tract of real property in and of itself, without a deed or some other legal basis for being on the property, is woefully insufficient

to impose the automatic stay. This is exactly the scenario in this action and the automatic stay does not apply.

Specifically, the real property at issue herein was originally conveyed to the instant Debtor, Gary D. Adams, along with Eileen Adams, on December 17, 2004. On June 19, 2008, Debtor and Ms. Adams conveyed the property to the Borrower/Mortgagor, John J. Tierney II by way of written deed, which deed was recorded in July 2008. *Thus, as of June 2008, Debtor specifically deeded away any interest he may have had in the property.* As such, as of June 2008, *Debtor had no interest in the subject property whatsoever.* The inquiry ends there, no automatic stay took effect in this action, and there is no basis to grant the instant motion.

Shortly after taking title to the property, Borrower/Mortgagor took out the $360,000 mortgage loan that Everbank foreclosed, which mortgage was recorded in June 2009. Shortly after entering into the mortgage transaction, the borrower passed away on or about August 14, 2009. Per the borrower's will, he left the property to Eileen Adams. The property was then conveyed by the estate to Eileen Adams by way of deed dated July 19, 2013 and recorded on August 29, 2013. See, French Cert., Ex. F. Pursuant to the terms of the deed, the property was conveyed to "Eileen Adams." Notably, the deed was made to *only* Eileen Adams and no one else.

This deed conveys no interest to the Debtor whatsoever. To the extent the Debtor argues that he somehow obtained some sort of spousal interest in the property by virtue of this deed, the argument fails. To create any spousal-related interest in New Jersey, the deed must include a specific "expression of an intent to do so." N.J.S.A. § 46:3-17.2; Capital Fin. Co. of De. Valley, Inc. v. Asterbadi, 389 N.J. Super. 219, 226 (Ch. Div. 2006); Cadgene v. Cadgene, 17 N.J. Misc. 332 (Sup. Ct. 1939). Thus, without an express intent to convey the property to the Debtor, he

takes no interest.  Therefore, the subject property is not, and has never been, property of the estate and cannot serve as a basis for an alleged stay violation; nor can it serve as a basis for any purported damages the Debtor alleges, as no such damages exist.

Moreover, to the extent the Debtor alleges that he should have been included in the foreclosure, that argument similarly lacks merit.  Specifically, the Debtor appears to argue that he was a necessary party to the foreclosure and so, the automatic stay must take effect.  As outlined above, however, the Debtor never had any interest in this property, much like the debtor in Wallner.  In fact, any interest the Debtor did have, he specifically deeded away.  Just like the debtor in Wallner, the Debtor herein was properly dismissed and omitted from the foreclosure.  Simply put, with no interest in the property, there was no reason to include Debtor in the foreclosure judgment and moreover, no automatic stay takes effect.

The Debtor also appears to argue that the entirety of the foreclosure proceeding was somehow improper for Everbank's purported lack of standing.  However, in a prior bankruptcy, Eileen Adams obtained limited relief from stay to litigate the purported standing issue.  See, French Cert., Ex. J, entry no. 29.  Ms. Adams then litigated the issue at length, which she brought to both New Jersey's Appellate Division and Supreme Court, each of which rejected the meritless standing argument and affirmed Everbank's foreclosure judgment.  See, Everbank v. Tierney, 2020 N.J. Super. Unpub. Lexis 1414 (App. Div. 2020), aff'd at 244 N.J. 315 (2020).  At this point, these deficient allegations are not only incorrect, but they are also barred by res judicata, the Rooker-Feldman doctrine, and New Jersey's Entire Controversy Doctrine.

Simply put, the Debtor is merely a squatter.  He has no interest in the property and to the extent he did, he specifically and voluntarily deeded that interest away fourteen years ago in June

2008 by his own accord.  He cannot now claim that he owns this property and that it should be included in the bankruptcy estate.

Here, Everbank is not moving to evict Debtor.  It is likely true that if Everbank took steps to evict or lock the Debtor out of the home, then there may be a colorable stay violation.  This is not what happened here, however.  This is not an eviction; this is merely a proceeding by Everbank against its borrower/mortgagor, Tierney to recover the collateral pledged for its mortgage loan.  Accordingly, the motion fails and must be denied.

## II.    EVEN IF DEBTOR HAS AN INTEREST IN THE PROPERTY, THE ALLEGED DRIVE-BY INSPECTIONS ARE NOT VIOLATIONS OF A BANKRUPTCY STAY

Even if the Debtor has an interest in the property sufficient for it to be estate property (he does not), the alleged activities of Everbank do not violate the stay.  To violate the stay, the creditor must take some type of action to commence, obtain, or enforce a judgment entered against a debtor.  Here, while his certification contains a significant amount of uncorroborated incendiary material, the sole allegation is that Everbank sent agents to conduct drive-by inspections of its collateral.

As a preliminary matter, however, there is no proof that the individuals Debtor alleges came to the property are in any way related to Everbank.  Moreover, Debtor has provided no information, documents, or other corroborating evidence to show that is the case.

Notwithstanding, to the extent Everbank's agents did conduct drive-by inspections of the property, that act is not a stay violation, as it does not advance any collection efforts.  In the foreclosure context, drive-by inspections are merely done with the borrower's consent to ensure the continual protection and maintenance of its collateral.  Notably, these efforts are necessary for Everbank to ensure that its collateral is in good repair.  Moreover, it is essential to confirm

that the property is not vacant/abandoned, as that would expose the lender to various code-violation issues, as well as certain tax foreclosure issues that could result in divestiture of Everbank's lien.

Finally, the mortgage instrument and other loan documents specifically permit Everbank to access and inspect its collateral.  The mortgage specifically provides as follows:

> 7.     Preservation, Maintenance and Protection of the Property; Inspections.  Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property for deteriorating or decreasing in value due to its condition.  Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage.  If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes.  Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed.  If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.
>     *Lender or its agent may make reasonable entries upon and inspections of the Property.*  If it has reasonable cause, Lender may inspect the interior of the improvements on the Property.  Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

See, French Cert., Ex. D (emphasis added).   Thus, the activity the Debtor alleges to have occurred is not only necessary, but it is specifically authorized.  Accordingly, no stay violation occurred in connection with this matter and the court should deny the motion.

## <u>CONCLUSION</u>

For the foregoing reasons, the court should deny Debtor's motion in its entirety with prejudice.

McCABE, WEISBERG, & CONWAY, LLC

James A. French, Esq.

Dated: February 24, 2022

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption Complies with D.N.J. LBR 9004-1(b)**
**McCABE, WEISBERG & CONWAY, LLC**
James A. French, Esq. (NJ ID: 134352014)
216 Haddon Avenue, Suite 201
Westmont, New Jersey 08108
Phone: (856) 858-7080
Email: JFrench@mwc-law.com
*Attorneys for Everbank*

IN THE MATTER OF:

GARY D. ADAMS,

                       Debtor.

Chapter 13

Case No.: 19-14488/ABA

Hearing Date: 03/01/2022, 10:00 a.m.

**ORDER**

       The relief set forth on the following pages, number two (2) through two (2) is hereby

**ORDERED**.

(Page 2)
Caption:  In the Matter of Gary D. Adams
Lead Case No.: 19-14488-ABA
Caption of Order:  ORDER DENYING MOTION TO ENFORCE AUTOMATIC STAY

**THIS MATTER** having been opened to the Court by Debtor, Gary D. Adams ("Debtor")

on a Motion to Enforce Automatic Stay and to Fix Damages for Willful Violation of Stay; and

on notice to all parties to this action; and the Court having reviewed the moving and responding

papers and the arguments of the parties; and for good cause shown;

**IT IS** on this ____day of _____, 2022:

**ORDERED** that Debtor's Motion to Enforce Automatic Stay and to Fix Damages for

Willful Violation of Stay shall be and hereby is **DENIED IN ITS ENTIRETY WITH**

**PREJUICE**; and it is

**FURTHER ORDERED** that counsel for Everbank shall serve a true and correct copy of

this Order upon all parties to this action within seven (7) days of its receipt hereof.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption Complies with D.N.J. LBR 9004-1(b)**
**McCABE, WEISBERG & CONWAY, LLC**
James A. French, Esq. (NJ ID: 134352014)
216 Haddon Avenue, Suite 201
Westmont, New Jersey 08108
Phone: (856) 858-7080
Email: JFrench@mwc-law.com
*Attorneys for Everbank*

IN THE MATTER OF:

GARY D. ADAMS,

                 Debtor.

Chapter 13

Case No.: 19-14488/ABA

Hearing Date: 03/01/2022, 10:00 a.m.

**CERTIFICATION OF SERVICE**

1.     I, <u>Christina Burns</u>:

      ☐ represent the _____ in the above-captioned matter.

      ☒ am the secretary/paralegal for <u>James French, Esq.</u>, who represents the <u>Everbank</u> in the above captioned matter.

      ☐ am the _____ in the above case and am representing myself.

2.     On <u>February 24, 2022</u>, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below:

         • Everbank's Opposition to Debtor's Motion to Enforce Automatic Stay and to Fix Damages for Willful Violation of Stay.

3.     I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated:     <u>February 24, 2022</u>

<u>/s/ Christina Burns</u>
Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| David A. Kasen, Esq.<br>Kasen and Kasen, P.C.<br>1874 East Marlton Pike, Suite 3<br>Cherry Hill, New Jersey 08003 | Counsel for Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Denise Carlon, Esq.<br>KML Law Group, P.C.<br>710 Market Street, Suite 5000<br>Philadelphia, Pennsylvania 19106 | Counsel for Creditor, Nationstar Mortgage, LLC, d/b/a Mr. Cooper. | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Isabel C. Balboa, Esq.<br>Chapter 13 Standing Trustee<br>Cherry Tree Corporate Center<br>535 Route 38, Suite 580<br>Cherry Hill, New Jersey 08002 | Chapter 13 Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption Complies with D.N.J. LBR 9004-1(b)**
**McCABE, WEISBERG & CONWAY, LLC**
James A. French, Esq. (NJ ID: 134352014)
216 Haddon Avenue, Suite 201
Westmont, New Jersey 08108
Phone: (856) 858-7080
Email: JFrench@mwc-law.com
*Attorneys for Everbank*

| | |
|---|---|
| IN THE MATTER OF: | Chapter 13 |
| GARY D. ADAMS, | Case No.: 19-14488/ABA |
| Debtor. | Hearing Date: 03/01/2022, 10:00 a.m. |
| | **CERTIFICATION OF**<br>**JAMES A. FRENCH, ESQ.** |

I, James A. French, Esq., of full age, hereby certify as follows:

1.      I am an attorney licensed to practice law in the State of New Jersey and an associate with McCabe, Weisberg, & Conway, LLC, attorneys for Everbank in the above-captioned action.  As such, I have personal knowledge of the facts set forth herein.

2.      I make this certification in opposition to the Motion to Enforce Automatic Stay and to Fix Damages for Willful Violation of Stay filed by Debtor, Gary D. Adams ("Debtor").

3.      By way of background, the real property located at 32 Timberline Drive, Voorhees, New Jersey 08043 (the "Property") was initially conveyed to Eileen Adams and Debtor, Gary D. Adams (individually, "Debtor") on December 17, 2004 by way of written deed, which deed was recorded in the Office of the Clerk of Camden County on January 11, 2005 in Book 7700, Page 1487.  A true and correct copy of the recorded deed is attached hereto as **Exhibit A**.

4.      On June 19, 2008, Gary D. Adams and Eileen Adams conveyed the property to Borrower, John J. Tierney II ("Borrower") by way of written deed, which deed was recorded in the Office of the Clerk of Camden County on July 3, 2008 in Book 8863, Page 161.  A true and correct copy of the recorded deed is attached hereto as **Exhibit B**.

5.      On May 4, 2009, Borrower executed and delivered a note to Everbank's predecessor-in-interest, AmTrust Bank, in the original amount of $360,000.00.  A true and correct copy of the note is attached hereto as **Exhibit C**.

6.      To secure the note's repayment, also on May 4, 2009, Borrower executed and delivered a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as Nominee for AmTrust Bank against the above-referenced real property, which mortgage was recorded in the Office of the Clerk of Camden County on June 9, 2009 in Book 9041, Page 1372.  A true and correct copy of the recorded mortgage is attached hereto as **Exhibit D**.

7.      On November 21, 2013, MERS assigned the mortgage to Everbank by way of written assignment of mortgage, which assignment was recorded in the Office of the Clerk of Camden County on December 12, 2013 in Book 9932, Page 1501.  A true and correct copy of the recorded assignment is attached hereto as **Exhibit E**.

8.      On or about August 14, 2009, Borrower passed away and pursuant to the Borrower's will, the resulting estate deeded the property to Eileen Adams on July 19, 2013 by way of written deed in exchange for $1.00, which deed was recorded in the Office of the Clerk of Camden County on August 29, 2013 in Book 9873, Page 1338.  True and correct copies of the recorded deed and Borrower's will are attached hereto as **Exhibit F**.

9.      Beginning on or before August 1, 2013, the mortgage loan fell in default, the default went uncured and as a result, Everbank filed its mortgage foreclosure complaint in the

Superior Court of New Jersey, Chancery Division, Camden County on August 26, 2014. A true and correct copy of Everbank's complaint is attached hereto as **Exhibit G**.

10.     Eileen Adams was included as a party-defendant in the foreclosure action as the successor-owner of the property.

11.     Plaintiff filed its final judgment motion in February 2017, which motion the court granted on March 21, 2017 at 10:33 am, final judgment was entered for Everbank, and a writ of execution was issued directing the sale of the property. True and correct copies of the court's final judgment order and writ of execution are attached hereto as **Exhibit H**.

12.     On March 21, 2017 at 10:49 am, Eileen Adams, along with the debtor in the instant action Gary D. Adams, filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the District of New Jersey, which bankruptcy was dismissed in or around September 2017. A true and correct copy of the corresponding bankruptcy court docket is attached hereto as **Exhibit I**.

13.     On January 9, 2018, Eileen Adams filed a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court for the District of New Jersey, which bankruptcy the debtor dismissed in or around January 2019. A true and correct copy of the corresponding bankruptcy court docket is attached hereto as **Exhibit J**.

14.     On or about March 5, 2019, Debtor filed the instant Chapter 13 Bankruptcy Petition, which petition listed the above-referenced property as property to which Debtor holds a possessory interest.

15.     On December 29, 2021, Debtor filed the instant motion to enforce the automatic stay and to fix damages for purported wilful violations of 11 U.S.C. § 362.

I hereby certify that the foregoing statements made by me are true and correct to the best of my knowledge.   I am aware that if any of the foregoing statements made by me are intentionally false, I am subject to punishment.

**McCABE, WEISBERG, & CONWAY, LLC**

James A. French, Esq.

Dated: February 24, 2022

# EXHIBIT A

*Record 1st*

BARGAIN AND SALE (Covenants as to Grantor's Acts)

Prepared by:

*Brian G. Fulgini*
BRIAN G. FULGINITI, ESQUIRE

## _DEED_

This Deed is made on ___Dec 17___, 2004

**BETWEEN**

V. Hall a/k/a Victoria Hall

whose address is: 32 Timberline Drive, Voorhees, NJ 08043

```
CAMDEN COUNTY, NJ
JAMES BEACH, COUNTY CLERK
DEED-OR BOOK 07700 PG 1487
RECORDED 01/11/2005 11:16:06
FILE NUMBER 2005004374
RCPT#: 193135; RECD BY: barbarak
RECORDING FEES 60.00
MARGINAL NOTATION 0.00
TOTAL TAX 1,722.80
```

referred to as the Grantor.

**AND**

Gary Adams and Eileen Adams

whose address is about to be:     32 Timberline Drive, Voorhees, NJ 08043

referred to as the Grantee.

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

*TRANSFER OF TITLE.*     The grantor does hereby grant and convey the property described below to the Grantee.

*CONSIDERATION.*   This transfer of ownership is made for the sum and consideration of THREE HUNDRED THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND 00/100 ($300,750.00). The Grantor acknowledges receipt of this money.

*TAX MAP REFERENCE.*    (N.J.S.A. 46:15-1.1) The property located in the Municipality of Municipality of Voorhees Township, Block No. 206.04 Lot No. 2 and the street address of the property being known as 32 Timberline Drive, Voorhees, NJ 08043.

☐ No property tax identification number is available on the date of this Deed. (Check box if applicable)

*PROPERTY DESCRIPTION.*     The property consists of all the land, buildings, structures and improvements contained on the property, and is located in the Township of Voorhees, County of Camden and State of New Jersey, and is described as follows:

BEGINNING at a point in the Southwesterly line of Timberline Drive (50 feet wide) at the Northwesterly end of a curve having a radius of 20 feet and connecting the said Southwesterly line of Timberline Drive with the Northwesterly line of Morningside Lane (50 feet wide); thence

1.  North 65 degrees 00 minutes 00 seconds Westwardly along the Southwesterly line of Timberline Drive, 70 feet to a point in the line of other lands of subdivision; thence

2.  South 29 degrees 03 minutes 12 seconds Westwardly along said line, 207.73 feet to a point in the division line between Lots 2 and 3, Block 206.04 as shown on Plan hereinafter mentioned; thence

3.  South 81 degrees 03 minutes 08 seconds Eastwardly along said division line between Lots 2 and 3 said Block and Plan, 139.48 feet to a point in the curved Northwesterly line of Morningside Lane; thence

4.  Northeastwardly along the curved Northwesterly line of Morningside Lane, curving to the right, a radius of 200 feet an arc distance of 56.03 feet to a point of tangency; thence

5.  North 25 degrees 00 minutes 00 seconds Eastwardly along the Northwesterly line of Morningside Lane, 92.58 feet to a point of curve; thence

6.  Northwestwardly along a curve, curving to the left, a radius of 20 feet an arc distance of 31.42 feet to the point and place of beginning.

BEING Lot 2 in Block 206.04 on Final Plan of Lots, Section 20, Alluvium, filed June 8, 1984, File #690, Map 4.

BEING KNOWN as Lot 2, Block 206.04 on the Official Tax Map.

*DEED*
*BK 7700 - 1487*
*Rec. 1/11/05*

Book7700/Page1487

GIT/REP-3
(9-04)



**State of New Jersey**
**SELLER'S RESIDENCY CERTIFICATION/EXEMPTION**
(C.55, P.L. 2004)

(Please Print or Type)

**SELLER(S) INFORMATION (If Multiple Sellers, Each Seller Must Complete a Certification)**
Name(s)

Victoria Hall

Current Resident Address:

Street: P. O. Box 267
City, Town, Post Office

Vorhees                    State NJ        Zip Code 08043

**PROPERTY INFORMATION (Brief Property Description)**

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| 206.04 | 2 | N/A |

Street Address:

32 Timberline Drive

City, Town, Post Office

| | State | Zip Code |
|---|---|---|
| Voorhees | NJ | 08043 |

| Seller's Percentage of Ownership | Consideration | Closing Date |
|---|---|---|
| 100% | $300,750.00 | 12/17/2004 |

**SELLER ASSURANCES (Check the Appropriate Box)**

1. ☐ I am a resident taxpayer of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. ☒ The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. ☐ I am a mortgagor conveying the mortgaged property to a mortgagee In foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. ☐ Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. ☐ Seller is not Individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A.54A:1-1 et seq.

6. ☐ The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A.54:5-1-1 et seq.

7. ☐ The gain from the sale will not be recognized for Federal Income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot. (CIRCLE THE APPLICABLE SECTION). If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey Income tax return for the year of the sale.

**SELLER'S DECLARATION**

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete.

12/17/04
Date

Signature
(Seller) Please indicate if Power of Attorney or Attorney in Fact

Date

Signature
(Seller) Please indicate if Power of Attorney or Attorney in Fact

Book7700/Page1488

**BEING THE SAME LAND AND PREMISES** which became vested in V. Hall by Deed from Anthony F. Incollingo and Marie C. Incollingo dated October 28, 1998 and recorded November 18, 1998 in Deed Book 4983, Page 396.

*PROMISES BY GRANTOR.* The Grantor promises and warrants that Grantor, by acts of the Grantor, has not encumbered the property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal right which would affect the property being transferred (such as a mortgage or entering a judgment against the Grantor).

*SIGNATURES.* The Grantor signs this Deed as of date first above written. (Print name below each signature)

V. Hall a/k/a Victoria Hall

Witnessed by:

STATE OF NEW JERSEY
                                    SS:
COUNTY OF _C a rh d_ :

I CERTIFY that on Dtc 17 , 2004, V. Hall a/k/a Victoria Hall, personally came before me and acknowledged under oath, to my satisfaction, that this person (or if more than one, each person):
(a)  is named in and personally signed this Deed.
(b)  signed, sealed and delivered this Deed as his/her act and deed; and
(c)  the full and actual consideration paid or to be paid for the transfer of title as defined by N.J.S.A.46:15-5, is $300,750.00.

(Print name and title below signature)

KIMBERLY A. BROCK
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires June 24, 2007

| DEED | DATED: |
|------|--------|
| *V. Hall a/k/a Victoria Hall* | *Record and return to:* |
| *Grantor,* | |
| TO | |
| *Gary Adams and Eileen Adams* | |
| *Grantee* | |

# EXHIBIT B

Record & Return To:
FOUNDATION TITLE, LLC
13000 Lincoln Drive West
Suite 201
Marlton, NJ 08053
(856) 834-2600

# *Deed*

This Deed is made on    JUNE   19    , 2008
BETWEEN    GARY D. ADAMS and EILEEN ADAMS

whose post office address is    32 Timberline Drive, Voorhees, NJ 08043

referred to as the Grantor,
AND    JOHN J. TIERNEY,II

whose post office address will be    32 Timberline Drive, Voorhees, NJ 08043
referred to as the Grantee.

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

Transfer of Ownership. The Grantor grants and conveys (transfers ownership of) the
property (called the "Property") described below to the Grantee. This transfer is made for
the sum of $280,000.00

The Grantor acknowledges receipt of this money.

1.  Tax Map Reference. (N.J.S.A. 46:15-1.1)

Block No. 206.04  Lot No.   2     Qualifier No.          Account No.

☐  No lot and block or account number is available on the date of this Deed. (Check box if applicable.)

2.  Property. The Property consists of the land and all the buildings and structures on the land
in the Township of Voorhees , County of    Camden      and State of New Jersey.
The Legal Description is:

☒  Please see attached Legal Description annexed hereto and made a part hereof. (check box if applicable)

BEING the same land and premises which became vested in Gary D.
Adams and Eileen Adams, by Deed from V. Hall, also known as Victoria Hall,
dated December 17, 2004, recorded January 11, 2005 in the Camden County
Clerk's/Register's Office in Deed Book 7700, Page 1487.

CAMDEN COUNTY, NJ
JAMES BEACH, COUNTY CLERK
DEED-OR BOOK 08863 PG 0161
RECORDED 07/03/2008 10:16:49
FILE NUMBER 2008353111
RCPT#: 668988; RECD BY: unnal
RECORDING FEES 70.00
MARGINAL NOTATION 0.00
TOTAL TAX 1,599.00

Prepared by (print signer's name below signature)
STEVEN M. GARBER, ESQUIRE
Deed-Bargain and Sale
Cov. To Grantor's Act- Ind. to Ind. or Corp.

DEED
BK 8863 - 161
Rec 7/3/08

# STEWART TITLE GUARANTY COMPANY

File Number 

## SCHEDULE C
### LEGAL DESCRIPTION

ALL that certain tract or parcel of land, situated, lying and being in the Township of Voorhees, County of Camden, State of New Jersey, more particularly described as follows:

BEGINNING at a point in the Southwesterly line of Timberline Drive (50 feet wide) at the Northwesterly end of a curve having a radius of 20 feet and connecting the said Southwesterly line of Timberline Drive with the Northwesterly line of Morningside Lane (50 feet wide); thence

(1)    North 65 degrees 00 minutes 00 seconds Westwardly along the Southwesterly line of Timberline Drive, 70 feet to a point in the line of other lands of subdivision; thence

(2)    South 29 degrees 03 minutes 12 seconds Westwardly along said line, 207.73 feet to a point in the division line between Lots 2 and 3, Block 206.04 as shown on Plan hereinafter mentioned; thence

(3)    South 81 degrees 03 minutes 08 seconds Eastwardly along said division line between Lots 2 and 3 said Block and Plan, 139.48 feet to a point in the curved Northwesterly line of Morningside Lane; thence

(4)    Northeastwardly along the curved Northwesterly line of Morningside Lane, curving to the right, a radius of 200 feet an arc distance of 56.03 feet to a point of tangency; thence

(5)    North 25 degrees 00 minutes 00 seconds Eastwardly along the Northwesterly line of Morningside Lane, 92.58 feet to a point of curve; thence

(6)    Northwestwardly along a curve, curving to the left, a radius of 20 feet an arc distance of 31.42 feet to the point and place of BEGINNING.

BEING Lot 2 in Block 206.04 on Final Plan of Lots, Section 20, Alluvium, filed June 8, 1984 File 690, Map 4.

NOTE: Being Lot(s) 2, Block: 206.04; Tax Map of the Township of Voorhees, County of Camden, State of New Jersey.

NOTE FOR INFORMATION ONLY: Mailing Address is 32 Timberline Dr , Voorhees , NJ  08043-3436

NOTE: Lot and Block shown for informational purposes only.

New Jersey Land Title
Insurance Rating Bureau



NJRB 3-07
Effective 2/15/2007

GIT/REP-3
(12-07)

**State of New Jersey**
**SELLER'S RESIDENCY CERTIFICATION/EXEMPTION**
(C.55, P.L. 2004)

(Please Print or Type)

## SELLER(S) INFORMATION (See Instructions, Page 2)

Name(s)
Gary D. Adams and Eileen Adams

Current Resident Address:
Street:  PO BOX 2

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| VOORHEES | NJ | 08043 |

## PROPERTY INFORMATION (Brief Property Description)

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| 206.04 | 2 | |

Street Address:
32 Timberline Dr

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Voorhees | NJ | 08043-3436 |

| Seller's Percentage of Ownership | Consideration | Closing Date |
|---|---|---|
| 100% | $$280,000.00 | 6/19/08 |

## SELLER(S) ASSURANCES (Check the Appropriate Box)

1. ☐ I am a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this

2. ☒ The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. ☐ I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. ☐ Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. ☐ Seller is not individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A.54A:1-1 et seq.

6. ☐ The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-1-1 et seq.

7. ☐ The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot. (CIRCLE THE APPLICABLE SECTION). If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale.

☐ No non-like kind property received.

8. ☐ Transfer by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this state.

## SELLER(S) DECLARATION

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete.

| 6/19/08 | ✓ | Gary D. Adams and Eileen Adams Signature |
|---|---|---|
| Date | | Signature (Seller) Please indicate if Power of Attorney or Attorney in Fact |

| 6/19/08 | ✓ | Eileen Adams |
|---|---|---|
| Date | | Signature |
| | | Signature (Seller) Please indicate if Power of Attorney or Attorney in Fact |

The street address of the property is:   32 Timberline Drive, Voorhees, NJ 08043

3.  **Promises by Grantor.** The Grantor promises that the Grantor has done no act to encumber
the Property. This promise is called a "Covenant as to grantor's acts" (N.J.S.A. 46:4-6). This
promise means that the Grantor has not allowed anyone else to obtain any legal rights which
affect the property (such as by making a mortgage or allowing a judgment to be entered
against the Grantor).

4.  **Signatures.** The Grantor signs this Deed as of the date at the top of the first page (Print
name below each signature).

Witnessed by:

_____    _____ (Seal)
                           GARY D. ADAMS

_____    _____ (Seal)
                           EILEEN ADAMS

_____    _____ (Seal)

STATE OF New Jersey, COUNTY OF *BURLINGTON*    SS:
I CERTIFY that on   *JUNE 19*   , 2008

  Gary D. Adams and Eileen Adams

personally came before me and stated to my satisfaction that this person (or if more than one,
each person):
(a) was the maker of the attached Deed;
(b) executed this Deed as his or her own act; and,
(c) made this Deed for $ 280,000.00   as the full and actual consideration paid
    or to be paid for the transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5.); and
(d) executed this Deed as the act of the entity.

RECORD AND RETURN TO:

_____

_____
(Print name and title below signature)
          NANCY DEBROSSE
        NANCY DEBROSSE
  NOTARY PUBLIC OF NEW JERSEY
  My Commission Expires June 28, 2010
                    6/28/2010

# EXHIBIT C

SWC-F-035591-14   02/22/2017 9:02:54 AM   Pg 1 of 4   Trans ID: CHC2017159493

*Certified True Copy*

# NOTE

# (For Electronic Signature)

 MIN

May 04, 2009

[Date]

Marlton , NJ

[City] , [State]

32 Timberline Dr
Voorhees , NJ 08043

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $360,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is AmTrust Bank . I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 5.500% .

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on July 01, 2009 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on June 01, 2039 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at P.O Box 790376 , St. Louis , MO 631790376 or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $2,044.04 .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of <u>Fifteen</u> calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be <u>5.000%</u> of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

SWC-F-035591-14   02/22/2017 9:02:54 AM   Pg 3 of 4   Trans ID: CHC2017159493

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

## 11. ISSUANCE OF TRANSFERABLE RECORD; IDENTIFICATION OF NOTE HOLDER; CONVERSION FROM ELECTRONIC NOTE TO PAPER-BASED NOTE

(A) I expressly state that I have signed this electronically created Note (the "Electronic Note") using an Electronic Signature. By doing this, I am indicating that I agree to the terms of this Electronic Note. I also agree that this Electronic Note may be Authenticated, Stored and Transmitted by Electronic Means (as defined in Section 11(F)), and will be valid for all legal purposes, as set forth in the Uniform Electronic Transactions Act, as enacted in the jurisdiction where the Property is located ("UETA"), the Electronic Signatures in Global and National Commerce Act ("E-SIGN"), or both, as applicable. In addition, I agree that this Electronic Note will be an effective, enforceable and valid Transferable Record (as defined in Section 11(F)) and may be created, authenticated, stored, transmitted and transferred in a manner consistent with and permitted by the Transferable Records sections of UETA or ESIGN.

(B) Except as indicated in Sections 11 (D) and (E) below, the identity of the Note Holder and any person to whom this Electronic Note is later transferred will be recorded in a registry maintained by MERSCORP, Inc., a Delaware corporation or in another registry to which the records are later transferred (the "Note Holder Registry"). The authoritative copy of this Electronic Note will be the copy identified by the Note Holder after loan closing but prior to registration in the Note Holder Registry. If this Electronic Note has been registered in the Note Holder Registry, then the authoritative copy will be the copy identified by the Note Holder of record in the Note Holder Registry or the Loan Servicer (as defined in the Security Instrument) acting at the direction of the Note Holder, as the authoritative copy. The current identity of the Note Holder and the location of the authoritative copy, as reflected in the Note Holder Registry, will be available from the Note Holder or Loan Servicer, as applicable. The only copy of this Electronic Note that is the authoritative copy is the copy that is within the control of the person identified as the Note Holder in the Note Holder Registry (or that person's designee). No other copy of this Electronic Note may be the authoritative copy.

(C) If Section 11 (B) fails to identify a Note Holder Registry, the Note Holder (which includes any person to whom this Electronic Note is later transferred) will be established by, and identified in accordance with, the systems and processes of the electronic storage system on which this Electronic Note is stored.

(D) I expressly agree that the Note Holder and any person to whom this Electronic Note is later transferred shall have the right to convert this Electronic Note at any time into a paper-based Note (the "Paper-Based Note"). In the event this Electronic Note is converted into a Paper-Based Note, I further expressly agree that: (i) the Paper-Based Note will be an effective, enforceable and valid negotiable instrument governed by the applicable provisions of the Uniform Commercial Code in effect in the jurisdiction where the Property is located; (ii) my signing of this Electronic Note will be deemed issuance and delivery of the Paper-Based Note; (iii) I intend that the printing of the representation of my Electronic Signature upon the Paper-Based Note from the system in which the Electronic Note is stored will be my original signature on the Paper-Based Note and will serve to indicate my present intention to authenticate the Paper-Based Note; (iv) the Paper-Based Note will be a valid original writing for all legal purposes; and (v) upon conversion to a Paper-Based Note, my obligations in the Electronic Note shall automatically transfer to and be contained in the Paper-Based Note, and I intend to be bound by such obligations.

SWC-F-035591-14    02/22/2017 9:02:54 AM   Pg 4 of 4   Trans ID: CHC2017159493

(E) Any conversion of this Electronic Note to a Paper-Based Note will be made using processes and methods that ensure that: (i) the information and signatures on the face of the Paper-Based Note are a complete and accurate reproduction of those reflected on the face of this Electronic Note (whether originally handwritten or manifested in other symbolic form); (ii) the Note Holder of this Electronic Note at the time of such conversion has maintained control and possession of the Paper-Based Note; (iii) this Electronic Note can no longer be transferred to a new Note Holder; and (iv) the Note Holder Registry (as defined above), or any system or process identified in Section 11 (C) above, shows that this Electronic Note has been converted to a Paper-Based Note, and delivered to the then-current Note Holder.

(F) The following terms and phrases are defined as follows: (i) "Authenticated, Stored and Transmitted by Electronic Means" means that this Electronic Note will be identified as the Note that I signed, saved, and sent using electrical, digital, wireless, or similar technology; (ii) "Electronic Record" means a record created, generated, sent, communicated, received, or stored by electronic means; (iii) "Electronic Signature" means an electronic symbol or process attached to or logically associated with a record and executed or adopted by a person with the intent to sign a record; (iv) "Record" means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form; and (v) "Transferable Record" means an electronic record that: (a) would be a note under Article 3 of the Uniform Commercial Code if the electronic record were in writing and (b) I, as the Issuer, have agreed is a Transferable Record.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

*Electronically signed by John J Tierney II on 5/4/2009 1:28:16 PM ET*

[Sign Original Only]

Multistate Fixed Rate eNote -- Single Family -- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3200e 5/05

# EXHIBIT D

SWC-F-035591-14   02/22/2017 9:02:53 AM   Pg 2 of 17   Trans ID: CHC2017159493

After recording please return to:
AmTrust Bank Final Documents
Department
[Name]

RETURN NUMBER ~77084

[Attention]
111 Chester Ave, Suite 200, Mail Code:
DH98-0201
[Street Address]
Cleveland, Ohio  44114-3516
[City, State  Zip Code]

Prepared by:

[Signature of Natural Person]

[Name of Natural Person]

5233 W. Woodmill Drive Suite 46
[Street Address]

Wilmington, DE  19808
[City, State Zip Code]

302-892-2811
[Telephone No.]

Record & Return To:
FOUNDATION TITLE, LLC
13000 Lincoln Drive West
Suite 201
Marlton, NJ 08053

CAMDEN COUNTY NJ
CAMDEN COUNTY CLERK'S OFFICE
MTG-DR BOOK 09041 PG 1372
RECORDED 06/09/2009 10:39:05
FILE NUMBER 2009039557
RCPT #: 777768; RECD BY: barbarak
RECORDING FEES 180.00
MARGINAL NOTATION 0.00

————[Space Above This Line For Recording Data]————

MIN:
Loan Number

# MORTGAGE

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21.  Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)    "Security Instrument" means this document, which is dated May 4, 2009, together with all Riders to this document.

(B)    "Borrower" is JOHN J TIERNEY II.  Borrower is the mortgagor under this Security Instrument.

(C)    "MERS" is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the mortgagee under

New Jersey Mortgage-Single Family-Fannie Mae/Freddie Mac Uniform Instrument                              Form 3031 1/01
MERS Modified                                                                                                                      0
The Compliance Source, Inc.                                    Page 1 of 14  Modified by Compliance Source 14301NJ 11/05 Rev. 01/09
www.compliancesource.com                                                                          ©2005, The Compliance Source, Inc.

this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D)     "Lender" is AmTrust Bank. Lender is a Federal Savings Bank organized and existing under the laws of The United States of America. Lender's address is 1801 East Ninth Street Suite 200, Cleveland, OH 44114. Lender is the beneficiary under this Security Instrument.

(E)     "Note" means the promissory note signed by Borrower and dated May 4, 2009. The Note states that Borrower owes Lender Three Hundred Sixty Thousand and 00/100ths Dollars (U.S. $360,000.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than June 1, 2039.

(F)     "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(G)     "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H)     "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ Biweekly Payment Rider |
| ☐ 1-4 Family Rider | ☐ Revocable Trust Rider | |

☒ Other(s) [specify] Security Instrument Rider (For Security Instrument Securing Electronic Note)

(I)     "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J)     "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K)     "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L)     "Escrow Items" means those items that are described in Section 3.

(M)     "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N)    "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O)    "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P)    "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter.  As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q)    "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender:  (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For these purposes, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in the

| County | of | Camden |
| [Type of Recording Jurisdiction] | | [Name of Recording Jurisdiction] |

SEE ATTACHED LEGAL DESCRIPTION

which currently has the address of 32 Timberline Dr

[Street]

| Voorhees | , New Jersey  08043 | ("Property Address"): |
| [City] | [Zip Code] | |

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

New Jersey Mortgage-Single Family-Fannie Mae/Freddie Mac Uniform Instrument                    Form 3031 1/01
MERS Modified
The Compliance Source, Inc.                    Page 3 of 14  Modified by Compliance Source 14301NJ 11/05 Rev. 01/09
www.compliancesource.com                    ©2005, The Compliance Source, Inc.

SWC-F-035591-14   02/22/2017 9:02:53 AM   Pg 5 of 17   Trans ID: CHC2017159493

# STEWART TITLE GUARANTY COMPANY

File Number: 

### SCHEDULE C
### LEGAL DESCRIPTION

ALL that certain tract or parcel of land, situated, lying and being in the Township of Voorhees, County of Camden, State of New Jersey, more particularly described as follows:

BEGINNING at a point in the Southwesterly line of Timberline Drive (50 feet wide) at the Northwesterly end of a curve having a radius of 20 feet and connecting the said Southwesterly line of Timberline Drive with the Northwesterly line of Morningside Lane (50 feet wide); thence

(1)      North 65 degrees 00 minutes 00 seconds Westwardly along the Southwesterly line of Timberline Drive, 70 feet to a point in the line of other lands of subdivision; thence

(2)      South 29 degrees 03 minutes 12 seconds Westwardly along said line, 207.73 feet to a point in the division line between Lots 2 and 3, Block 206.04 as shown on Plan hereinafter mentioned; thence

(3)      South 81 degrees 03 minutes 08 seconds Eastwardly along said division line between Lots 2 and 3 said Block and Plan, 139.48 feet to a point in the curved Northwesterly line of Morningside Lane; thence

(4)      Northeastwardly along the curved Northwesterly line of Morningside Lane, curving to the right, a radius of 200 feet an arc distance of 56.03 feet to a point of tangency; thence

(5)      North 25 degrees 00 minutes 00 seconds Eastwardly along the Northwesterly line of Morningside Lane, 92.58 feet to a point of curve; thence

(6)      Northwestwardly along a curve, curving to the left, a radius of 20 feet an arc distance of 31.42 feet to the point and place of BEGINNING.

BEING Lot 2 in Block 206.04 on Final Plan of Lots, Section 20, Alluvium, filed June 8, 1984 File 690, Map 4.

NOTE: Being Lot(s) 2, Block: 206.04; Tax Map of the Township of Voorhees, County of Camden, State of New Jersey.

NOTE FOR INFORMATION ONLY: Mailing Address is 32 Timberline Dr , Voorhees , NJ  08043-3436

NOTE: Lot and Block shown for informational purposes only.



SWC-F-035591-14    02/22/2017 9:02:53 AM    Pg 6 of 17    Trans ID: CHC2017159493

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future. If Lender accepts such payments, it shall apply such payments at the time such payments are accepted. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be

New Jersey Mortgage-Single Family-Fannie Mae/Freddie Mac Uniform Instrument    Form 3031 1/01
MERS Modified
The Compliance Source, Inc.    Page 4 of 14  Modified by Compliance Source 14301NJ 11/05 Rev. 01/09
www.compliancesource.com    ©2005, The Compliance Source, Inc.

escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4.   Charges; Liens.   Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security

New Jersey Mortgage-Single Family-Fannie Mae/Freddie Mac Uniform Instrument                          Form 3031 1/01
MERS Modified
The Compliance Source, Inc.                          Page 5 of 14   Modified by Compliance Source 14301NJ 11/05 Rev. 01/09
www.compliancesource.com                          ©2005, The Compliance Source, Inc.

Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5.    **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically

SWC-F-035591-14  02/22/2017 9:02:53 AM  Pg 9 of 17  Trans ID: CHC2017159493

feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6.  **Occupancy.**  Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7.  **Preservation, Maintenance and Protection of the Property; Inspections.**  Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8.  **Borrower's Loan Application.**  Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9.  **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the

New Jersey Mortgage-Single Family-Fannie Mae/Freddie Mac Uniform Instrument                Form 3031 1/01
MERS Modified
The Compliance Source, Inc.                                    Page 7 of 14  Modified by Compliance Source 14301NJ 11/05 Rev. 01/09
www.compliancesource.com                                              ©2005, The Compliance S

Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. **Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

SWC-F-035591-14    02/22/2017 9:02:53 AM    Pg 11 of 17    Trans ID: CHC2017159493

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has – if any – with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.  "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a

New Jersey Mortgage-Single Family-Fannie Mae/Freddie Mac Uniform Instrument                          Form 3031 1/01
MERS Modified
The Compliance Source, Inc.                          Page 9 of 14  Modified by Compliance Source 14301NJ 11/05 Rev. 01/09
www.compliancesource.com                          ©2005, The Compliance Source, Inc.

ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12.  **Borrower Not Released; Forbearance By Lender Not a Waiver.**  Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower.  Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower.  Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13.  **Joint and Several Liability; Co-signers; Successors and Assigns Bound.**  Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several.  However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"):  (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument.  Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing.  The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14.  **Loan Charges.**  Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees.  In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee.  Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower.  Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower.  If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note).  Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15.  **Notices.**  All notices given by Borrower or Lender in connection with this Security Instrument must be in writing.  Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.  Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable

New Jersey Mortgage-Single Family-Fannie Mae/Freddie Mac Uniform Instrument                                  Form 3031 1/01
MERS Modified
The Compliance Source, Inc.                                    Page 10 of 14 Modified by Compliance Source 14301NJ 11/05 Rev. 01/09
www.compliancesource.com                                                                        ©2005, The Compliance Source, Inc.

Law expressly requires otherwise.  The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender.  Borrower shall promptly notify Lender of Borrower's change of address.  If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure.  There may be only one designated notice address under this Security Instrument at any one time.  Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender.  If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16.  **Governing Law; Severability; Rules of Construction.**  This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located.  All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law.  Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract.  In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument:  (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17.  **Borrower's Copy.**  Borrower shall be given one copy of the Note and of this Security Instrument.

18.  **Transfer of the Property or a Beneficial Interest in Borrower.**  As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.  However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19.  **Borrower's Right to Reinstate After Acceleration.**  If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of:  (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument.  Those conditions are that Borrower:  (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged.  Lender may require that Borrower pay

such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. **Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any

Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property; (e) the Borrower's right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure; and (f) any other disclosure required under the Fair Foreclosure Act, codified at §§ 2A:50-53 et seq. of the New Jersey Statutes, or other Applicable Law. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, attorneys' fees and costs of title evidence permitted by Rules of Court.

23. Release. Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. No Claim of Credit for Taxes. Borrower will not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments or charges. Borrower will not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

The following signature(s) and acknowledgment(s) are incorporated into and made a part of this New Jersey Mortgage dated May 4, 2009 between JOHN J TIERNEY II, and AmTrust Bank.

Loan Number: ▓▓▓▓▓▓

# SECURITY INSTRUMENT RIDER
## (For Security Instrument Securing Electronic Note)

MIN: ▓▓▓▓▓▓

THIS SECURITY INSTRUMENT RIDER is made this 4th day of **May, 2009**, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note ("Electronic Note") to **AmTrust Bank** ("Lender") of the same date and covering the Property described in the Security Instrument and located at:

**32 Timberline Dr, Voorhees, NJ 08043**
[Property Address]

**COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower further covenants to Lender and agrees with Lender as follows:

**A. Electronic Signing of the Electronic Note.** Borrower electronically signed the Electronic Note using an Electronic Signature with the understanding that by doing so Borrower has promised and agreed to pay the debt evidenced by the Electronic Note, plus interest, in accordance with the terms of the Electronic Note. This covenant A does not apply to any Borrower who, with the Lender's express consent, does not electronically sign the Electronic Note, but does sign the Security Instrument.

**B. Additional Definitions.** The words "Electronic Note" and "Electronic Signature" shall have the respective meanings given to those words in the Electronic Note. Other words capitalized in this Rider, but not defined in this Rider, shall have the meanings given those words in the Security Instrument.

**C. Copy of Loan Documents.** Borrower acknowledges receipt of a copy of the Loan documents either on paper or in another form acceptable to Borrower.

BY SIGNING BELOW, Borrower agrees to the terms and covenants contained in this Security Instrument Rider.

_John J. Tierney, II_ _____ (SEAL)      _____ (SEAL)
John J Tierney, II                        Borrower                                    Borrower

_____ (SEAL)      _____ (SEAL)
                                 Borrower                                    Borrower

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_John J. Tierney, II_ _____ (Seal)                                      _____ (Seal)
John J Tierney, II                    -Borrower                                                        -Borrower
                                      [Printed Name]                                                   [Printed Name]

_____ (Seal)                                      _____ (Seal)
                                      -Borrower                                                        -Borrower
                                      [Printed Name]                                                   [Printed Name]

### ACKNOWLEDGMENT

State of _NEW JERSEY_                    §
                                         §
County of _BURLINGTON_                   §

On this  _4_  day of  _MAY_,  _2009_ , before me
                         , personally appeared **John J Tierney, II**, known or identified to me (or satisfactorily proven), to be the person whose name(s) is/are subscribed to the within instrument, and acknowledged that he (or they) executed the same as his own act for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_Nancy De Bross_ _____
Signature of Officer

Printed Name  _____
                        NANCY DEBROSSE
                        NOTARY PUBLIC OF NEW JERSEY
                        My Commission Expires June 28, 2010

Title of Officer  _____

(Seal)                          My Commission Expires:

New Jersey Mortgage-Single Family-Fannie Mae/Freddie Mac Uniform Instrument          Form 3031 1/01
MERS Modified
The Compliance Source, Inc.                    Page 14 of 14 Modified by Compliance Source 14301NJ 11/05 Rev. 01/09
www.compliancesource.com                                        ©2005, The Compliance Source, Inc.

# EXHIBIT E

SWC-F-035591-14    02/22/2017 9:03:13 AM   Pg 1 of 1   Trans ID: CHC2017159493

CAMDEN COUNTY NJ
CAMDEN COUNTY CLERK'S OFFICE
ASSN MTG-OR BOOK 09932 PG 1501
RECORDED 12/12/2013 12:46:45
FILE NUMBER 2013097576
RCPT #: 13676881 RECD BY: annal
RECORDING FEES 30.00
MARGINAL NOTATION 10.00

*Certified True Copy*

RECORDING REQUESTED
AND PREPARED BY:
EverBank
301 W Bay Street
Jacksonville, FL 32202

NATHANIEL LEGROS – EVERHOME

And When Recorded Mail To:
EverBank    CC720
301 W Bay Street
Jacksonville, FL 32202
MERS MIN#
PHONE#
Customer#

_____ Space above for Recorder's use _____

## ASSIGNMENT OF MORTGAGE

For good and valuable consideration, the sufficiency of which is hereby acknowledged, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., ACTING SOLELY AS NOMINEE FOR AMTRUST BANK, ITS SUCCESSORS AND ASSIGNS, 1901 E VOORHEES ST STE C, DANVILLE, IL, 61834-0000, by these presents does convey, grant, bargain, sell, assign, transfer and set over to: EVERBANK, 301 WEST BAY STREET, JACKSONVILLE, FL 32202-0000, the described Mortgage, with all interest, all liens, and any rights due or to become due thereon. Said Mortgage for $368,000.00 is recorded in the State of NEW JERSEY, County of CAMDEN Official Records, dated MAY 04, 2009 and recorded on JUNE 09, 2009, as Instrument No. 2009039557, in Book No. 09041, at Page No. 1372.
Original Mortgagor: JOHN J TIERNEY II.  Original Mortgagee: AMTRUST BANK.
Date: ___NOV 21 2013___
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., ACTING SOLELY AS NOMINEE FOR AMTRUST BANK, ITS SUCCESSORS AND ASSIGNS

DATE: FEB 25 2015
I HEREBY CERTIFY THIS
TO BE A TRUE COPY.

_____
COUNTY CLERK

By: _____
Emily Beinkampen, Assistant Secretary

State of    FLORIDA            }
County of   DUVAL              } ss.

On _NOV 21 2013_ before me, _N J LEGROS_, a Notary Public, personally appeared Emily Beinkampen who acknowledged herself/himself to be the Assistant Secretary of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., ACTING SOLELY AS NOMINEE FOR AMTRUST BANK, ITS SUCCESSORS AND ASSIGNS, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of FLORIDA that the foregoing paragraph is true and correct.
Witness my hand and official seal.

_____
(Notary Name): N J LEGROS

N. J. LEGROS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE360542
Expires 12/26/2016

# EXHIBIT F

CAMDEN COUNTY, NJ
CAMDEN COUNTY CLERK'S OFFICE
DEED-DR BOOK 07873 PG 1338
RECORDED 08/29/2013 12:38:15
FILE NUMBER 2013069635
RCPT #: 1329820J RECD BY: nncel
RECORDING FEES 163.00
MARGINAL NOTATION 0.00

PREPARED BY:

Jennifer DeBew Borg, Esquire
ARCHER & GREINER
A PROFESSIONAL CORPORATION

## D E E D

This Deed is made on JULY 19, 2013.

BETWEEN JOHN J. TIERNEY, III and DAVID LYLE SEGAL, CO-EXECUTORS OF THE ESTATE OF JOHN J. TIERNEY, II, deceased, whose address is 565 Indiana Avenue, Lemoyne, Pennsylvania 17043, referred to as the Grantor.

AND EILEEN ADAMS, whose address is 32 Timberline Drive, Voorhees, New Jersey 08043, referred to as the Grantee.

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

Transfer of Ownership. The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of ONE DOLLAR ($1.00). The Grantor acknowledges receipt of this money.

Tax Map Reference. (N.J.S.A. 46:15-1.1) Municipality of Voorhees, Block No. 206.04, Lot No. 2.

Property. The property consists of the land and all the buildings and structures on the land in the Township of Voorhees, County of Camden and State of New Jersey, commonly known as 32 Timberline Drive. The legal description is:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

SUBJECT TO easements and restrictions of record.

BEING the same land and premises which became vested in John J. Tierney, II, by Deed from Gary D. Adams and Eileen Adams, dated June 19, 2008, recorded in the Office of the Clerk of Camden County on July 3, 2008, in Deed Book 8863, Page 161&c.

THEREAFTER, said John J. Tierney, II died on August 14, 2009, leaving a Last Will and Testament dated August 6, 2009, wherein, among other things, he named John J. Tierney, III and David Lyle Segal as Co-Executors of his Estate. Letters Testamentary were issued to John J. Tierney, III and David Lyle Segal on August 25, 2009.

This Deed is subject to a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for the lender AmTrust Bank (now Ohio Savings Bank Mortgage) by John J. Tierney, II, dated May 4, 2009, which mortgage was recorded in the Office of the Clerk of Camden County on June 9, 2009, in Deed Book 9041, Page 1372&c, in an original principal amount of $360,000, having an approximate outstanding balance as of the date hereof of $338,755.00, plus interest at a current rate of 5.50% per annum, which mortgage balance the Grantee assumes and agrees to pay according to the terms thereof.

This transaction is being effectuated pursuant to a Final Judgment for Distribution entered by the Honorable Mary Eva Colalillo, P.J. Ch. of the Superior Court of New Jersey, Camden County Chancery Division, Probate Part, under Docket No. CP-0194-09, 7002-2852, dated May 6, 2013 (the "Judgment"). A copy of said Judgment is being attached hereto as Exhibit "B".

DEED
BK 9873 - 1338
Rec. 8/29/13

Premises by Grantor. The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**Signatures.** The Grantor signs this Deed as of the date at the top of the first page.

ESTATE OF JOHN J. TIERNEY, II,
deceased

By: _____
       John J. Tierney, III, Co-Executor

STATE OF ~~NEW JERSEY~~ Pennsylvania :
                             : SS.
COUNTY OF Dauphin :

I CERTIFY that on July 19, 2013, John J. Tierney, III, personally came before me and acknowledged under oath, to my satisfaction, that he:

(a)    is named in and personally signed this Deed in his capacity as Co-Executor of the Estate of John J. Tierney, II, deceased;

(b)    signed, sealed and delivered this Deed as his act and deed in his capacity as Co-Executor of the Estate of John J. Tierney, II, deceased; and

(c)    made this Deed for $1.00 as the full and actual consideration paid or to be paid for the transfer of title.  (Such consideration is defined in N.J.S.A. 46:15-5.)

_____
Print Name: Sandra Keller
Title: Notary Public
Commission Expires: Feb 22, 2017

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
SANDRA KELLER, Notary Public
Susquehanna Twp., Dauphin County
My Commission Expires February 22, 2017

ESTATE OF JOHN J. TIERNEY, II, deceased

By: _David Lyle Segal_

David Lyle Segal, Co-Executor

STATE OF NEW JERSEY ~~PENNSYLVANIA~~ :
                                    : ss.
COUNTY OF _Philadelphia_ :

I CERTIFY that on _July 19_ , 2013, David Lyle Segal, personally came
before me and acknowledged under oath, to my satisfaction, that he:

(a)    is named in and personally signed this Deed in his capacity as Co-Executor of the
Estate of John J. Tierney, II, deceased;

(b)    signed, sealed and delivered this Deed as his act and deed in his capacity as Co-
Executor of the Estate of John J. Tierney, II, deceased; and

(c)    made this Deed for $1.00 as the full and actual consideration paid or to be paid for
the transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5.)

_Carmella De Muro_

Print Name:  CARMELLA DE MURO
Title:       NOTARY PUBLIC
Commission Expires:  2-6-2016

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CARMELLA DeMURO, Notary Public
City of Philadelphia, Phila. County
My Commission Expires February 6, 2016

Book9873/Page1340

SWC-F-035591-14   01/03/2019 5:16:46 PM  Pg 14 of 47 Trans ID: CHC20195887

Exhibit "A"

## LEGAL DESCRIPTION

ALL that certain tract or parcel of land, situated, lying and being in the Township of Voorhees, County of Camden, State of New Jersey, more particularly described as follows:

BEGINNING at a point in the Southwesterly line of Timberline Drive (50 feet wide) at the Northwesterly end of a curve having a radius of 20 feet and connecting the said Southwesterly line of Timberline Drive with the Northwesterly line of Morningside Lane (50 feet wide); thence

(1)    North 65 degrees 00 minutes 00 seconds Westwardly along the Southwesterly line of Timberline Drive, 70 feet to a point in the line of other lands of subdivision; thence

(2)    South 29 degrees 03 minutes 13 seconds Westwardly along said line, 227.73 feet to a point in the division line between Lots 2 and 3, Block 206.04 as shown on Plan hereinafter mentioned; thence

(3)    South 81 degrees 03 minutes 53 seconds Eastwardly along said division line between Lots 2 and 3 said Block and Plan, 339.48 feet to a point in the curved Northwesterly line of Morningside Lane; thence

(4)    Northeastwardly along the curved Northwesterly line of Morningside Lane, curving to the right, a radius of 200 feet an arc distance of 56.83 feet to a point of tangency; thence

(5)    North 25 degrees 00 minutes 00 seconds Eastwardly along the Northwesterly line of Morningside Lane, 92.55 feet to a point of curve; thence

(6)    Northwestwardly along a curve, curving to the left, a radius of 20 feet an arc distance of 31.42 feet to the point and place of BEGINNING.

BEING Lot 2 in Block 206.04 on Final Plan of Lots, Section 28, Alluvium, filed June 8, 1984 File 690, Map 4.

NOTE: Being Lot(s) 2, Block: 206.04; Tax Map of the Township of Voorhees, County of Camden, State of New Jersey.

NOTE FOR INFORMATION ONLY: Mailing Address is 33 Timberline Dr , Voorhees , NJ 08043-3456

NOTE: Lot and Block shown for informational purposes only.

Exhibit "B"

ARCHER & GREINER
A Professional Corporation
One Centennial Square
P.O. Box 3000
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorneys for Defendant John J. Tierney, III
BY: STEVEN K. MIGNOGNA, ESQUIRE

| | |
|---|---|
| IN THE MATTER OF THE ESTATES OF JOHN J. TIERNEY, II deceased and MARY C. TIERNEY, deceased. | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION/PROBATE PART CAMDEN COUNTY |
| | DOCKET NO.: CP-0194-09 2002-0352 |
| | Civil Action |
| | FINAL JUDGMENT FOR DISTRIBUTION |

THIS MATTER, having come before the Court for trial, and Judgment after that trial having been entered on September 21, 2012 ("Trial Judgment"), against plaintiff Eileen Adams and third party defendant Gary Adams, and in favor of defendants/co-executors John J. Tierney, III, and David Lytle Segal, Esquire;

AND under ¶4a of the Trial Judgment, $1,343,350 having been awarded in favor of defendants and against Gary and Eileen Adams;

AND under ¶5b of the Trial Judgment, "Pursuant to the terms of the 2009 Will and the applicable law, judgment will be entered against plaintiff Eileen Adams for defendants' counsel fees and costs, with the amount to be determined after review of the affidavits of fees and costs submitted by defendants' counsel";

AND ¶5 of the Trial Judgment having stated in relevant part: "Defendants are to submit to this Court, on notice to the Adamses, a proposed schedule for the distribution of the assets of the estate of John J. Tierney, II, the estate of Mary Tierney, and the [family limited] Partnership.

1

Pursuant to the terms of the 2009 Will, the decedent of probable intent, and other applicable law, that schedule is to include a charge against and deduction from and present set-off against the interest of Eileen Adams in these assets," for the amounts set forth in that Judgment and for counsel fees and costs to be awarded to defendants, "to achieve equality as to the assets passing to or for the benefit of plaintiff Eileen Adams and defendant John J. Thorney, III";

AND by Judgment Awarding Counsel Fees and Costs of November 16, 2012, this Court having determined the counsel fees and costs of defendants to be charged against Eileen Adams;

AND Gary and Eileen Adams having thereafter filed a motion to vacate the foregoing Judgments; and this Court having denied that motion on or about March 1, 2013;

AND defendants having thereafter submitted a proposed schedule of distribution of the assets at issue to the Court and to the Adamses, pursuant to ¶5 of the Trial Judgment; and for good cause otherwise shown;

AND this judgment being the final judgment in this matter;

IT IS on this ___6th___ day of April 2013, ORDERED:

1.    The assets of the estate of John J. Thorney, II, the estate of Mary Thorney, and the Partnership are to be allocated and distributed as set forth in the attached Schedule of Final Distribution.

IT IS SO ORDERED.

HON. MARY EVA COLALILLO, P.J. Ch.

2

SWC-F-035591-14   01/03/2019 5:16:46 PM  Pg 17 of 47 Trans ID: CHC20195887

SCHEDULE OF FINAL DISTRIBUTION

ESTATE OF JOHN J. TIERNEY, II AND ESTATE OF MARY C. TIERNEY

Combined Schedule of Distribution as of 12/05/2013[1]

37 Timberlin Drive, Voorhees NJ[2]                                    $78,000.00

[1] subject to outstanding mortgage balance of approximately $340,318.94 as of 3/1/13, which will then become the sole responsibility of Eileen Adams.

Book9873/Page1344

[intentionally redacted]

3

The Eileen Adams
Consisting of:

82 Timberline Drive, Voorhees NJ[superscript]3

$378,000.00

$378,000.00

[superscript]3 Subject to outstanding mortgage balance of approximately $340,313.34 as of 3/1/13, which will then become the sole responsibility of Eileen Adams.

SWC-F-035591-14   01/03/2019 5:16:46 PM  Pg 20 of 47 Trans ID: CHC20195887



GIT/REP-3
(8-12)

State of New Jersey
### SELLER'S RESIDENCY CERTIFICATION/EXEMPTION
(C.55, P.L. 2004)

(Please Print or Type)

**SELLER(S) INFORMATION (See Instructions, Page 2)**

Name(s)
JOHN J. TIERNEY, III, CO-EXECUTOR OF THE ESTATE OF JOHN J. TIERNEY, II, deceased

Current Resident Address:

| Street: 005 Indiana Avenue | | |
|---|---|---|
| City, Town, Post Office Lemoyne | State PA | Zip Code 17043 |

**PROPERTY INFORMATION (Brief Property Description)**

| Block(s) 208.04 | Lot(s) 2 | Qualifier |
|---|---|---|

Street Address:
32 Timberline Drive

| City, Town, Post Office Voorhees | State N.J. | Zip Code 08043 |
|---|---|---|
| Seller's Percentage of Ownership 100% | Consideration $338,755.00 (outstanding mortgage) | Closing Date 7/19/13 |

**SELLER ASSURANCES (Check the Appropriate Box) (Boxes 2 through 9 apply to Residents and Non-residents)**

1. ☑ I am a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. ☐ The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. ☐ I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. ☐ Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. ☐ Seller is not an individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A. 54A:1-1 et seq.

6. ☐ The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-1-1 et seq.

7. ☐ The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot. (CIRCLE THE APPLICABLE SECTION). If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale (see instructions).

☐ No non-like kind property received.

8. ☐ Transfer by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this state.

9. ☐ The property being sold is subject to a short sale instituted by the mortgagee, whereby the seller has agreed not to receive any proceeds from the sale and the mortgagee will receive all proceeds paying off an agreed amount of the mortgage.

10. ☐ The deed being recorded is a deed dated prior to the effective date of P.L. 2004, c. 55 (August 1, 2004), and was previously unrecorded.

**SELLER(S) DECLARATION**

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete. By checking the box D I certify that the Power of Attorney to represent the seller(s) has been previously recorded or is being recorded simultaneously with the deed to which this form is attached.

ESTATE OF JOHN J. TIERNEY, II, deceased

| 7/19/13 | By: _____ |
|---|---|
| Date | John J. Tierney, III, Co-Executor |

9020175

SWC-F-035591-14   01/03/2019 5:16:46 PM  Pg 21 of 47 Trans ID: CHC20195887

GIT/REP-3
(5-12)



State of New Jersey
**SELLER'S RESIDENCY CERTIFICATION/EXEMPTION**
(C.55, P.L. 2004)

(Please Print or Type)

| SELLER(S) INFORMATION (See Instructions, Page 2) |
|---|

Name(s)
DAVID LYLE SEGAL, CO-EXECUTOR OF THE ESTATE OF JOHN J. TIERNEY, II, deceased

Current Resident Address:

| Street:   c/o John J. Tierney, III, 905 Indiana Avenue | State | Zip Code |
|---|---|---|
| City, Town, Post Office | PA | 17043 |
| Lemoyne | | |

| PROPERTY INFORMATION (Brief Property Description) | | |
|---|---|---|

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| 206.04 | 2 | |

| Street Address: | | |
|---|---|---|
| 32 Timberline Drive | State | Zip Code |
| City, Town, Post Office | NJ | 08043 |
| Voorhees | | |

| Seller's Percentage of Ownership | Consideration | Closing Date |
|---|---|---|
| 100% | $338,755.00 (outstanding mortgage) | 7|19|13 |

| SELLER ASSURANCES (Check the Appropriate Box) (Boxes 2 through 8 apply to Residents and Non-residents) |
|---|

1. ☑ I am a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq, and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. ☐ The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. ☐ I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. ☐ Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. ☐ Seller is not an individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A. 54A:1-1 et seq.

6. ☐ The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-1-1 et seq.

7. ☐ The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot.  (CIRCLE THE APPLICABLE SECTION).  If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale (see instructions).

   ☐ No non-like kind property received.

8. ☐ Transfer by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this state.

9. ☐ The property being sold is subject to a short sale instituted by the mortgagee, whereby the seller has agreed not to receive any proceeds from the sale and the mortgagee will receive all proceeds paying off an agreed amount of the mortgage.

10 ☐ The deed being recorded is a deed dated prior to the effective date of P.L. 2004, c. 55 (August 1, 2004), and was previously unrecorded.

| SELLER(S) DECLARATION |
|---|

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete.  By checking this box ☐ I certify that the Power of Attorney to represent the seller(s) has been previously recorded or is being recorded simultaneously with the deed to which this form is attached.

ESTATE OF JOHN J. TIERNEY, II, deceased

| | |
|---|---|
| 7|19| 2013 | By: David Lyle Segal |
| Date | David Lyle Segal, Co-Executor |

9961699

SWC-F-035591-14   01/03/2019 5:16:46 PM  Pg 22 of 47 Trans ID: CHC20195887

RTF-1 (Rev. 7/14/10)
MUST SUBMIT IN DUPLICATE

**STATE OF NEW JERSEY**
**AFFIDAVIT OF CONSIDERATION FOR USE BY SELLER**
(Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006) (N.J.S.A. 46:15-5 et seq.)
BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM.

STATE OF NEW JERSEY — PennSylvania

COUNTY OF Dauphin } SS. County Municipal Code 0434

| FOR RECORDER'S USE ONLY |  |
|---|---|
| Consideration | $ |
| RTF paid by seller | $ |
| Date | By |

*Use symbol "C" to indicate that fee is exclusively for county use.

MUNICIPALITY OF PROPERTY LOCATION ____ Voorhees

(1) PARTY OR LEGAL REPRESENTATIVE (Instructions #3 and #4 on reverse side)

Deponent, ____ John J. Tierney, III ____ being duly sworn according to law upon his/her oath,
(Name)

deposes and says that he/she is the ____ Co-Trustee of Grantor ____ in a deed dated 7/19/13 ____ transferring
(Grantor, Legal Representative, Corporate Officer, Officer of Title Company, Lending Institution, etc.)

real property identified as Block number 206.64 ____ Lot number 3 ____ located at

32 Thinkerton Drive, Voorhees
(Street Address, Town)

and assessed therein.

(2) CONSIDERATION $ 238,755.00 ____ (Instructions #1 and #5 on reverse side) ☐ no prior mortgage to which property is subject.
(see reverse side)

(3) Property transferred is Class 4A 4B 4C (circle one) If property transferred is Class 4A, calculation in Section 3A below is required.

(3A) REQUIRED CALCULATION OF EQUALIZED VALUATION FOR ALL CLASS 4A (COMMERCIAL) PROPERTY TRANSACTIONS:
(Instructions #5A and #7 on reverse side)
Total Assessed Valuation ÷ Director's Ratio = Equalized Assessed Valuation

$ ____ ÷ ____ % = $ ____

If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed value. If Director's Ratio is equal to or in excess of 100%, the assessed value will be equal to the equalized valuation.

(4) FULL EXEMPTION FROM FEE (Instruction #8 on reverse side)
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by C. 49, P.L. 1968, as amended through C. 66, P.L. 2004, for the following reason(s). Mere reference to exemption symbol is insufficient. Explain in detail.
☐ In specific performance of a final judgment

(5) PARTIAL EXEMPTION FROM FEE (Instruction #9 on reverse side)
NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will void claim for partial exemption. Deponent claims that this deed transaction is exempt from State portions of the Basic, Supplemental, and General Purpose Fees, as applicable, imposed by C. 176, P.L. 1975, C. 113, P.L. 2004, and C. 66, P.L. 2004 for the following reason(s):

A. ☐ SENIOR CITIZEN    Grantor(s) ☐ 62 years of age or over.* (Instruction #9 on reverse side for A or B)
B. ☐ BLIND PERSON    Grantor(s) ☐ legally blind or; *
   ☐ DISABLED PERSON Grantor(s) ☐ permanently and totally disabled ☐ receiving disability payments ☐ not gainfully employed*
   Senior citizens, blind persons, or disabled persons must also meet all of the following criteria:
   ☐ Owned and occupied by grantor(s) at time of sale.    ☐ Resident of State of New Jersey.
   ☐ One or two-family residential premises.    ☐ Owners as joint tenants must all qualify.

*IN CASE OF HUSBAND AND WIFE, PARTNERS IN A CIVIL UNION COUPLE, ONLY ONE GRANTOR NEED QUALIFY IF TENANTS BY THE ENTIRETY.

C. ☐ LOW AND MODERATE INCOME HOUSING (Instruction #9 on reverse side)
   ☐ Affordable according to H.U.D. standards.    ☐ Reserved for occupancy.
   ☐ Meets income requirements of region.    ☐ Subject to resale controls.

(6) NEW CONSTRUCTION (Instructions #2, #10, #12 on reverse side)
   ☐ Entirely new improvement.    ☐ Not previously occupied.
   ☐ Not previously used for any purpose.    "NEW CONSTRUCTION" printed clearly at top of first page of the deed.

(7) RELATED LEGAL ENTITIES TO LEGAL ENTITIES (Instructions #5, #12, #14 on reverse side)
   ☐ No prior mortgage assumed or to which property is subject at time of sale.
   ☐ No contributions to capital by either grantor or grantee legal entity.
   ☐ No stock or money exchanged by or between grantor or grantee legal entities.

(8) Deponent makes this Affidavit to induce county clerk or register of deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006.

Subscribed and sworn to before me
this 19 day of July , 20 13 .

_____    John J. Tierney, III and David Lyle Segal,
Signature of Deponent      Co-Executors of Donald J. Tierney, III
905 Indiana Avenue, Lemoyne, PA 17043    905 Indiana Avenue, Lemoyne, PA 17043
Address of Deponent    Grantor Address at Time of Sale

xxxxxx ____ 724
Last three digits in Grantor's Social Security Number    Name/Company of Settlement Officer

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
SANDRA KELLER, Notary Public
Susquehanna Twp., Dauphin County
My Commission Expires February 22, 2017

| FOR OFFICIAL USE ONLY |  |  |
|---|---|---|
| Instrument Number | County |  |
| Deed Number | Book | Page |
| Deed Dated | Date Recorded |  |

STATE OF NEW JERSEY
PO BOX 251
TRENTON, NJ 08695-0251
ATTENTION: REALTY TRANSFER FEE UNIT

*County recording officers shall forward one copy of each RTF-1 form when Section 3A is completed to:

The Director of the Division of Taxation in the Department of the Treasury has prescribed this form as required by law, and it may not be altered or amended without prior approval of the Director. For information on the Realty Transfer Fee or to print a copy of this Affidavit, visit the Division's website at: www.state.nj.us/treasury/taxation/lpt/localtax.shtml

## D E E D

JOHN J. TIERNEY, III and DAVID LYLE SEGAL, CO-EXECUTORS OF
THE ESTATE OF JOHN J. TIERNEY, II, deceased,

Grantor

TO

EILEEN ADAMS,

Grantee

*Record and Return to:*

9926148w1

# LAST WILL AND TESTAMENT

## JOHN J TIERNEY II

I, John J Tierney II, presently residing at 108 Granville Drive, Cherry Hill, NJ 08034, declare this to be my last Will and revoke all prior wills and codicils.

FIRST: Personal Representatives; Tax Apportionment.

A. I nominate, constitute and appoint my son, John J Tierney III, and my attorney, David Lyle Segal, and the survivor of them as executors of this, my last will. If both of these executors shall fail to qualify or cease to act as my executors, I nominate, constitute and appoint my daughter-in-law, Abigail A Tierney, as executor of this, my last will.

B. I direct that all taxes, and interest and penalties thereon, that may be assessed as a consequence of my death, applying to property passing under this, my last will, shall be paid from the residue of my estate as a cost of the administration thereof. I further direct that taxes, interest and penalties payable with respect to property passing other than by reference to this will shall be charged to and collected from the recipients thereof, except as specifically stated hereinafter or in other documents relating to such taxes. The foregoing notwithstanding, no taxes, interest or penalties shall be charged to any bequest or transfer to a person (for example, a charity) with respect to whom no taxes would be payable if such person were the sole legatee or other recipient of property passing by reason of my death, provided that any taxes recoverable from a qualified terminable interest (as defined in the Internal Revenue Code) shall be paid by the trustee at the time set for payment of the tax or withheld by my executors, as the case may be. Such recovery shall be calculated on a pro rata basis except in the case of property described in Section 2207A of the Internal Revenue Code, which shall be recovered by reference to the increase in tax by reason of inclusion of such property in the calculation of such tax.

SECOND: Specific Bequests.

A. I give all my tangible personal property, and any insurance thereon, other than property customarily kept at my real estate located at 3232 Central Avenue, Ocean City, New Jersey 08226, to my children, and to the survivor of them, to be divided between them as they shall deem fit. I may leave a memorandum to advise them of my wishes in regard to specific items, but such memorandum shall not be binding upon them or in any

Page 1

SWC-F-035591-14   01/03/2019 5:16:46 PM  Pg 3 of 47 Trans ID: CHC20195887

were a part of this will.  My Executors may make whatever arrangements they consider appropriate for storing and/or shipping to beneficiaries any tangible personalty, and may pay the cost thereof and any related expenses, including insurance, from my estate.

B.  I give the sum of $10,000 to the St Pius X Roman Catholic Church, presently located at 344 Kresson Road, Cherry Hill, NJ 08034, for the uses and purposes of the parish for which such church stands.

C.  I give the sum of $50,000 to my friend, Charles Lutz, presently residing at 3041 West Chester Pike (F 5), Broomall, PA 19008-1319, provided that he shall survive me.  If he shall not be living on the day of my death, this gift shall lapse and be added to the residue of my estate.

D.  I give all my general partner interests in the Tierney Limited Partnership, a New Jersey limited partnership, to my son, John J Tierney III.

E.  I give my real estate, located at 32 Timberline Drive, Voorhees, New Jersey, free and clear of all liens and encumbrances, to my daughter, Eileen Adams, provided that she shall survive me.

F.  I give any loans owed to me by my said daughter, Eileen Adams, and/or my son-in-law, Gary Adams, to my daughter, Eileen Adams, provided that she shall survive me.

G.  I direct my executors to repay John J Tierney Limited Partnership, a New Jersey limited partnership, whatever balance is due to the same from loans therefrom to my daughter, Eileen Adams, and/or my son-in-law, Gary Adams, provided that my daughter, Eileen Adams, shall survive me.

H.  I give to my son, John J Tierney III, and to his survivors, an amount equal to the sum of Items E, F, and G, above.

I.  Taxes payable with respect to the bequests under this Item SECOND shall be paid from the residue of my estate.

THIRD:  Exercise of Power of Appointment.

To the extent possible and pursuant to the power of appointment granted me in ¶IV.B., of the Last will of my wife, Mary C Tierney, I appoint from the property of her estate as follows:

A.  All of the general partnership interests, if any, in the Tierney Limited Partnership, a New Jersey Limited Partnership, to my son, John J Tierney III; and

B.  All of the remaining property and interests thereof to be distributed and managed in the same manner as the residue of my estate, as hereinafter provided.

Page 2

FOURTH:  Residue of Estate.

I give, devise and bequeath all property and interests, including any insurance policies thereon, not disposed of in the preceding provisions hereof, as follows:

A.  One-half thereof to my son, John J Tierney III.  If the said John J Tierney III shall die before me, this bequest shall instead be distributed to his surviving issue.

B.  The balance thereof to my son, John J Tierney III and David Lyle Segal, IN TRUST, NEVERTHELESS, for the following uses and purposes:

1.  To pay the net income thereof, in convenient installments not less frequently than annually, to my daughter, Eileen Adams, during her lifetime;

2.  To pay from the principal thereof to or for the benefit of my daughter, Eileen Adams, and her issue, so much as my trustee, in his sole and unfettered discretion, shall determine to be necessary or appropriate to assure the health, welfare, maintenance and education of my said daughter and her issue;

3.  Upon the death of the said Eileen Adams, to hold the principal and accumulated income of the trust IN FURTHER TRUST for the benefit of the issue of my said daughter other than my grandson, Matthew Adams, and to distribute therefrom such amounts of income and principal of the trust as he, in his sole and unfettered discretion, shall determine to be necessary or appropriate to assure the health, welfare, maintenance and education of said issue (other than Matthew Adams) of my said daughter.

4.  In exercising the discretionary authority granted hereunder, the trustee shall not be required to apportion any trust benefits equally among all possible beneficiaries, but may pay the whole or any part to any one or more of such beneficiaries.

C.  For purposes of determining the property of the Tierney Limited Partnership, the accounting records maintained thereof at my death, including the record therein of any loans to any of my children or their spouses, shall be determinative and the share distributable to the trust established hereunder shall first be reduced by the amounts so shown as owed by Eileen Adams or her husband, Gary Adams, or both.

FIFTH:  Powers and Duties of Fiduciaries.

A.  In order to carry out the purposes of my will, my executors, in addition to all other powers granted by this will or by law, shall have the following powers over my estate, subject to any limitations specified elsewhere in this, my last will, without the necessity of prior leave of any court:

1.  To accept in kind and retain and expend money to maintain any property

Page 3

which I may own at my death, including common stocks of any corporation, land or other real estate, whether or not listed on a stock exchange, without regard to any principle of diversification or duty to invest in forms which yield current income or future appreciation, or to dispose of any of the same upon such terms and conditions as they shall deem appropriate, and accept in consideration thereof such notes and securities, payments or other considerations as may be reasonably acceptable to them in their discretion;

2.  To sell at public or private sale, exchange or lease for any period of time, any real estate or personal property and to give options for sales or leases thereof;

3.  To borrow money for the convenience of administration of my estate or any such trust and to mortgage or pledge any real or personal property;

4.  To register property in the name of a nominee or to hold property unregistered;

5.  To compromise claims;

6.  To distribute property in kind;

7.  To make any election available to executors and trustees to be made in respect of any income or death tax; and

8.  To disclaim any interest in property without prior court authorization.

B.  Operational Provisions.

1.  The fiduciaries shall determine what is income and what is principal of any trust established under this will, and what expenses, costs, taxes and charges of any kind whatsoever shall be charged against or credited to income and what shall be charged against or credited to principal, in accordance with good fiduciary practice.

2.  The fiduciaries may receive a reasonable fee for the ordinary and extraordinary services rendered by them.

3.  I desire than there always be no fewer than two trustees of the trusts herein established.  If any trustee herein named shall fail to qualify or cease to act, the remaining trustee shall appoint an additional trustee to serve with him.  If there are no such trustees, then my executors shall appoint such trustees, who may include my executors.

SIXTH:  General.

A.  My executors and trustees shall be excused from the requirement to post bond for the faithful performance of their duties in any jurisdiction in which they may act.

Page 4

B.  In the event of any dispute between any legatee, whether of a specific or residuary interest in my estate or a beneficiary of any trust established hereunder, and the fiduciary charged with the administration thereof, which dispute shall be decided substantially in favor of such fiduciaries, the costs of defense thereof by such fiduciaries, including all reasonable legal fees and expenses, shall be charged to the interest of such legatee or beneficiary to the extent that such costs are not taxed to such legatee or beneficiary by an award by the court or other tribunal determining the same, provided that such court or other tribunal shall have the power to excuse such charge where such dispute was grounded in genuine good faith and for reasonable cause under the circumstances.  In all cases, my estate and/or the trust established hereunder shall reimburse said fiduciaries for their costs in such dispute.

IN WITNESS WHEREOF, I, John J Tierney II, have set my hand to this, my last Will and testament, on this _6_ day of _August_ , 2009.

_____
John J Tierney II
ATTESTATION

Signed, sealed, published and declared by John J Tierney II, the above- named testator as and for his last will and testament, in the presence of us, who, at his request, in his presence, and in the presence of each other, all being present at the same time, have subscribed our names as witnesses.

_____        _____

COMMONWEALTH OF PENNSYLVANIA          :
                                      :  SS:
COUNTY OF PHILADELPHIA                 :

I, John J Tierney II, testator, whose name is signed to the attached or foregoing instrument, having been duly qualified according to law, do hereby acknowledge that I signed and executed the instrument as my last Will and testament; that I signed it willingly; and that I signed it as my free and voluntary act for the purposes therein expressed.

_____
John J Tierney II

Sworn to and acknowledged before me by John J Tierney II, the testator, this _17_ day of _August_ 2009.

_____
Notary Public

Page 5

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Carmella DeMarc, Notary Public
City of Philadelphia, Phila. County
My Commission Expires February 6, 2012

COMMONWEALTH OF PENNSYLVANIA     :
                                        SS:

COUNTY OF PHILADELPHIA             :

      We, the witnesses whose names are signed to the attached or foregoing instrument, being duly qualified according to law, do depose and say that we were present and saw John J Tierney II, the testator of the same, sign and execute the instrument as his last Will and Testament; that he signed willingly and that he executed it as his free and voluntary act for the purposes therein expressed; that each of us, in the hearing and sight of the testator signed the will as witnesses; and that to the best of our knowledge, the testator was at that time of legal capacity, sound mind and under no constraint or undue influence.

Sworn to and subscribed before me this _____ day of _____ 2009.

_____
Notary Public

```
COMMONWEALTH OF PENNSYLVANIA
        NOTARIAL SEAL
Carmella DeMuro, Notary Public
  City of Philadelphia, Phila. County
My Commission Expires February 6, 2012
```

SWC-F-035591-14   01/03/2019 5:16:46 PM  Pg 8 of 47 Trans ID: CHC20195887

Docket No.: 2009-1899

# State of New Jersey
# Camden County Surrogate's Court

In the matter of the Estate of

John J. Tierney, II, Deceased

**JUDGMENT ADMITTING WILL**

**TO PROBATE**

On reading and filing the complaint of John J. Tierney, III and David Lyle Segal demanding probate of the last Will having no codicils  of decedent, and applying for letters testamentary thereon; and the Surrogate having inquired into the circumstances and taken proof, and being satisfied as to the genuineness of the Will produced, and the validity of its execution; and it appearing that the testator died more that ten days ago, and that no caveat has been filed against the probate of the Will:

It is thereupon August 25, 2009 adjudged that the instrument offered for probate be and it hereby is established as the last Will of the said decedent and the same be and hereby is admitted to probate.

It is further adjudged that Letters Testamentary thereon be issued to, John J. Tierney, III and David Lyle Segal the executors named in the said Will, upon their qualifying as such executors.

WITNESS my hand and seal of office, this

August 25, 2009

_____

Surrogate

Docket No.: 2009-1899

## State of New Jersey
## Camden County Surrogate's Court

In the matter of the Estate of

John J. Tierney, II, Deceased

**LETTERS**

**TESTAMENTARY**

I Patricia Egan Jones do hereby certify the annexed to be a true copy of the Last Will of the above named decedent, late of the County of Camden and State of New Jersey, admitted to Probate by the Surrogate of Camden County, and Letters Testamentary were issued to John J. Tierney, III and David Lyle Segal, the Executors named therein, who is duly authorized to take upon themselves the administration of the estate of said testator agreeably to the said Will.

WITNESS my hand and seal of office on August 25, 2009



Surrogate

# EXHIBIT G

RECEIVED    TUESDAY 8/26/2014 2:57:30 PM 12402891

FILED Aug 26, 2014

McCABE, WEISBERG & CONWAY, P.C.
216 HADDON AVENUE, SUITE 201
WESTMONT, NEW JERSEY 08108
(856) 858-7080
ATTORNEYS FOR PLAINTIFF
Sheera G. Engrissei, Esq. ID# 009212010
Samantha A. Clifford, Esq. ID # 043121991
Matter No. 14-200059 - 14-200059

| | |
|---|---|
| EverBank<br><br>      Plaintiff,<br><br>v.<br><br>John J. Tierney, III, Individually and as Co-Executor for the Estate of John J. Tierney, II; David Lyle Segal, Co-Executor for the Estate of John J. Tierney, II; Eileen Adams; State of New Jersey; United States of America; Mr. Adams, husband of Eileen Adams; Lakeland Bank; Archer & Greiner PC; Kulzer & Dipadova PA; John Doe and Jane Doe, Tenants (names being fictitious);<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>CAMDEN COUNTY<br><br>F -035591-14<br><br>Docket No.<br><br>Civil Action<br>RESIDENTIAL MORTGAGE<br>FORECLOSURE COMPLAINT |

EverBank, having its principal place of business at 301 W. Bay Street, Jacksonville, Florida

32202, the Plaintiff in the above entitled cause, says:

### FIRST COUNT

    1.    On May 4, 2009, John J. Tierney, II executed to AmTrust Bank, a Loan

Agreement ("Note") to secure the sum of $360,000.00, with an interest rate of 5.500% per

annum, payable in monthly installments of principal and interest. The Note further provides for a

late charge of 5.000% for any payment not received 15 days from the due date.

    2.    To secure the payment of the aforesaid obligation, John J. Tierney, II executed to

Mortgage Electronic Registration Systems, Inc., as nominee for AmTrust Bank, a Mortgage of

even date with said Note and thereby created a lien on the land hereinafter described, on the

express condition that such lien should be released if payment should be made at the time and

times and in the manner described in said obligation. Said Mortgage was recorded on June 9, 2009, in the Camden County Clerk's/Register's Office, in Book 9041, at Page 1372. The Mortgage is not a Purchase Money Mortgage.

2a.    Said mortgage was assigned by Mortgage Electronic Registration Systems, Inc., as nominee for AmTrust Bank ("Assignor") to EverBank ("Assignee") by Assignment of Mortgage executed on November 21, 2013 which was recorded on December 12, 2013, in the Camden County Clerk's/Register's Office, in Book 9932, at Page 1501.

3.    The mortgaged property consists of all that certain land and premises situated in the Township of Voorhees, County of Camden and State of New Jersey, bounded and described by a metes and bounds description in the mortgage and attached hereto as Schedule A and is commonly known as 32 Timberline Drive, Voorhees, New Jersey 08043.

4.    The obligation and Mortgage referred to in paragraphs 1 and 2 above are held by EverBank. EverBank has possession of the promissory note.

5.    The obligation aforesaid contained an agreement that if any installment payment of interest/finance charges and principal (and taxes and insurance premiums, if applicable) should remain unpaid for 30 days after the date that the Notice of Default is mailed to the obligor, the whole principal sum, with all unpaid interest/finance charges, shall at the option of the above named mortgagee or its heirs, executors, administrators, representatives or assigns, become immediately due and payable.

6.    The following instruments appear of record which affect or may affect the property described in paragraph 3 above, all of which are subordinate to the Mortgage and Note referred to in paragraphs 1 and 2 above.

Page 2

6a.    John Doe and Jane Doe, tenants (names being fictitious) are named as possible

tenants.

6b.    John J. Tierney, II passed away on August 14, 2009, leaving a will dated August

6, 2009, probated in the Camden County Surrogate's Office, Docket Number 2009-1899, leaving

his interest in the mortgaged premises to Eileen Adams. He also named John J. Tierney, III and

David Lyle Segal as Co-Executors of his Estate. (Last Will and Testament of John J. Tierney, II

and Surrogate's Documents are attached hereto as Exhibit A)

6c.    David Lyle Segal is hereby named party defendant as a Co-Executor of the Estate

of John J. Tierney, II.

6d.    John J. Tierney, III is named individually and as Co-Executor of the Estate of

John J. Tierney, II for any right title and interest he may have in the mortgaged premises

6e.    Eileen Adams is named a party defendant individually and as a named heir of the

Estate of John J. Tierney, II, deceased for any right title and interest she may have in the

mortgaged premises. On July 19, 2013, John J. Tierney, III and David Lyle Segal, Co-Executors

of the Estate of John J. Tierney, II, deceased, conveyed the lands and premises by Deed to Eileen

Adams, recorded August 29, 2013 in Deed Book 9873, Page 1338 in the Camden County Clerk's

Office.

6f.    Eileen Adams was married/single on July 19, 2013.   Eileen Adams may be

married, however, after due inquiry Plaintiff has been unable to ascertain her marital status and if

married the proper given name of her spouse and therefore Mr. Adams, husband of Eileen

Adams, is set forth herein and made a party defendant hereto for any right, title or interest he

may claim or have in and to the mortgaged premises referred to in Paragraph 3 above. Mr.

Adams, husband of Eileen Adams, is made a party defendant by virtue thereof.

Page 3

6g.    State of New Jersey is hereby joined for any inheritance taxes and for possible escheat that may be due from the Estate of John J. Tierney, II, who passed away on August 14, 2009, a resident of Camden County, New Jersey.

6h.    United States of America is hereby joined for any Estate taxes that may be due from the Estate of John J. Tierney, II, who passed away on August 14, 2009, a resident of Voorhees, New Jersey.

6i.    Lakeland Bank is named a party defendant by virtue of the attached judgment in the Superior Court of the State of New Jersey docketed on J-275179-2010 in the original amount of $121,876.15.

6j.    John J. Tierney, III is named a party defendant by virtue of the attached judgment in the Superior Court of the State of New Jersey docketed on J-003711-2013 in the original amount of $1,343,360.00.

6k.    Archer & Greiner PC and Kulzer & Dipadova PA and John J. Tierney, III are named party defendants by virtue of the attached judgment in the Superior Court of the State of New Jersey docketed on J-003713-2013 in the original amounts of $616,656.00 and $202,414.00 and $3,435.00.

6l.    United States of America is named a party defendant by virtue of the attached judgment in the United States District Court – District of of New Jersey docketed on CR-00291-2000 in the original amount of $2,400.00.

7.    Pursuant to the terms of the obligation and Mortgage referred to in paragraphs 1 and 2 above, the obligee named in said obligation reserved the right to pay taxes or other liens affecting the property herein described, which liens are superior to the lien of the Mortgage referred to in paragraph 2 above and which liens, when paid by the obligee or assignee, together

with interest thereon as provided in said obligation and Mortgage, are to be added to the amount due on the obligation and Mortgage. The obligee may be required to pay such liens during the pendency of this action and will demand that such payments so made by said obligee or assignee be added to the Mortgage debt as aforesaid.

8.      The defendant(s) named in paragraph 1 above, or the grantee or grantees, if any, of said defendant(s), have defaulted in making the payment due to Plaintiff on August 1, 2013, as required by the terms of the Note and Mortgage referred to in paragraphs 1 and 2 above, and said payment has remained unpaid for more than 30 days from the date the Notice of Default was mailed, and is still unpaid. Plaintiff, by reason of said default, elects that the whole unpaid principal sums due on the aforesaid Note and Mortgage referred to in paragraphs 1 and 2 above, together with all unpaid interest/finance charges and advances made thereon, shall now be due.

9.      Notice was given in compliance with the Fair Foreclosure Act more than 31 days ago.

10.      Any interest or lien which any of the defendants has or claims to have in or upon the said mortgaged premises or some part thereof is subject to the lien of Plaintiff's mortgage.

WHEREFORE, the Plaintiff demands judgment:

(a)      Fixing the amount due on the Mortgage referred to in paragraph 2 above;

(b)      Barring and foreclosing the defendants of all equity of redemption in and to the aforesaid lands;

(c)      Directing the Plaintiff be paid the amount due to Plaintiff as provided in the Mortgage set forth in paragraph 2 above together with interest and costs;

(d)      Adjudging that the lands described in paragraph 3 above be sold according to the law to satisfy the amount due to Plaintiff on the Mortgage set forth in paragraph 2 above;

Page 5

(e)    Appointing a receiver of the rents, issue and profits of the lands described in paragraph 3 above.

---

## SECOND COUNT

11.    By the terms of the Note and Mortgage referred to in paragraphs 1 and 2 of the First Count of this Complaint, the Plaintiff herein is entitled to possession of the tract of land with the appurtenances as more particularly described in paragraph 3 of the First Count herein.

12.    The Plaintiff, by the terms of the Note and Mortgage, aforesaid becomes entitled to possession of the property described in paragraph 3 of the First Count of this Complaint except as against those tenants protected under N.J.S.A. 2A:18-61.1, *et seq.* upon default.

13.    The defendants named in paragraph 1 and paragraph 6 of the First Count of this Complaint have or may claim to have certain rights in the property described in paragraph 3 of the First Count of this Complaint and by reason thereof have deprived the Plaintiff herein of possession of the property aforesaid since, upon the defendant's default.

WHEREFORE, the Plaintiff demands judgment against defendants except those persons protected under N.J.S.A 2A:18-61.1, *et seq:*

(a)    for possession of said property in favor of Plaintiff or its assignee or any purchaser at the foreclosure sale;

(b)    for costs.

DESIGNATION OF TRIAL COUNSEL
Carol Rogers Cobb, Esq. is hereby designated as Trial Counsel

MCCABE, WEISBERG AND CONWAY, P.C.

By: _____
Attorneys for Plaintiff
Gayl C. Spivak, Esquire
Katherine A. Dorfler, Esquire
Sheera G. Engrissei, Esquire
Carol Rogers Cobb, Esquire
Andrew P. Carroll, Esquire
Samantha A. Clifford, Esquire

Dated: 8/26/2014

Page 7

## SCHEDULE A

ALL that certain tract or parcel of land, situated, lying and being in the Township of Voorhees, County of Camden, State of New Jersey, more particularly described as follows:

BEGINNING at a point in the Southwesterly line of Timberline Drive (50 feet wide) at the Northwesterly end of a curve having a radius of 20 feet and connecting the said Southwesterly line of Timberline Drive with the Northwesterly line of Morningside Lane (50 feet wide); thence

(1)      North 65 degrees 00 minutes 00 seconds Westwardly along the Southwesterly line of Timberline Drive, 70 feet to a point in the line of other lands of subdivision; thence

(2)      South 29 degrees 03 minutes 12 seconds Westwardly along said line, 207.73 feet to a point in the division line between Lots 2 and 3, Block 206.04 as shown on Plan hereinafter mentioned; thence

(3)      South 81 degrees 03 minutes 08 seconds Eastwardly along said division line between Lots 2 and 3 said Block and Plan, 139.48 feet to a point in the curved Northwesterly line of Morningside Lane; thence

(4)      Northeastwardly along the curved Northwesterly line of Morningside Lane, curving to the right, a radius of 200 feet an arc distance of 56.03 feet to a point of tangency; thence

(5)      North 25 degrees 00 minutes 00 seconds Eastwardly along the Northwesterly line of Morningside Lane, 92.58 feet to a point of curve; thence

(6)      Northwestwardly along a curve, curving to the left, a radius of 20 feet an arc distance of 31.42 feet to the point and place of BEGINNING.

BEING Lot 2 in Block 206.04 on Final Plan of Lots, Section 20, Alluvium, filed June 8, 1984 File 690, Map 4.

NOTE: Being Lot(s) 2, Block: 206.04; Tax Map of the Township of Voorhees, County of Camden, State of New Jersey.

NOTE FOR INFORMATION ONLY: Mailing Address is 32 Timberline Dr , Voorhees , NJ 08043-3436

NOTE: Lot and Block shown for informational purposes only.

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT:        J-275179-2010        ACTION TYPE:        CONTRACT-OTHER
CASE NUMBER:     L 002305 09          VENUE:              MORRIS
ENTERED:         10/27/2010
SIGNED:          10/27/2010
```

---

```
    CREDITOR(S):                               AWARD:     $121,876.15
        LAKELAND BANK
            ATTORNEY:  FEIN SUCH KAHN & SHEPARD PC
    DEBTOR(S):
        JOHN TIERNEY
            (No Address)
            ATTORNEY:  ZAZELLA & SINGER
        MELINDA TIERNEY
            (No Address)
            ATTORNEY:  ZAZELLA & SINGER
    NOTE: WITH COSTS
                        *** End of Abstract ***
```

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT:        J-003711-2013        ACTION TYPE:        OTHER
CASE NUMBER:     CP 000194 09         VENUE:              CAMDEN
ENTERED:         01/04/2013
SIGNED:          01/04/2013

                                            AWARD:     $1,343,360.00
    CREDITOR(S):
        JOHN J TIERNEY III
            ATTORNEY:  ARCHER & GREINER PC
    DEBTOR(S):
        EILEEN ADAMS
            (No Address)
        GARY ADAMS
            (No Address)
    NOTE: WITH COSTS  J&S
                        *** End of Abstract ***
```

SUPERIOR COURT OF NEW JERSEY

| | | | |
|---|---|---|---|
| JUDGMENT: | J-003713-2013 | ACTION TYPE: | OTHER |
| CASE NUMBER: | CP 000194 09 | VENUE: | CAMDEN |
| ENTERED: | 01/04/2013 | | |
| SIGNED: | 01/04/2013 | | |

CREDITOR(S):                                          AWARD:    $616,656.00
    ARCHER & GREINER PC
        ATTORNEY:  ARCHER & GREINER PC
DEBTOR(S):
    EILEEN ADAMS
        (No Address)
NOTE: FOR ATTY FEES WITH COSTS

CREDITOR(S):                                          AWARD:    $202,414.00
    KULZER & DIPADOVA PA
        ATTORNEY:  ARCHER & GREINER PC
DEBTOR(S):
    EILEEN ADAMS
        (No Address)
NOTE: FOR ATTY FEES WITH COSTS

CREDITOR(S):                                          AWARD:    $3,435.00
    JOHN J TIERNEY III
        ATTORNEY:  ARCHER & GREINER PC
DEBTOR(S):
    EILEEN ADAMS
        (No Address)
    GARY ADAMS
        (No Address)
NOTE: FOR ATTY FEES & COSTS
                    *** End of Abstract ***


UNITED STATES DISTRICT COURT - DISTRICT OF NEW JERSEY

| | | | |
|---|---|---|---|
| CASE NUMBER: | CR-00291-2000 | ACTION TYPE: | CRIMINAL |
| | | VENUE: | NEWARK |

JUDGMENT ENTERED:    05/09/2001
JUDGMENT FILED:      05/07/2001
                         SPECIAL ASSESSMENT:    $2,400.00
                         RESTITUTION:  $61,704.97

CREDITOR(S):UNITED STATES OF AMERICA
DEBTOR(S): SAMIHA MITWALLY
                A/K/A  ANGELA
                A/K/A  ANDREA MILLER
                A/K/A  MARIE LANSING
                A/K/A  ELAINE ADAMS
                A/K/A  M ADAMS
                A/K/A  KELLY
                A/K/A  HELEN ADAMS
                A/K/A  ELLEN ADAMS
                A/K/A  EILEEN ADAMS
                A/K/A  MARY MILLER
                A/K/A  GLORIA GUS
                A/K/A  JACKIE SHARIF
                (No Address)
        ATTORNEY:  MICHAEL GROSS
                GROSS & GROSS
                14 ROUTE 4, RIVER EDGE, NJ 07661
                    *** End of Abstract ***

EXHIBIT A

Docket No.: 2009-1899

### State of New Jersey
## Camden County Surrogate's Court

In the matter of the Estate of | **LETTERS**
John J. Tierney, II, Deceased | **TESTAMENTARY**

I Patricia Egan Jones do hereby certify the annexed to be a true copy of the Last Will of the above named decedent, late of the County of Camden and State of New Jersey, admitted to Probate by the Surrogate of Camden County, and Letters Testamentary were issued to John J. Tierney, III and David Lyle Segal, the Executors named therein, who is duly authorized to take upon themselves the administration of the estate of said testator agreeably to the said Will.



WITNESS my hand and seal of office on August 25, 2009

_Patricia Egan Jones_
Surrogate

Docket No.: 2009-1899

## State of New Jersey
## Camden County Surrogate's Court

In the matter of the Estate of
John J. Tierney, II, Deceased

**JUDGMENT ADMITTING WILL**
**TO PROBATE**

On reading and filing the complaint of John J. Tierney, III and David Lyle Segal demanding probate of the last Will having no codicils of decedent, and applying for letters testamentary thereon; and the Surrogate having inquired into the circumstances and taken proof, and being satisfied as to the genuineness of the Will produced, and the validity of its execution; and it appearing that the testator died more that ten days ago, and that no caveat has been filed against the probate of the Will:

It is thereupon August 25, 2009 adjudged that the instrument offered for probate be and it hereby is established as the last Will of the said decedent and the same be and hereby is admitted to probate.

It is further adjudged that Letters Testamentary thereon be issued to, John J. Tierney, III and David Lyle Segal the executors named in the said Will, upon their qualifying as such executors.

WITNESS my hand and seal of office, this
August 25, 2009

_Patricia Egan Jones_
Surrogate

Page 12

Docket No.: 2009-1899

## State of New Jersey
## Camden County Surrogate's Court

In the matter of the Estate of

John J. Tierney, II, Deceased

}

**Application**

**Probate**

Applicants    John J. Tierney, III residing at 905 Indiana Avenue Lemoyne, PA 17043 and David Lyle Segal practicing at 121 South Broad Street 1700 Philadelphia, PA 19107

Says:

1. Decedent died testate, resident of Cherry Hill Township in the County of Camden and State of New Jersey on August 14, 2009 leaving a Will dated August 6, 2009 having no codicils .

2. Decedent left surviving heirs at law, the following persons:

| | | |
|---|---|---|
| John J. Tierney, III | Son | Lemoyne, PA |
| Eileen Adams | Daughter | Voorhees Township, NJ |

3. Decedent had issue living when the Will was executed and no child was born or adopted thereafter.

Wherefore, the applicants demands judgement.

1. Admitting the last Will to Probate

2. Directing that letters testamentary be granted to Applicants

**STATE OF NEW JERSEY**

**COUNTY OF CAMDEN**     } ss

Applicants being duly sworn according to law, upon his oath deposes and says: We are the Applicants named in the foregoing application and the allegations thereof are true to the best of our knowledge.

Sworn and subscribed
before me on
August 24, 2009

$ 2009- 1899

(Filed - 0-24-09)

Page 13

## LAST WILL AND TESTAMENT

### JOHN J TIERNEY II

I, John J Tierney II, presently residing at 108 Granville Drive, Cherry Hill, NJ 08034, declare this to be my last Will and revoke all prior wills and codicils.

FIRST: Personal Representatives; Tax Apportionment.

A. I nominate, constitute and appoint my son, John J Tierney III, and my attorney, David Lyle Segal, and the survivor of them as executors of this, my last will. If both of these executors shall fail to qualify or cease to act as my executors, I nominate, constitute and appoint my daughter-in-law, Abigail A Tierney, as executor of this, my last will.

B. I direct that all taxes, and interest and penalties thereon, that may be assessed as a consequence of my death, applying to property passing under this, my last will, shall be paid from the residue of my estate as a cost of the administration thereof. I further direct that taxes, interest and penalties payable with respect to property passing other than by reference to this will shall be charged to and collected from the recipients thereof, except as specifically stated hereinafter or in other documents relating to such taxes. The foregoing notwithstanding, no taxes, interest or penalties shall be charged to any bequest or transfer to a person (for example, a charity) with respect to whom no taxes would be payable if such person were the sole legatee or other recipient of property passing by reason of my death, provided that any taxes recoverable from a qualified terminable interest (as defined in the Internal Revenue Code) shall be paid by the trustee at the time set for payment of the tax or withheld by my executors, as the case may be. Such recovery shall be calculated on a pro rata basis except in the case of property described in Section 2207A of the Internal Revenue Code, which shall be recovered by reference to the increase in tax by reason of inclusion of such property in the calculation of such tax.

SECOND: Specific Bequests.

A. I give all my tangible personal property, and any insurance thereon, other than property customarily kept at my real estate located at 3232 Central Avenue, Ocean City, New Jersey 08226, to my children, and to the survivor of them, to be divided between them as they shall deem fit. I may leave a memorandum to advise them of my wishes in regard to specific items, but such memorandum shall not be binding upon them or in any

Page 1

wise a part of this will.  My Executors may make whatever arrangements they consider appropriate for storing and/or shipping to beneficiaries any tangible personalty, and may pay the cost thereof and any related expenses, including insurance, from my estate.

B.  I give the sum of $10,000 to the St Pius X Roman Catholic Church, presently located at 344 Kresson Road, Cherry Hill, NJ 08034, for the uses and purposes of the parish for which such church stands.

C.  I give the sum of $50,000 to my friend, Charles Lutz, presently residing at 3041 West Chester Pike (F-5), Broomall, PA 19008-1319, provided that he shall survive me.  If he shall not be living on the day of my death, this gift shall lapse and be added to the residue of my estate.

D.  I give all my general partner interests in the Tierney Limited Partnership, a New Jersey limited partnership, to my son, John J Tierney III.

E.  I give my real estate, located at 32 Timberline Drive, Voorhees, New Jersey, free and clear of all liens and encumbrances, to my daughter, Eileen Adams, provided that she shall survive me.

F.  I give any loans owed to me by my said daughter, Eileen Adams, and/or my son-in-law, Gary Adams, to my daughter, Eileen Adams, provided that she shall survive me.

G.  I direct my executors to repay John J Tierney Limited Partnership, a New Jersey limited partnership, whatever balance is due to the same from loans therefrom to my daughter, Eileen Adams, and/or my son-in-law, Gary Adams, provided that my daughter, Eileen Adams, shall survive me.

H.  I give to my son, John J Tierney III, and to his survivors, an amount equal to the sum of Items E, F, and G, above.

I.  Taxes payable with respect to the bequests under this Item SECOND shall be paid from the residue of my estate.

THIRD:  Exercise of Power of Appointment.

To the extent possible and pursuant to the power of appointment granted me in ¶IV.B., of the Last will of my wife, Mary C Tierney, I appoint from the property of her estate as follows:

A.  All of the general partnership interests, if any, in the Tierney Limited Partnership, a New Jersey limited partnership, to my son, John J Tierney III; and

B.  All of the remaining property and interests thereof to be distributed and managed in the same manner as the residue of my estate, as hereinafter provided.

Page 2

Page 15

FOURTH:  Residue of Estate.

I give, devise and bequeath all property and interests, including any insurance policies thereon, not disposed of in the preceding provisions hereof, as follows:

A.  One-half thereof to my son, John J Tierney III.  If the said John J Tierney III shall die before me, this bequest shall instead be distributed to his surviving issue.

B.  The balance thereof to my son, John J Tierney III and David Lyle Segal, IN TRUST, NEVERTHELESS, for the following uses and purposes:

1.  To pay the net income thereof, in convenient installments not less frequently than annually, to my daughter, Eileen Adams, during her lifetime;

2.  To pay from the principal thereof to or for the benefit of my daughter, Eileen Adams, and her issue, so much as my trustee, in his sole and unfettered discretion, shall determine to be necessary or appropriate to assure the health, welfare, maintenance and education of my said daughter and her issue;

3.  Upon the death of the said Eileen Adams, to hold the principal and accumulated income of the trust IN FURTHER TRUST for the benefit of the issue of my said daughter other than my grandson, Matthew Adams, and to distribute therefrom such amounts of income and principal of the trust as he, in his sole and unfettered discretion, shall determine to be necessary or appropriate to assure the health, welfare, maintenance and education of said issue (other than Matthew Adams) of my said daughter.

4.  In exercising the discretionary authority granted hereunder, the trustee shall not be required to apportion any trust benefits equally among all possible beneficiaries, but may pay the whole or any part to any one or more of such beneficiaries.

C.  For purposes of determining the property of the Tierney Limited Partnership, the accounting records maintained thereof at my death, including the record therein of any loans to any of my children or their spouses, shall be determinative and the share distributable to the trust established hereunder shall first be reduced by the amounts so shown as owed by Eileen Adams or her husband, Gary Adams, or both.

FIFTH:  Powers and Duties of Fiduciaries.

A.  In order to carry out the purposes of my will, my executors, in addition to all other powers granted by this will or by law, shall have the following powers over my estate, subject to any limitations specified elsewhere in this, my last will, without the necessity of prior leave of any court:

1.  To accept in kind and retain and expend money to maintain any property

Page 3

which I may own at my death, including common stocks of any corporation, land or other real estate, whether or not listed on a stock exchange, without regard to any principle of diversification or duty to invest in forms which yield current income or future appreciation, or to dispose of any of the same upon such terms and conditions as they shall deem appropriate, and accept in consideration thereof such notes and securities, payments or other considerations as may be reasonably acceptable to them in their discretion;

2. To sell at public or private sale, exchange or lease for any period of time, any real estate or personal property and to give options for sales or leases thereof;

3. To borrow money for the convenience of administration of my estate or any such trust and to mortgage or pledge any real or personal property;

4. To register property in the name of a nominee or to hold property unregistered;

5. To compromise claims;

6. To distribute property in kind;

7. To make any election available to executors and trustees to be made in respect of any income or death tax; and

8. To disclaim any interest in property without prior court authorization.

B. Operational Provisions.

1. The fiduciaries shall determine what is income and what is principal of any trust established under this will, and what expenses, costs, taxes and charges of any kind whatsoever shall be charged against or credited to income and what shall be charged against or credited to principal, in accordance with good fiduciary practice.

2. The fiduciaries may receive a reasonable fee for the ordinary and extraordinary services rendered by them.

3. I desire than there always be no fewer than two trustees of the trusts herein established. If any trustee herein named shall fail to qualify or cease to act, the remaining trustee shall appoint an additional trustee to serve with him. If there are no such trustees, then my executors shall appoint such trustees, who may include my executors.

SIXTH: General.

A. My executors and trustees shall be excused from the requirement to post bond for the faithful performance of their duties in any jurisdiction in which they may act.

Page 4

Page 17

B.  In the event of any dispute between any legatee, whether of a specific or residuary interest in my estate or a beneficiary of any trust established hereunder, and the fiduciary charged with the administration thereof, which dispute shall be decided substantially in favor of such fiduciaries, the costs of defense thereof by such fiduciaries, including all reasonable legal fees and expenses, shall be charged to the interest of such legatee or beneficiary to the extent that such costs are not taxed to such legatee or beneficiary by an award by the court or other tribunal determining the same, provided that such court or other tribunal shall have the power to excuse such charge where such dispute was grounded in genuine good faith and for reasonable cause under the circumstances.  In all cases, my estate and/or the trust established hereunder shall reimburse said fiduciaries for their costs in such dispute.

IN WITNESS WHEREOF, I, John J Tierney II, have set my hand to this, my last Will and testament, on this ___6___ day of ___August___, 2009.

_____
John J Tierney II
ATTESTATION

Signed, sealed, published and declared by John J Tierney II, the above- named testator as and for his last will and testament, in the presence of us, who, at his request, in his presence, and in the presence of each other, all being present at the same time, have subscribed our names as witnesses.

_____          _____

**COMMONWEALTH OF PENNSYLVANIA**    :
                                                                      : SS:
**COUNTY OF PHILADELPHIA**                       :

I, John J Tierney II, testator, whose name is signed to the attached or foregoing instrument, having been duly qualified according to law, do hereby acknowledge that I signed and executed the instrument as my last Will and testament; that I signed it willingly; and that I signed it as my free and voluntary act for the purposes therein expressed.

_____
John J Tierney II

Sworn to and acknowledged before me by John J Tierney II, the testator, this 6th day of August, 2009.

_____
Notary Public

Page 5

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Carmela DeMuro, Notary Public
City of Philadelphia, Phila. County
My Commission Expires February 6, 2012

Appendix XII-B2

# FORECLOSURE
## CASE INFORMATION STATEMENT
### (FCIS)

Use for initial Chancery Division — General Equity
foreclosure pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c),
if information is not furnished or if attorney's signature
is not affixed.

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA ☐ MO | |
| RECEIPT NO: | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |
| BATCH DATE: | |

## SECTION A: TO BE COMPLETED BY ALL PARTIES

**CAPTION**
EverBank v. John J. Tierney, III, Individually and as
Co-Executor for the Estate of John J. Tierney, II; et. als.

**COUNTY OF VENUE**
Camden

**DOCKET NUMBER (When available)**

**NAME(S) OF FILING PARTY(IES)**(e.g., John Doe, Plaintiff)
EverBank

**DOCUMENT TYPE**
☒ COMPLAINT    ☐ ANSWER    ☐ OTHER

**ATTORNEY NAME (IF APPLICABLE)**
Samantha A Clifford, Esq

**FIRM NAME (If applicable)**
McCABE, WEISBERG & CONWAY, P. C.

**MAILING ADDRESS**
216 HADDON AVENUE, SUITE 201
WESTMONT, NEW JERSEY 08108

**DAYTIME TELEPHONE NUMBER**
(856) 858-7080

## SECTION B: TO BE COMPLETED BY PLAINTIFF TO INITIAL COMPLAINT

**FORECLOSURE CASE TYPE NUMBER**

| | | |
|---|---|---|
| ☐ | 088 | IN PERSONAM TAX FORECLOSURE |
| ☐ | 089 | IN REM TAX FORECLOSURE |
| ☒ | 0RF | RESIDENTIAL MORTGAGE FORECLOSURE |
| ☐ | 0CF | COMMERCIAL MORTGAGE FORECLOSURE |
| ☐ | 0CD | CONDOMINIUM OR HOMEOWNER'S ASSOCIATION LIEN FORECLOSURE |
| ☐ | 091 | STRICT FORECLOSURE |
| ☐ | 0FP | OPTIONAL FORECLOSURE PROCEDURE (NO SALE) |

IS THIS A HIGH RISK MORTGAGE PURSUANT TO
P.L.2009,c.84 AND P.L.2008,c.127 ☐ YES ☒ NO

PURCHASE MONEY MORTGAGE ☐ YES ☒ NO

RELATED PENDING CASE ☐ YES ☒ NO
IF YES, LIST DOCKET NUMBERS:

**FULL PHYSICAL STREET ADDRESS OF PROPERTY**
32 Timberline Drive, Voorhees, New Jersey 08043

ZIP CODE: 08043    COUNTY: Camden

**MUNICIPALITY CODE(*)** 0434
Township of Voorhees
MUNICIPAL BLOCK: 206.04
(LOTS): 2

## ALL FILING PARTIES MUST SIGN AND PRINT NAMES(S) AND DATE THE FORM BELOW

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

| ATTORNEY/SELF REPRESENTED SIGNATURE | PRINT ATTORNEY/SELF REPRESENTED NAME | DATE |
|---|---|---|
| *(signature)* | Samantha A. Clifford, Esq | 8/26/2014 |

*The Municipality Codes are available at http://www.judiciary.state.nj.us/forms/XI1245_numicodes_11-9-2009.pdf

Revised Effective 11/09/2009, CN 10169

**ATTACHMENT B**

**CERTIFICATION OF DILIGENT INQUIRY TO BE ANNEXED TO
RESIDENTIAL MORTGAGE FORECLOSURE COMPLAINTS PURSUANT
TO RULE 1:5-6(c)(1)(E) AND RULE 4:64-1(a) (2) and (a) (3)**

Sheera G Engrissei, of full age, hereby certifies and says:

1  On August 25, 2014, I communicated by email correspondence with the following named
employee(s) of EverBank, who stated that he/she personally reviewed the Complaint to
be filed with the Court and that he/she confirmed compliance with Rule 4:64-1(b)(1)
through (b)(10) and (b)(12) through (b)(13).

2  The name, title and responsibilities of the plaintiff's employee(s) with whom I
communicated are: Robin Murdock, Vice President, default process manger.

3  Based on my communication with the above-named employee(s) of plaintiff, as well as
my own inspection of the loan information supplied by the plaintiff and other diligent
inquiry, I execute this certification to comply with the requirements of Rules 1 :48(a), 1
:5-6(c)(1)(E), and 4:64-1(a)(2) and (a)(3).

4  I am aware that I have a continuing obligation under Rule 1:4-8 to amend this
certification if a reasonable opportunity for further investigation or discovery indicates
insufficient evidentiary support for any factual assertions proffered by plaintiff in any
court filings or documents in this case.

I certify that the foregoing statements made by me are true, I am aware if any of
the foregoing statements made by me are willfully false, I am subject to
punishment.

McCabe, Weisberg & Conway, P.C.

By: _____ 8.25.14

Attorney for Plaintiff
Sheera G Engrissei, Esquire

CERTIFICATION PURSUANT TO RULE 1:38-7 (b)

I hereby certify that confidential personal identifiers have been redacted from documents
now submitted to the court, and will be redacted from all documents submitted in the future in
accordance with Rule 1:38-7 (b)

Dated: 8/26/2014

MCCABE, WEISBERG AND CONWAY, P.C.

By: _____

Attorneys for Plaintiff
Gayl C. Spivak, Esquire
Katherine A. Dorfler, Esquire
Sheera G. Engrissei, Esquire
Carol Rogers Cobb, Esquire
Andrew P. Carroll, Esquire
Samantha A. Clifford, Esquire

CERTIFICATION PURSUANT TO RULE 4:64-1 (a)

The undersigned hereby certifies that as attorney for Plaintiff, I received and reviewed a title search of public record good through the county board date of December 5, 2013 for the purpose of identifying any lienholder or other persons and entities with an interest in the property that is subject to foreclosure.

Dated: 8/26/2014

MCCABE, WEISBERG AND CONWAY, P.C.

By: _____
Attorneys for Plaintiff
Gayl C. Spivak, Esquire
Katherine A. Dorfler, Esquire
Sheera G. Engrissei, Esquire
Carol Rogers Cobb, Esquire
Andrew P. Carroll, Esquire
Samantha A. Clifford, Esquire

CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that the matter in controversy is not the subject of any other Court proceeding or arbitration and that, to the best of my knowledge and belief, no other parties need be joined at this time, and that no other proceedings are contemplated.

Dated: 8/26/2014

MCCABE, WEISBERG AND CONWAY, P.C.

By: _____

Attorneys for Plaintiff
Gayl C. Spivak, Esquire
Katherine A. Dorfler, Esquire
Sheera G. Engrissei, Esquire
Carol Rogers Cobb, Esquire
Andrew P. Carroll, Esquire
Samantha A. Clifford, Esquire

# EXHIBIT H

**McCABE, WEISBERG & CONWAY, P.C.**
Marisa Myers Cohen, Esquire - 017032001
Carol R. Cobb, Esquire - 028761994
Sheera G. Engrissei, Esquire - 009212010
Christopher J. Kelleher, Esquire - 005212000
Ian V. Gallo, Esquire - 163762015
Michael I. Gouda, Esquire - 001052012
James French, Esquire - 134352014
216 HADDON AVENUE, SUITE 201
WESTMONT, NEW JERSEY 08108
(856) 858-7080
ATTORNEYS FOR PLAINTIFF
Matter No 14-200059 - 14-200059

|  |  |
|---|---|
| EverBank,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>John J. Tierney, III, Individually and as Co-Executor for the Estate of John J. Tierney, II, et al.,<br><br>　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>CAMDEN COUNTY<br><br>Docket No. F-035591-14<br><br>Civil Action<br><br>**FINAL JUDGMENT** |

　　　Upon the application of the plaintiff, and it appearing that summons and complaint has been duly issued and return served upon all of the defendants, and their default having been entered; and the plaintiff's note and mortgage having been presented and marked as exhibits by the court;

　　　And, it appearing from the Affidavit filed herein that there is due to the Plaintiff the sum **$423,463.44** on its mortgage described in the complaint and sufficient cause appearing;

　　　It is on this **21st day of March, 2017**, ORDERED AND ADJUDGED that the Plaintiff is entitled to have the sum of **$423,463.44**, together with lawful interest from **April 7, 2016** on the total sum due Plaintiff, together with costs of this suit to be taxed, and a counsel fee of

$　　4,384.63　　　　　　 included therein, raised and paid of the mortgage premises described in said complaint;

And it is further ORDERED AND ADJUDGED that so much of the said mortgage premises as will be sufficient to raise and satisfy the said mortgage, interest and costs of the plaintiff be sold, and that an execution do issue for that purpose out of this court directed to the sheriff of the County of Camden commanding him to make sale, according to law, of so much of the said mortgaged premises as will be sufficient to satisfy the said mortgage, interest and costs; and that he pay out of the proceeds of the sale to the plaintiff or its attorney, its said debt, interest and costs and that in case there is a surplus, the same shall be brought into this Court and deposited with the Clerk subject to the order of this Court; and that said Sheriff make his report to this Court of the sale as required by the rules of this Court;

And it is further ORDERED AND ADJUDGED that the Plaintiff or the Purchaser at the foreclosure sale, duly recover against said defendants, John J. Tierney, III, Individually and as Co-Executor for the Estate of John J. Tierney, II, David Lyle Segal, Co-Executor for the Estate of John J. Tierny, II, Eileen Adams, State of New Jersey, United States of America, Lakeland Bank, Archer & Greiner PC and Kulzer & Dipadova PA are the defendants,  or any one holding under them, possession of the premises mentioned and described in the complaint with the appurtenances and that a writ of possession issue thereon;

And it is further ORDERED AND ADJUDGED that all of the defendants to this action and each of them stand absolutely debarred and foreclosed of and from all equity of redemption of, in and to so much of the said mortgage premises shall be sold as aforesaid under this judgment except United States of America shall have the right to redeem within the period provided by 28 U.S.C.A. sec 2410.

This Judgment shall not affect the rights of any person protected by the New Jersey

Tenant Anti-Eviction Act (N.J.S.A. 2A:18-61.1 et seq.

/s/ Paul Innes, P.J.Ch

~~J.S.C.~~

Respectfully Recommended
R. 1:34-6 Office of Foreclosure

SWC F 035591-14   03/21/2017  Pg 1 of 4   Trans ID: CHC2017238857
Recorded in the Office of the Superior Court Clerk   Pg 1 of 4   Writ #17010846

**McCABE, WEISBERG & CONWAY, P.C.**
Marisa Myers Cohen, Esquire - 017032001
Carol R. Cobb, Esquire - 028761994
Sheera G. Engrissei, Esquire - 009212010
Christopher J. Kellcher, Esquire - 005212000
Ian V. Gallo, Esquire - 163762015
Michael I. Gouda, Esquire - 001052012
James French, Esquire - 134352014
216 HADDON AVENUE, SUITE 201
WESTMONT, NEW JERSEY 08108
(856) 858-7080
ATTORNEYS FOR PLAINTIFF
Matter No 14-200059 - 14-200059

| | |
|---|---|
| EverBank,<br><br>      Plaintiff,<br><br>vs.<br><br>John J. Tierney, III, Individually and as Co-Executor for the Estate of John J. Tierney, II, et al.,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>CAMDEN COUNTY<br><br>Docket No. F-035591-14<br><br>Civil Action<br><br>**WRIT OF EXECUTION** |

The State of New Jersey to the
Sheriff of the County of Camden
G R E E T I N G S:

WHEREAS, on the **21st day of March, 2017**, by a certain judgment made in our

Superior Court of New Jersey, in a certain cause therein pending wherein the plaintiff is

EverBank and John J. Tierney, III, Individually and as Co-Executor for the Estate of John J.

Tierney, II, David Lyle Segal, Co-Executor for the Estate of John J. Tierny, II, Eileen Adams,

State of New Jersey, United States of America, Lakeland Bank, Archer & Greiner PC and Kulzer

& Dipadova PA are the defendants, it was ordered and adjudged that certain mortgaged

premises, with the appurtenances, in the complaint in the said cause particularly set forth and

described, that is to say: All the following tract or parcel of land and the premises hereinafter

particularly described, situate, lying and being in the in the Township of Voorhees, in the County

of Camden and State of New Jersey;

SEE ATTACHED

Together, with all and singular the rights, liberties, privileges, hereditaments and appurtenances

thereunto belonging or in anywise appertaining, and the reversion and remainders, rents, issues

and profits thereof, and also all the estate, right, title, interest, use, property, claim and demand of

the said defendant of, in, to and out of the same, be sold, to pay and satisfy unto the Plaintiff the

sum of **$423,463.44** being the principal, interest and advances secured by a certain mortgage

given by John J. Tierney, II and bearing the date of May 4, 2009 together with lawful interest

from April 7, 2016 on the total sum due plaintiff, until the same be paid and satisfied and also the

costs of the Plaintiff, and that, for that purpose a Writ of Execution should issue, directed to the

Sheriff of the County of Camden commanding him to make sale aforesaid; and that the surplus

money arising from such sale, if any thereby, should be brought into said Court, subject to the

further order of the said Court, as by said judgment remaining as of record in our said Superior

Court of New Jersey, at Trenton, doth and more fully and more fully appears; and WHEREAS,

the costs of the Plaintiff have been duly taxed at the sum of $___5,226.65___.

THEREFORE, you are hereby commanded that you cause to be made of the premises

aforesaid, by selling so much the same as may be needful and necessary for the purpose, the sum

of **$423,463.44** and the same you do pay to the said plaintiff, together with interest thereon as

aforesaid, and the sum aforesaid of costs, and that you have the surplus money, if any there be,

before the said Superior Court of New Jersey aforesaid, at Trenton, within 30 days after sale, to

abide the further order of the said Court, according to the judgment aforesaid; and you are to

make return at the time and place aforesaid; by certificate under your hand, of the manner in

which you have executed this our writ, together with this writ.  If no sale, writ returnable within

24 months in accordance with RULE 4:59-1.

WITNESS, the Honorable _____Paul Innes_____, Judge of the Superior Court, at

Trenton aforesaid, this **21st day of March, 2017.**

MICHELLE M. SMITH, ESQ
CLERK OF SUPERIOR COURT

**MCCABE, WEISBERG AND CONWAY, P.C.**

By: _____
[  ] Marisa Myers Cohen, Esquire
[  ] Carol R. Cobb, Esquire
[  ] Sheera G. Engrissei, Esquire
[  ] Christopher J. Kelleher, Esquire
[  ] Ian V. Gallo, Esquire
[  ] Michael I. Gouda, Esquire
[  ] James French, Esquire
Attorneys for Plaintiff

SWC F 035591-14   03/21/2017   Pg 4 of 4   Trans ID: CHC2017238857
Recorded in the Office of the Superior Court Clerk   Pg 4 of 4   Writ #17010846

## SCHEDULE A

ALL that certain tract or parcel of land, situated, lying and being in the Township of Voorhees, County of Camden, State of New Jersey, more particularly described as follows:

BEGINNING at a point in the Southwesterly line of Timberline Drive (50 feet wide) at the Northwesterly end of a curve having a radius of 20 feet and connecting the said Southwesterly line of Timberline Drive with the Northwesterly line of Morningside Lane (50 feet wide); thence

(1)     North 65 degrees 00 minutes 00 seconds Westwardly along the Southwesterly line of Timberline Drive, 70 feet to a point in the line of other lands of subdivision; thence

(2)     South 29 degrees 03 minutes 12 seconds Westwardly along said line, 207.73 feet to a point in the division line between Lots 2 and 3, Block 206.04 as shown on Plan hereinafter mentioned; thence

(3)     South 81 degrees 03 minutes 08 seconds Eastwardly along said division line between Lots 2 and 3 said Block and Plan, 139.48 feet to a point in the curved Northwesterly line of Morningside Lane; thence

(4)     Northeastwardly along the curved Northwesterly line of Morningside Lane, curving to the right, a radius of 200 feet an arc distance of 56.03 feet to a point of tangency; thence

(5)     North 25 degrees 00 minutes 00 seconds Eastwardly along the Northwesterly line of Morningside Lane, 92.58 feet to a point of curve; thence

(6)     Northwestwardly along a curve, curving to the left, a radius of 20 feet an arc distance of 31.42 feet to the point and place of BEGINNING.

BEING Lot 2 in Block 206.04 on Final Plan of Lots, Section 20, Alluvium, filed June 8, 1984 File 690, Map 4.

NOTE: Being Lot(s) 2, Block: 206.04; Tax Map of the Township of Voorhees, County of Camden, State of New Jersey.

NOTE FOR INFORMATION ONLY: Mailing Address is 32 Timberline Dr , Voorhees , NJ 08043-3436

NOTE: Lot and Block shown for informational purposes only.

Commonly known as
32 Timberline Drive
Voorhees, New Jersey 08043

Page 8

Tierney 14-200059                              Writ of Execution

SWC-F-035591-14   01/03/2019 5:16:46 PM  Pg 16 of 46 Trans ID: CHC20195887



SUPERIOR COURT OF NEW JERSEY - eCOURTS

The following was filed by COURT on 03/21/2017 at 10:33 AM:

| | |
|---|---|
| Plaintiff Name: | EVERBANK |
| Defendant Name: | STATE OF NEW JERSEY, DOE        JAN |
| | JOHN   J,  BLK 206.04 LOT 2, SEGAL |
| | ARCHER  GREINER PC, KULZER  DIPADOV/ |
| Case Caption: | EVERBANK VS TIERNEY III JOHN |
| Case Number: | SWC F 035591-14 |
| Document Number: | CHC2017238848 |
| Docket Text: | Uncontested Order For Final Judgment submitt |

Notice has been electronically mailed to:

Notice was not electronically mailed to:

| | |
|---|---|
| Plaintiff Attorney For | EVERBANK |
| Defendant Attorney For | STATE OF NEW JERSEY |
| Defendant Attorney For | DOE         JANE |
| Defendant Attorney For | DOE         JOHN |
| Defendant Attorney For | ADAMS         EILEEN |
| Defendant Attorney For | TIERNEY III     JOHN   J |
| Other | BLK 206.04 LOT 2 |
| Defendant Attorney For | SEGAL         DAVID   L |
| Defendant Attorney For | ADAMS MR       EILEEN |
| Defendant Attorney For | ADAMS         EILEEN |
| Defendant Attorney For | ARCHER  GREINER PC |
| Defendant Attorney For | KULZER  DIPADOVA PA |
| Defendant Attorney For | LAKELAND BANK |
| Defendant Attorney For | UNITED STATES OF |

Login to eCourts to view the Case Jacket. You will need a valid user ID (B

For any additional questions, please contact the Superior Court of New Je

This communication is for notification purposes only

2

# EXHIBIT I

# 1:17-bk-15449 | Gary D Adams and Eileen T Adams

| Date Filed | # | Docket Text |
|---|---|---|
| 09/21/2017 | | Bankruptcy Case Closed. (mrm) (Entered: 09/21/2017) |
| 09/21/2017 | 24 | Final Decree; The following parties were served: Trustee and US Trustee. (mrm) (Entered: 09/21/2017) |
| 08/09/2017 | 23 | BNC Certificate of Notice - Order No. of Notices: 1. Notice Date 08/09/2017 . (Admin.) (Entered: 08/10/2017) |
| 08/07/2017 | 22 | Order Avoiding Liens re: John J. Tierney II, Deceased, Mary C. Tierney, Deceased, Archer & Greiner, P.C., Kulzer & DiPadova, John J. Tierney III and Obermayer Rebmann Maxwell & Hippel, LLP. (Related Doc # 17). Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 8/7/2017. (ld) (Entered: 08/07/2017) |
| 08/07/2017 | | Minute of 08/07/2017 OUTCOME: Granted - With Changes set forth on the record. (related document(s): 17 Motion to Avoid Lien filed by Eileen T Adams, Gary D Adams) (ml) (Entered: 08/07/2017) |
| 07/26/2017 | 21 | Certification of No Objection in re: Abandonment. (related document: 16 Notice of Proposed Abandonment re: 32 Timberline Drive, Voorhees, NJ). The Clerk hereby certifies that no objection to this Notice of Information has been filed. (eag) (Entered: 07/26/2017) |
| 07/25/2017 | | Hearing Rescheduled from 07/25/2017 (related document(s): 17 Motion to Avoid Lien filed by Eileen T Adams, Gary D Adams) Hearing scheduled for 08/07/2017 at 10:00 AM at ABA - Courtroom 4B, Camden. (ml) (Entered: 07/25/2017) |
| 07/11/2017 | | Chapter 7 Trustee's Report of No Distribution: I, Brian Thomas, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Section 341 Meeting held on 04/28/17. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 4 months. Assets Abandoned (without deducting any secured claims): $ 210000.00, Assets Exempt: $ 37801.83, Claims Scheduled: $ 3398124.44, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 3398124.44. Brian Thomas. (Thomas, Brian) (Entered: 07/11/2017) |
| 07/02/2017 | 20 | BNC Certificate of Notice - Order of Discharge and BNC Certificate of Service - . No. of Notices: 25. Notice Date 07/02/2017 . (Admin.) (Entered: 07/03/2017) |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/30/2017 | 19 | BNC Certificate of Notice. No. of Notices: 25. Notice Date 06/30/2017 . (Admin.) (Entered: 07/01/2017) |
| 06/30/2017 | 18 | Order Discharging Debtor. (Admin.) (Entered: 06/30/2017) |
| 06/28/2017 | 17 | Motion to Avoid Lien of John J. Tierney, II, Deceased, and Mary C. Tierney, Deceased, Archer & Greiner, P.C., Kulzer & DiPadova, John J. Tierney, III and Obermayer Rebmann Maxwell & Hippel, LLP Filed by David A. Kasen on behalf of Eileen T Adams, Gary D Adams. Hearing scheduled for 7/25/2017 at 10:00 AM at ABA - Courtroom 4B, Camden. (Attachments: # 1 Certification # 2 Exhibit A-F # 3 Exhibit G-I # 4 Proposed Order # 5 Certificate of Service) (Kasen, David) (Entered: 06/28/2017) |
| 06/28/2017 | 16 | Notice of Proposed Abandonment re: 32 Timberline Drive, Voorhees, NJ. Hearing scheduled for 08/01/17 . Filed by Brian Thomas on behalf of Brian Thomas. Objections due by 07/25/17 . (Thomas, Brian) (Entered: 06/28/2017) |
| 05/19/2017 | | Correction Notice In Electronic Filing (related document: 15 Notice of Proposed Abandonment filed by Trustee Brian Thomas). Type of Error: PDF Attachment contains incorrect hearing location. Please correct and refile with the Court - NO FURTHER ACTION WILL BE TAKEN. (eag) (Entered: 05/19/2017) |
| 05/18/2017 | | First Meeting Minutes filed by (Thomas, Brian) (Entered: 05/18/2017) |
| 05/18/2017 | 15 | Notice of Proposed Abandonment re: 32 Timberline Drive, Voorhees, NJ. Hearing scheduled for 06/27/17 . Filed by Brian Thomas on behalf of Brian Thomas. Objections due by 06/20/17 . (Thomas, Brian) Modified on 5/19/2017 TO REFLECT PDF ATTACHMENT CONTAINS INCORRECT HEARING LOCATION - NO FURTHER ACTION WILL BE TAKEN (eag) (Entered: 05/18/2017) |
| 05/10/2017 | 14 | Notice of Appearance and Request for Service of Notice filed by Denise E. Carlon on behalf of NATIONSTAR MORTGAGE LLC. (Carlon, Denise) (Entered: 05/10/2017) |
| 04/06/2017 | 13 | Notice of Appearance and Request for Service of Notice filed by Jerrold S. Kulback on behalf of John J Tierney, III. (Kulback, Jerrold) (Entered: 04/06/2017) |
| 04/04/2017 | | Incomplete Filings Deadline Terminated, Reason: All Papers Filed. (eag) (Entered: 04/05/2017) |
| 04/04/2017 | 12 | Missing Document(s): Atty Disclosure Statement, Declaration About An Individuals Sch, Disclosure of Compensation of Bankruptcy Petition Preparer Form 2800, Means Test Calculation (122A-2), Statement of Financial Affairs For Individuals, Summary of Assets/Liabilities and Stat Info - Individuals, Statement of Your Current Monthly Income (122A-1), Schedules A/B,C,D,E/F,G,H,I,J, filed by David A. Kasen on behalf of Eileen T Adams, Gary D Adams. (Kasen, David) (Entered: 04/04/2017) |
| 03/24/2017 | 11 | BNC Certificate of Notice - Meeting of Creditors. No. of Notices: 24. Notice Date 03/24/2017 . (Admin.) (Entered: 03/25/2017) |

1:17-bk-15449 | Gary D Adams and Eileen T Adams |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/24/2017 | 10 | BNC Certificate of Notice. No. of Notices: 1. Notice Date 03/24/2017 . (Admin.) (Entered: 03/25/2017) |
| 03/23/2017 | 9 | Change of Address for Creditor Obermayer Rebman Maxwell & Hippel From: 1617 JFK Boulevard, Philadelphia, PA 19103 To: Centre Square West, 1500 Market Street, Suite 3400, Philadelphia, PA 19102 filed by David A. Kasen on behalf of Eileen T Adams, Gary D Adams. (Kasen, David) (Entered: 03/23/2017) |
| 03/23/2017 | 8 | Change of Address for Debtors Gary D. Adams and Eileen T. Adams From: 32 Timberline Drive, Voorhees, NJ 08043 To: P.O. Box 2, Voorhees, NJ 08043 filed by David A. Kasen on behalf of Eileen T Adams, Gary D Adams. (Kasen, David) (Entered: 03/23/2017) |
| 03/22/2017 | 7 | Personal Financial Management Course Certificate Filed for Joint Debtor (Wunsch, Ben) (Entered: 03/22/2017) |
| 03/22/2017 | 6 | Personal Financial Management Course Certificate Filed for Debtor (Wunsch, Ben) (Entered: 03/22/2017) |
| 03/22/2017 | 4 | Meeting of Creditors and Notice of Appointment of Trustee Brian Thomas, with 341(a) meeting to be held on 04/28/2017 at 12:30 PM at Bridge View - Camden. Last day to oppose discharge or dischargeability is 06/27/2017 . Financial Management Course due by 06/27/2017 .. Financial Management Course Certificate due for Joint Debtor Due 06/27/2017 . (admin, ) (Entered: 03/22/2017) |
| 03/21/2017 | 5 | Notice of Missing Documents. (related document: 1 Voluntary Petition (Chapter 7) filed by Debtor Gary D Adams, Joint Debtor Eileen T Adams). Missing Documents: Summary of Assets/Liabilities and Stat Info - Individuals, Declaration About An Individuals Schedule, Statement of Financial Affairs For Individuals, Atty Disclosure Statement, Statement of Your Current Monthly Income (122A-1), Means Test Calculation (122A-2) - If Applicable, Stmt of Exemption From Presumption of Abuse (122A-1, Supp) - If Applicable and Schedules A/B,C,D,E/F,G,H,I and J. Incomplete Filings due by 4/4/2017 . (eag) (Entered: 03/22/2017) |
| 03/21/2017 | | Receipt of filing fee for Voluntary Petition (Chapter 7)( 17-15449) [misc,volp7a] ( 335.00) Filing Fee. Receipt number A33810824, fee amount $ 335.00. (re: Doc# 1) (U.S. Treasury) (Entered: 03/21/2017) |
| 03/21/2017 | 3 | Certificate of Credit Counseling filed by David A. Kasen on behalf of Eileen T Adams. (Kasen, David) (Entered: 03/21/2017) |
| 03/21/2017 | 2 | Certificate of Credit Counseling filed by David A. Kasen on behalf of Gary D Adams. (Kasen, David) (Entered: 03/21/2017) |
| 03/21/2017 | 1 | Chapter 7 Voluntary Petition Filed by David A. Kasen on behalf of Gary D Adams, Eileen T Adams. Disclosure of Compensation for Attorney For Debtor 04/4/2017 .Statement of Your Current Monthly Income (122A-1) due 04/4/2017 . Incomplete Filings due by 04/4/2017 . (Kasen, David) (Entered: 03/21/2017) |

SWC-F-035591-14   01/03/2019 5:16:46 PM  Pg 26 of 46 Trans ID: CHC20195887

8564247565
US Bankruptcy Court NJ - Live Database

23:47:26   03-20-2017      3 /3
Page 1 of 2

United States Bankruptcy Court
District of New Jersey

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under
Chapter 7 of the United States Bankruptcy Code, entered on 03/21/2017 at
10:49 AM and filed on 03/21/2017.

**Gary D Adams**
32 Timberline Drive
Voorhees, NJ 08043
SSN / ITIN: xxx-xx-8459

**Eileen T Adams**
32 Timberline Drive
Voorhees, NJ 08043
SSN / ITIN: xxx-xx-7163

The case was filed by the debtor's attorney:

David A. Kasen
Kasen & Kasen
1874 East Route 70, Suite 3
Cherry Hill, NJ 08003
(856) 424-4144

The case was assigned case number 17-15449.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.njb.uscourts.gov or at the Clerk's Office, 401 Market
Street, Camden, NJ 08102.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

Jeanne Naughton
Clerk, U.S. Bankruptcy
Court

PACER Service Center

https://ecf.njb.uscourts.gov/cgi-bin/NoticeOfFiling.pl?985953                    3/21/2017

# EXHIBIT J

# 1:18-bk-10466 | Eileen T Adams

| Date Filed | # | Docket Text |
|---|---|---|
| 05/03/2019 | | Bankruptcy Case Closed. (jpl) (Entered: 05/03/2019) |
| 05/03/2019 | 50 | Final Decree; The following parties were served: Trustee and US Trustee. (jpl) (Entered: 05/03/2019) |
| 05/03/2019 | | Bankruptcy Case Closed. (jpl) |
| 05/03/2019 | | Final Decree; The following parties were served: Trustee and US Trustee. (jpl) |
| 04/02/2019 | 49 | Chapter 13 Trustee Final Report and Account (Dismissal) filed by Isabel C. Balboa. (Balboa, Isabel) |
| 02/13/2019 | | Minute of 02/13/2019 OUTCOME: Dismissed on 01/29/2019 (related document(s): [13] Chapter 13 Plan and Motions filed by Eileen T Adams) (ml) |
| 01/31/2019 | 48 | BNC Certificate of Notice - Order No. of Notices: 1. Notice Date 01/31/2019 . (Admin.) |
| 01/31/2019 | 47 | BNC Certificate of Notice - Order Dismissing Case. No. of Notices: 8. Notice Date 01/31/2019 . (Admin.) |
| 01/29/2019 | 46 | Order Granting Motion to Dismiss Case re: voluntary for Debtor (Related Doc # [45]). Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 1/29/2019. (bc) |
| 01/28/2019 | 45 | Motion to dismiss case for other reasons re:Voluntary Dismissal Filed by David A. Kasen on behalf of Eileen T Adams. (Attachments: # (1) Proposed Order) (Kasen, David) |
| 01/25/2019 | 44 | BNC Certificate of Notice - Order No. of Notices: 1. Notice Date 01/25/2019 . (Admin.) |
| 01/24/2019 | 43 | BNC Certificate of Notice - Order No. of Notices: 1. Notice Date 01/24/2019 . (Admin.) |
| 01/23/2019 | 42 | Order Denying Motion To Modify Claims re: Nationstar Mortgage LLC. (Related Doc # [22]). Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 1/23/2019. (bc) |
| 01/22/2019 | 41 | Correspondence from the Court re (related document:[13] Chapter 13 Plan and Motions filed by Debtor Eileen T Adams). (bc) |
| 01/22/2019 | | Minute of 1/22/19 Motion denied (related document(s): 22 Motion to Expunge/Reduce/Modify/Object to Claims filed by Eileen T Adams) (bc) Modified on 1/22/2019 Order to be submitted. (Compton, Bruce). |
| 01/22/2019 | | Minute of 1/22/19 Motion granted (related document(s): [20] Motion for Relief from Co-Debtor Stay filed by Nationstar Mortgage LLC d/b/a Mr. Cooper) (bc) |

| Date Filed | # | Docket Text |
|---|---|---|
| 01/22/2019 | 40 | Order Granting Motion For Relief From Co-Debtor Stay of John Tierney, II (Related Doc # [20]). Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice, Granting Motion For Relief From Stay re: 32 Timberline Dr, Voorhees, NJ 08043 (Related Doc # [20]). Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 1/22/2019. (bc) Update/Redact |
| 01/18/2019 | 39 | Letter Brief in support of (related document:[20] Motion for Relief from Co-Debtor Stay filed by Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper, Motion for Relief From Stay, [22] Motion to Expunge/Reduce/Modify/Object to Claims filed by Debtor Eileen T Adams) filed by David A. Kasen on behalf of Eileen T Adams. (Attachments: # (1) Exhibit A # (2) Exhibit B-1 # (3) Exhibit B-2 # (4) Certificate of Service) (Kasen, David) Update/Redact |
| 01/17/2019 | 38 | Certificate of Service (related document:[37] Response filed by Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper) filed by Denise E. Carlon on behalf of Nationstar Mortgage LLC d/b/a Mr. Cooper. (Carlon, Denise) Update/Redact |
| 01/16/2019 | 37 | Supplemental Response to (related document:[20] Motion for Relief from Co-Debtor Stay of John T. Tierney II, in addition to Motion for Relief from Stay re: re: 32 Timberline Dr, Voorhees, NJ, 08043. Fee Amount $ 181. Filed by Denise E. Carlon on behalf of Nationstar Mortgage LLC d/b/a Mr. Cooper. Hearing scheduled for 6/5/2018 at 10:00 AM at ABA - Courtroom 4B, Camden. (Attachments: # 1 Statement as to Why No Brief is Necessary # 2 Affidavit # 3 Proposed Order # 4 Exhibit # 5 Certificate of Service) filed by Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper, [22] Motion to Expunge Claims of Nationstar Mortgage, LLC, d/b/a Mr. Cooper Filed by David A. Kasen on behalf of Eileen T Adams. Hearing scheduled for 7/24/2018 at 02:00 PM at ABA - Courtroom 4B, Camden. (Attachments: # 1 Certification of David A. Kasen # 2 Exhibit A, part 1 to David A. Kasen Certification # 3 Exhibit A, part 2 to David A. Kasen Certification # 4 Exhibit B, part 1 to David A. Kasen Certification # 5 Exhibit B, part 2 to David A. Kasen Certification # 6 Certification of Eileen T. Adams # 7 Exhibit A, part 1 to Eileen T. Adams Certification # 8 Exhibit A, part 2 to Eileen T. Adams Certification # 9 Exhibit A, part 3 to Eileen T. Adams Certification # 10 Exhibit A, part 4 to Eileen T. Adams Certification # 11 Exhibit A, part 5 to Eileen T. Adams Certification # 12 Exhibit A, part 6 to Eileen T. Adams Certification # 13 Exhibit A, part 7 to Eileen T. Adams Certification # 14 Exhibit A, part 8 to Eileen T. Adams Certification # 15 Exhibit A, part 9 to Eileen T. Adams Certification # 16 Exhibit B to Eileen T. Adams Certification # 17 Exhibit C to Eileen T. Adams Certification # 18 Memorandum # 19 Exhibit A to Memorandum # 20 Proposed Order # 21 Certificate of Service) filed by Debtor Eileen T Adams) filed by Denise E. Carlon on behalf of Nationstar Mortgage LLC d/b/a Mr. Cooper. (Carlon, Denise) Update/Redact |
| 01/02/2019 | | Hearing Rescheduled from 1/2/19 (related document(s): [20] Motion for Relief from Co-Debtor Stay filed by Nationstar Mortgage LLC d/b/a Mr. Cooper) Hearing scheduled for 01/22/2019 at 02:00 PM at ABA - Courtroom 4B, Camden. (bc) Update/Redact |
| 01/02/2019 | | Hearing Rescheduled from 1/2/19 (related document(s): [22] Motion to Expunge/Reduce/Modify/Object to Claims filed by Eileen T Adams, [30] BNC Certificate of Notice - Order) Hearing scheduled for 01/22/2019 at 02:00 PM at ABA - Courtroom 4B, Camden. (bc) Update/Redact |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/27/2018 | 36 | Determination of Adjournment Request Granted. Hearing will be adjourned to 1/22/19 at 2 pm. The hearing date is Not Peremptory. (related document:[20] Motion for Relief from Co-Debtor Stay filed by Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper, Motion for Relief From Stay) (bc) Update/Redact |
| 12/27/2018 | 35 | Determination of Adjournment Request Granted. Hearing will be adjourned to 1/22/19 at 2 pm. The hearing date is Not Peremptory. (related document:[22] Motion to Expunge/Reduce/Modify/Object to Claims filed by Debtor Eileen T Adams) (bc) Update/Redact |
| 12/12/2018 | | Confirmation Hearing Rescheduled from 12/12/2018 (related document(s): [13] Chapter 13 Plan and Motions filed by Eileen T Adams) Confirmation hearing to be held on 02/13/2019 at 10:00 AM at ABA - Courtroom 4B, Camden. (ml) Update/Redact |
| 11/20/2018 | | Hearing Rescheduled from 11/20/18 (related document(s): [22] Motion to Expunge/Reduce/Modify/Object to Claims filed by Eileen T Adams) Hearing scheduled for 01/02/2019 at 02:00 PM at ABA - Courtroom 4B, Camden. (bc) Update/Redact |
| 11/20/2018 | | Hearing Rescheduled from 11/20/18 (related document(s): [20] Motion for Relief from Co-Debtor Stay filed by Nationstar Mortgage LLC d/b/a Mr. Cooper) Hearing scheduled for 01/02/2019 at 02:00 PM at ABA - Courtroom 4B, Camden. (bc) Update/Redact |
| 11/06/2018 | | Hearing Rescheduled from 11/6/18 (related document(s): [22] Motion to Expunge/Reduce/Modify/Object to Claims filed by Eileen T Adams) Hearing scheduled for 11/20/2018 at 02:00 PM at ABA - Courtroom 4B, Camden. (bc) Update/Redact |
| 11/06/2018 | | Hearing Rescheduled from 11/6/18 (related document(s): [20] Motion for Relief from Co-Debtor Stay filed by Nationstar Mortgage LLC d/b/a Mr. Cooper) Hearing scheduled for 11/20/2018 at 02:00 PM at ABA - Courtroom 4B, Camden. (bc) Update/Redact |
| 11/02/2018 | 34 | Determination of Adjournment Request Granted. Hearing will be adjourned to 11/20/18 at 2 pm. The hearing date is Not Peremptory. (related document:[20] Motion for Relief from Co-Debtor Stay filed by Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper, Motion for Relief From Stay, [22] Motion to Expunge/Reduce/Modify/Object to Claims filed by Debtor Eileen T Adams) (bc) Update/Redact |
| 10/16/2018 | | Hearing Rescheduled from 10/16/18 (related document(s): [22] Motion to Expunge/Reduce/Modify/Object to Claims filed by Eileen T Adams) Hearing scheduled for 11/06/2018 at 02:00 PM at ABA - Courtroom 4B, Camden. (bc) Update/Redact |
| 10/16/2018 | | Hearing Rescheduled from 10/16/18 (related document(s): [20] Motion for Relief from Co-Debtor Stay filed by Nationstar Mortgage LLC d/b/a Mr. Cooper) Hearing scheduled for 11/06/2018 at 02:00 PM at ABA - Courtroom 4B, Camden. (bc) Update/Redact |

| Date Filed | # | Docket Text |
|---|---|---|
| 10/15/2018 | 33 | Certification in Opposition to Motion of Nationstar Mortgage, LLC, d/b/a Mr. Cooper to Vacate Automatic Stay and in Support of Debtor's Motion to Expunge Claim filed by Nationstar Mortgage, LLC, d/b/a Mr. Cooper (related document:[20] Motion for Relief from Co-Debtor Stay of John T. Tierney II, in addition to Motion for Relief from Stay re: re: 32 Timberline Dr, Voorhees, NJ, 08043. Fee Amount $ 181. Filed by Denise E. Carlon on behalf of Nationstar Mortgage LLC d/b/a Mr. Cooper. Hearing scheduled for 6/5/2018 at 10:00 AM at ABA - Courtroom 4B, Camden. (Attachments: # 1 Statement as to Why No Brief is Necessary # 2 Affidavit # 3 Proposed Order # 4 Exhibit # 5 Certificate of Service) filed by Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper) filed by David A. Kasen on behalf of Eileen T Adams. (Attachments: # (1) Exhibit A and B # (2) Certificate of Service) (Kasen, David) Update/Redact |
| 10/15/2018 | 32 | Determination of Adjournment Request Granted. Hearing will be adjourned to 11/6/18 at 2 pm. The hearing date is Not Peremptory. (related document:[20] Motion for Relief from Co-Debtor Stay filed by Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper, Motion for Relief From Stay, [22] Motion to Expunge/Reduce/Modify/Object to Claims filed by Debtor Eileen T Adams) (bc)    Update/Redact |
| 09/28/2018 | 31 | Determination of Adjournment Request Granted. Hearing will be adjourned to 10/16/18 at 2 pm. The hearing date is Not Peremptory. (related document: 20 Motion for Relief from Co-Debtor Stay filed by Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper, Motion for Relief From Stay, 22 Motion to Expunge/Reduce/Modify/Object to Claims filed by Debtor Eileen T Adams) (bc) (Entered: 09/28/2018)    Update/Redact |
| 09/26/2018 | | Confirmation Hearing Rescheduled from 09/26/2018 (related document(s): [13] Chapter 13 Plan and Motions filed by Eileen T Adams) Confirmation hearing to be held on 12/12/2018 at 10:00 AM at ABA - Courtroom 4B, Camden. (ml)    Update/Redact |
| 09/08/2018 | 30 | BNC Certificate of Notice - Order No. of Notices: 1. Notice Date 09/08/2018 . (Admin.) (Entered: 09/09/2018)    Update/Redact |
| 09/06/2018 | 29 | Order Granting Limited Relief and Adjourning Hearing to 10/2/18 (related document: 20 Motion for Relief from Co-Debtor Stay of John T. Tierney II, in addition to Motion for Relief from Stay re: re: 32 Timberline Dr, Voorhees, NJ, 08043. Fee Amount $181. Filed by Denise E. Carlon on behalf of Nationstar Mortgage LLC d/b/a Mr. Cooper. 22 Motion to Expunge Claims of Nationstar Mortgage, LLC, d/b/a Mr. Cooper Filed by David A. Kasen on behalf of Eileen T Adams. Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 9/6/2018. (bc) (Entered: 09/06/2018)    Update/Redact |
| 08/21/2018 | | Hearing Rescheduled from 8/21/18 (related document(s): [20] Motion for Relief from Co-Debtor Stay filed by Nationstar Mortgage LLC d/b/a Mr. Cooper) Hearing scheduled for 10/16/2018 at 02:00 PM at ABA - Courtroom 4B, Camden. (bc)    Update/Redact |
| 08/21/2018 | | Hearing Rescheduled from 8/21/18 (related document(s): [22] Motion to Expunge/Reduce/Modify/Object to Claims filed by Eileen T Adams) Hearing scheduled for 10/16/2018 at 02:00 PM at ABA - Courtroom 4B, Camden. (bc)    Update/Redact |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/21/2018 | | Minute of 8/21/18 - Matter is stayed, issue to be ruled on in State Court. OTBS (related document(s): 22 Motion to Expunge/Reduce/Modify/Object to Claims filed by Eileen T Adams) (bc) (Entered: 08/21/2018)     Update/Redact |
| 08/21/2018 | | Minute of 8/21/18 Matter is stayed, to be heard in State Court. OTBS (related document(s): 20 Motion for Relief from Co-Debtor Stay filed by Nationstar Mortgage LLC d/b/a Mr. Cooper) (bc) (Entered: 08/21/2018)     Update/Redact |
| 08/14/2018 | **28** | Response to Submission of Nationstar Mortgage LLC, d/b/a Mr. Cooper and in Support of Debtor's Motion to Expunge Claim #2 Filed by Nationstar Mortgage LLC, d/b/a Mr. Cooper in support of (related document: 22 Motion to Expunge/Reduce/Modify/Object to Claims filed by Debtor Eileen T Adams) filed by David A. Kasen on behalf of Eileen T Adams. (Attachments: # 1 Exhibit A. B. C and D # 2 Exhibit E # 3 Exhibit F, part 1 # 4 Exhibit F, part 2 # 5 Exhibit F, part 3 # 6 Exhibit F, part 4 # 7 Exhibit F, part 5 # 8 Certificate of Service) (Kasen, David) (Entered: 08/14/2018)     Update/Redact |
| 08/08/2018 | | Confirmation Hearing Rescheduled (related document(s): 13 Chapter 13 Plan and Motions filed by Eileen T Adams) Confirmation hearing to be held on 09/26/2018 at 10:00 AM at ABA - Courtroom 4B, Camden. (dac) (Entered: 08/08/2018)     Update/Redact |
| 08/07/2018 | | Hearing Rescheduled from 8/7/2018 (related document(s): 22 Motion to Expunge/Reduce/Modify/Object to Claims filed by Eileen T Adams) Hearing scheduled for 08/21/2018 at 02:00 PM at ABA - Courtroom 4B, Camden. (jpl) (Entered: 08/07/2018)     Update/Redact |
| 08/07/2018 | | Hearing Rescheduled from 8/7/2018 (related document(s): 20 Motion for Relief from Co-Debtor Stay filed by Nationstar Mortgage LLC d/b/a Mr. Cooper) Hearing scheduled for 08/21/2018 at 02:00 PM at ABA - Courtroom 4B, Camden. (jpl) (Entered: 08/07/2018)     Update/Redact |
| 07/27/2018 | | Determination of Adjournment Request. Request Granted. Hearing will be adjourned to 09/26/2018 10:00 AM . The hearing date is Not Peremptory (related document: Confirmation Hearing Rescheduled) filed by Isabel C. Balboa. (Balboa, Isabel) (Entered: 07/27/2018)     Update/Redact |
| 07/26/2018 | **27** | Determination of Adjournment Request Granted. Hearing will be adjourned to 8/21/18 at 2 pm. The hearing date is Not Peremptory. (related document: 22 Motion to Expunge/Reduce/Modify/Object to Claims filed by Debtor Eileen T Adams) (bc) (Entered: 07/26/2018)     Update/Redact |
| 07/26/2018 | **26** | Determination of Adjournment Request Granted. Hearing will be adjourned to 8/21/18 at 2 pm. The hearing date is Not Peremptory. (related document: 20 Motion for Relief from Co-Debtor Stay filed by Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper, Motion for Relief From Stay) (bc) (Entered: 07/26/2018)     Update/Redact |
| 07/24/2018 | | Hearing Rescheduled from 7/24/18 (related document(s): 22 Motion to Expunge/Reduce/Modify/Object to Claims filed by Eileen T Adams) Hearing scheduled for 08/07/2018 at 02:00 PM at ABA - Courtroom 4B, Camden. (bc) (Entered: 07/24/2018)     Update/Redact |
| 07/24/2018 | | Hearing Rescheduled from 7/24/18 (related document(s): 20 Motion for Relief from Co-Debtor Stay filed by Nationstar Mortgage LLC d/b/a Mr. Cooper) Hearing scheduled for 08/07/2018 at 02:00 PM at ABA - Courtroom 4B, Camden. (bc) (Entered: 07/24/2018)     Update/Redact |

2/23/22, 3:24 PM                                    1:18-bk-10466 | Eileen T Adams |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/17/2018 | **25** | Brief in Opposition to Motion to Expunge Claim (related document: 22 Motion to Expunge Claims of Nationstar Mortgage, LLC, d/b/a Mr. Cooper Filed by David A. Kasen on behalf of Eileen T Adams. Hearing scheduled for 7/24/2018 at 02:00 PM at ABA - Courtroom 4B, Camden. (Attachments: # 1 Certification of David A. Kasen # 2 Exhibit A, part 1 to David A. Kasen Certification # 3 Exhibit A, part 2 to David A. Kasen Certification # 4 Exhibit B, part 1 to David A. Kasen Certification # 5 Exhibit B, part 2 to David A. Kasen Certification # 6 Certification of Eileen T. Adams # 7 Exhibit A, part 1 to Eileen T. Adams Certification # 8 Exhibit A, part 2 to Eileen T. Adams Certification # 9 Exhibit A, part 3 to Eileen T. Adams Certification # 10 Exhibit A, part 4 to Eileen T. Adams Certification # 11 Exhibit A, part 5 to Eileen T. Adams Certification # 12 Exhibit A, part 6 to Eileen T. Adams Certification # 13 Exhibit A, part 7 to Eileen T. Adams Certification # 14 Exhibit A, part 8 to Eileen T. Adams Certification # 15 Exhibit A, part 9 to Eileen T. Adams Certification # 16 Exhibit B to Eileen T. Adams Certification # 17 Exhibit C to Eileen T. Adams Certification # 18 Memorandum # 19 Exhibit A to Memorandum # 20 Proposed Order # 21 Certificate of Service) filed by Debtor Eileen T Adams) filed by Denise E. Carlon on behalf of Nationstar Mortgage LLC d/b/a Mr. Cooper. (Attachments: # 1 Certification # 2 Exhibit) (Carlon, Denise) (Entered: 07/17/2018) Update/Redact |
| 07/12/2018 | **24** | Determination of Adjournment Request Granted. Hearing will be adjourned to 8/7/18 at 2 pm. The hearing date is Not Peremptory. (related document: 22 Motion to Expunge/Reduce/Modify/Object to Claims filed by Debtor Eileen T Adams) (bc) (Entered: 07/12/2018) Update/Redact |
| 06/20/2018 | **23** | Stipulation Between Isabel C. Balboa and David A. Kasen, Esquire, re:Failure to Attend Section 341(a) Meeting of Creditors and Failure to Produce Documents filed by Isabel C. Balboa on behalf of Isabel C. Balboa. (Balboa, Isabel) (Entered: 06/20/2018) Update/Redact |
| 06/14/2018 | | Statement Adjourning 341(a) Meeting of Creditors (related document: 3 Auto Assignment Meeting of Creditors - Add Trustee; Chapter 13, Statement Adjourning Meeting of Creditors filed by Trustee Isabel C. Balboa) filed by Isabel C. Balboa. 341(a) Meeting Continued to 7/19/2018 at 02:00 PM at Cherry Hill Chapter 13 (Camden). (Balboa, Isabel) (Entered: 06/14/2018) Update/Redact |
| 06/13/2018 | | Confirmation Hearing Rescheduled from 06/13/2018 (related document(s): 13 Chapter 13 Plan and Motions filed by Eileen T Adams) Confirmation hearing to be held on 08/08/2018 at 10:00 AM at ABA - Courtroom 4B, Camden. (lnl) (Entered: 06/14/2018) Update/Redact |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/07/2018 | 22 | Motion to Expunge Claims of Nationstar Mortgage, LLC, d/b/a Mr. Cooper Filed by David A. Kasen on behalf of Eileen T Adams. Hearing scheduled for 7/24/2018 at 02:00 PM at ABA - Courtroom 4B, Camden. (Attachments: # 1 Certification of David A. Kasen # 2 Exhibit A, part 1 to David A. Kasen Certification # 3 Exhibit A, part 2 to David A. Kasen Certification # 4 Exhibit B, part 1 to David A. Kasen Certification # 5 Exhibit B, part 2 to David A. Kasen Certification # 6 Certification of Eileen T. Adams # 7 Exhibit A, part 1 to Eileen T. Adams Certification # 8 Exhibit A, part 2 to Eileen T. Adams Certification # 9 Exhibit A, part 3 to Eileen T. Adams Certification # 10 Exhibit A, part 4 to Eileen T. Adams Certification # 11 Exhibit A, part 5 to Eileen T. Adams Certification # 12 Exhibit A, part 6 to Eileen T. Adams Certification # 13 Exhibit A, part 7 to Eileen T. Adams Certification # 14 Exhibit A, part 8 to Eileen T. Adams Certification # 15 Exhibit A, part 9 to Eileen T. Adams Certification # 16 Exhibit B to Eileen T. Adams Certification # 17 Exhibit C to Eileen T. Adams Certification # 18 Memorandum # 19 Exhibit A to Memorandum # 20 Proposed Order # 21 Certificate of Service) (Kasen, David) (Entered: 06/07/2018) Update/Redact |
| 06/05/2018 | | Minute of Hearing Held and Continued. OUTCOME: (related document(s): [20] Motion for Relief from Co-Debtor Stay filed by Nationstar Mortgage LLC d/b/a Mr. Cooper) Hearing scheduled for 07/24/2018 at 02:00 PM at ABA - Courtroom 4B, Camden. (ml) Update/Redact |
| 06/05/2018 | | Minute of Hearing Held and Continued. OUTCOME: (related document(s): 20 Motion for Relief from Co-Debtor Stay filed by Nationstar Mortgage LLC d/b/a Mr. Cooper) Hearing scheduled for 07/24/2018 at 02:00 PM at ABA - Courtroom 4B, Camden. (ml) (Entered: 06/05/2018) Update/Redact |
| 05/29/2018 | 21 | Certification in Opposition to Motion for Relief from Stay filed by Nationstar Mortgage, LLC d/b/a Mr. Cooper (related document: 20 Motion for Relief from Co-Debtor Stay of John T. Tierney II, in addition to Motion for Relief from Stay re: re: 32 Timberney Dr, Voorhees, NJ, 08043. Fee Amount $ 181. Filed by Denise E. Carlon on behalf of Nationstar Mortgage LLC d/b/a Mr. Cooper. Hearing scheduled for 6/5/2018 at 10:00 AM at ABA - Courtroom 4B, Camden. (Attachments: # 1 Statement as to Why No Brief is Necessary # 2 Affidavit # 3 Proposed Order # 4 Exhibit # 5 Certificate of Service) filed by Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper) filed by David A. Kasen on behalf of Eileen T Adams. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H1 # 9 Exhibit H2 # 10 Exhibit H3 # 11 Exhibit H4 # 12 Exhibit H5 # 13 Exhibit I # 14 Exhibit J # 15 Exhibit K # 16 Exhibit L # 17 Memorandum of Law # 18 Certificate of Service) (Kasen, David) (Entered: 05/29/2018) Update/Redact |
| 05/11/2018 | | Receipt of filing fee for Motion for Relief From Stay( 18-10466-ABA) [motion,mrlfsty] ( 181.00) Filing Fee. Receipt number A36329029, fee amount $ 181.00. (re: Doc# 20) (U.S. Treasury) (Entered: 05/11/2018) Update/Redact |
| 05/11/2018 | 20 | Motion for Relief from Co-Debtor Stay of John T. Tierney II, in addition to Motion for Relief from Stay re: re: 32 Timberline Dr, Voorhees, NJ, 08043. Fee Amount $ 181. Filed by Denise E. Carlon on behalf of Nationstar Mortgage LLC d/b/a Mr. Cooper. Hearing scheduled for 6/5/2018 at 10:00 AM at ABA - Courtroom 4B, Camden. (Attachments: # 1 Statement as to Why No Brief is Necessary # 2 Affidavit # 3 Proposed Order # 4 Exhibit # 5 Certificate of Service) (Carlon, Denise) (Entered: 05/11/2018) Update/Redact |

| Date Filed | # | Docket Text |
|---|---|---|
| 04/03/2018 | 19 | Notice of Appearance and Request for Service of Notice filed by Rebecca Ann Solarz on behalf of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER. (Solarz, Rebecca) (Entered: 04/03/2018) *Update/Redact* |
| 03/14/2018 | | Confirmation Hearing Rescheduled from 03/14/2018 (related document(s): 13 Chapter 13 Plan and Motions filed by Eileen T Adams) Confirmation hearing to be held on 06/13/2018 at 10:00 AM at ABA - Courtroom 4B, Camden. (ml) (Entered: 03/14/2018) *Update/Redact* |
| 03/14/2018 | 18 | Pre-Confirmation Certification of Compliance with Post Petition Obligations (related document: 13 Chapter 13 Plan and Motions filed by Debtor Eileen T Adams) filed by David A. Kasen on behalf of Eileen T Adams. (Kasen, David) (Entered: 03/14/2018) *Update/Redact* |
| 03/06/2018 | 17 | Objection to Confirmation of Plan (related document: 13 Chapter 13 Plan. Filed by David A. Kasen on behalf of Eileen T Adams. filed by Debtor Eileen T Adams) filed by Alexandra T. Garcia on behalf of Nationstar Mortgage LLC d/b/a Mr. Cooper. (Attachments: # 1 Exhibit A. Chapter 13 Plan # 2 Certificate of Service) (Garcia, Alexandra) (Entered: 03/06/2018) *Update/Redact* |
| 02/14/2018 | | Statement Adjourning 341(a) Meeting of Creditors (related document: 3 Auto Assignment Meeting of Creditors - Add Trustee; Chapter 13) filed by Isabel C. Balboa. 341(a) Meeting Continued to 3/1/2018 at 02:00 PM at Cherry Hill Chapter 13 (Camden). (Balboa, Isabel) (Entered: 02/14/2018) *Update/Redact* |
| 01/26/2018 | 16 | BNC Certificate of Notice - Chapter 13 Plan No. of Notices: 7. Notice Date 01/26/2018 . (Admin.) (Entered: 01/27/2018) *Update/Redact* |
| 01/26/2018 | 15 | BNC Certificate of Notice - Chapter 13 Confirmation Hearing No. of Notices: 7. Notice Date 01/26/2018 . (Admin.) (Entered: 01/27/2018) *Update/Redact* |
| 01/24/2018 | 14 | Confirmation Hearing Scheduled (related document: 13 Chapter 13 Plan. Filed by David A. Kasen on behalf of Eileen T Adams.). Confirmation hearing to be held on 3/14/2018 at 10:00 AM at ABA - Courtroom 4B, Camden. Last day to Object to Confirmation 3/7/2018 . (kvr) (Entered: 01/24/2018) *Update/Redact* |
| 01/23/2018 | 13 | Chapter 13 Plan. Filed by David A. Kasen on behalf of Eileen T Adams. (Kasen, David) (Entered: 01/23/2018) *Update/Redact* |
| 01/23/2018 | 12 | Missing Document(s): Atty Disclosure Statement, Declaration About An Individuals Scheds, Statement of Financial Affairs For Individuals, Statement of Your Current Monthly Income & Calc of Commitment Period(122C-1), Summary of Assets/Liabilities and Stat Info, Schedules A/B,C,D,E/F,G,H,I,J, filed by David A. Kasen on behalf of Eileen T Adams. (Kasen, David) Modified on 1/24/2018 ALL MISSING DOCUMENTS HAVE BEEN FILED AND NO OTHER CREDITORS ADDED (kvr). (Entered: 01/23/2018) *Update/Redact* |
| 01/16/2018 | 11 | Change of Address for Eileen T. Adams, Debtor From: 32 Timberline Drive, Voorhees, NJ 08043 To: P.O. Box 2, Voorhes, NJ 08043 filed by David A. Kasen on behalf of Eileen T Adams. (Kasen, David) (Entered: 01/16/2018) *Update/Redact* |

| Date Filed | # | Docket Text |
|---|---|---|
| 01/12/2018 | 10 | BNC Certificate of Notice. No. of Notices: 1. Notice Date 01/12/2018 . (Admin.) (Entered: 01/13/2018) <br> Update/Redact |
| 01/12/2018 | 9 | BNC Certificate of Notice - Order No. of Notices: 1. Notice Date 01/12/2018 . (Admin.) (Entered: 01/13/2018) <br> Update/Redact |
| 01/12/2018 | 8 | BNC Certificate of Notice - Meeting of Creditors. No. of Notices: 7. Notice Date 01/12/2018 . (Admin.) (Entered: 01/13/2018) <br> Update/Redact |
| 01/12/2018 | 7 | Notice and Order to Pay Trustee No. of Notices: 1. Notice Date 01/12/2018 . (Admin.) (Entered: 01/13/2018) <br> Update/Redact |
| 01/12/2018 | 6 | Notice of Appearance and Request for Service of Notice filed by Melissa S DiCerbo on behalf of Nationstar Mortgage LLC d/b/a Mr. Cooper. (Attachments: # 1 Certificate of Service) (DiCerbo, Melissa) (Entered: 01/12/2018) <br> Update/Redact |
| 01/10/2018 | 4 | Clerk's Evidence of Repeat Filing. Debtor Discharged in 17-15449 (Chapter 7) commenced on 03/21/2017. The debtor is ineligible for a discharge. Hearing Date if objection is filed: 02/13/2018 at 10:00AM . Objections due by 1/31/2018 . (mrm) (Entered: 01/10/2018) Update/Redact |
| 01/10/2018 | 3 | Meeting of Creditors and Notice of Appointment of Trustee Isabel C. Balboa, with 341(a) meeting to be held on 02/08/2018 at 10:00 AM at Cherry Hill Chapter 13 (Camden).Complaint to determine dischargeability of certain debts deadline: 04/09/2018 . Proof of claim due by 03/20/2018 . (Entered: 01/10/2018) <br> Update/Redact |
| 01/09/2018 | 5 | Order to Show Cause Why Case Should Not be Dismissed for re: Failure to File Missing Documents. Missing Documents: Summary of Assets/Liabilities and Stat Info, Declaration About An Individuals Scheds, Statement of Financial Affairs For Individuals, Atty Disclosure Statement, Statement of Your Current Monthly Income & Calc of Commitment Period(122C-1), Calculation of Your Disposable Income (122C-2) - If Applicable, Ch. 13 Plan and Motions, Schedules A/B,C,D,E/F,G,H,I,J,. If an objection is filed a hearing will be held on: January 30, 2018 at 10:00AM Courtroom 4B. Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 1/9/2018. Objection to Order to Show Cause due by 1/23/2018 . (kvr) (Entered: 01/10/2018) <br> Update/Redact |
| 01/09/2018 |  | Receipt of filing fee for Voluntary Petition (Chapter 13)( 18-10466) [misc,volp13a] ( 310.00) Filing Fee. Receipt number A35561728, fee amount $ 310.00. (re: Doc# 1) (U.S. Treasury) (Entered: 01/09/2018) <br> Update/Redact |
| 01/09/2018 | 2 | Certificate of Credit Counseling filed by David A. Kasen on behalf of Eileen T Adams. (Kasen, David) (Entered: 01/09/2018) <br> Update/Redact |

1:18-bk-10466 | Eileen T Adams |

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 01/09/2018 | 1 | Chapter 13 Voluntary Petition Filed by David A. Kasen on behalf of Eileen T Adams. Disclosure of Compensation for Attorney For Debtor 01/23/2018 .Declaration About an Individuals Schedules due 01/23/2018 .Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (122C-1) Due 01/23/2018 . Chapter 13 Plan due by 01/23/2018 . Schedule(s) due 01/23/2018 .Statement of Financial Affairs for Individuals due 01/23/2018 .Summary of Your Assets and Liabilities and Certain Statistical Information for Individuals due 01/23/2018 . Incomplete Filings due by 01/23/2018 . (Kasen, David) (Entered: 01/09/2018)    Update/Redact |