# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY
### MITCHELL H. COHEN U.S. COURTHOUSE
### 401 Market Street
### P.O. BOX 2067
### CAMDEN, NJ 08101-2067

**Andrew B. Altenburg, Jr.**  (856) 361-2300
**U.S. BANKRUPTCY JUDGE**

March 24, 2022

David A. Kasen, Esq.           James French, Esq.
Kasen & Kasen                  McCabe Weisberg
1874 East Route 70, Suite 3    216 Haddon Avenue, Suite 201
Cherry Hill, NJ 08003          Westmont, NJ 08108

    RE: **In re Gary Adams**
           **Bankr. Case No. 19-14488ABA**

Dear Counsel:

    Debtor Gary Adams filed a motion styled "Motion to Impose Automatic Stay and to Fix Damages for Willful Violation of Stay." Doc. No. 23. He seeks an order staying a scheduled sheriff sale of Adams' residence, a declaration that Everbank and Nationstar (the "Respondents") violated the automatic stay by scheduling this sale and by inspecting the property, and sanctions against them for this. *See* Proposed Order at Doc. No. 23-27.[1] The Respondents opposed the motion.[2] Doc. No. 28. A hearing was held March 15, 2022, after which the court took the matter under advisement.

    Regarding the scheduling of a sheriff sale, the court finds several reasons why the stay was not violated. First, Mr. Adams argues that the stay applied to "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]" 11 U.S.C. § 362(a)(1). But he conceded that there was no claim against him as he does not own the property and is not liable on the note or mortgage.

---

[1] A significant portion of Mr. Adams' certification also raised the issue of the Respondents' standing in the state court to bring a foreclosure action, i.e., that facts provided to the state court by the Respondents was false, but attorney Kasen indicated that this was just presented as background information to this court. Moreover, that issue was asked and answered in this court in the bankruptcy case of Mr. Adams' wife, Eileen, which during the March 1st hearing, Mr. Kasen conceded as such. *See* Bankr. No. 18-10466-ABA, Doc. Nos. 40, 42.

  Any further challenges to the state court foreclosure action and/or the Judgment of Foreclosure are inappropriate in this court as barred by estoppel, res judicata and/or the Rooker-Feldman doctrine, and perhaps, the Entire Controversy Doctrine.

[2] For the reasons set forth on the record in its oral decision on the issue, the court denied Mr. Adams' request that the response in opposition be stricken as untimely.

Second, the stay against property of the estate ends when the property is no longer property of the estate. 11 U.S.C. § 362(c)(1). Pursuant to this court's decision *In re Larzelere*, 633 B.R. 677 (Bankr. D.N.J. 2021), any possessory right vested in Mr. Adams upon confirmation of his chapter 13 plan, therefore it is no longer property of the estate and thus there is no stay of Mr. Adams' possessory interest to enforce. As for the automatic stay protecting recovery against a debtor, as opposed to property of the estate, that stay only extends to claims that arose before the commencement of the case, *see* 11 U.S.C. § 362(a)(1), (2), (5), (6), but, as stated above, there is no claim against Mr. Adams because the Judgement of Foreclosure is against his wife only.[3]

Third, Mr. Adams relies on this possessory interest as described in *In re Atlantic Business & Community Corp.,* 901 F.2d 325 (3d Cir. 1990). But while that decision sets forth an equitable possessory interest in property, decisions in the 32 years since it was decided have narrowed its holding to require more than just possession for the stay to apply. *In re Glob. Outreach, S.A.*, 09-15985 (DHS), 2009 WL 1606769 (Bankr. D.N.J. June 8, 2009) (citing *Atlantic Business*, but then stating that courts since have "routinely found" that only "possession accompanied by other interests in property is protected by the automatic stay."). *Id*., 2009 WL 1606769, at *8.

For example, in not reversing prospective relief granted to the purchaser at a foreclosure sale, the District Court in *In re St. Clair*, required that one asserting a possessory interest have a "good-faith, colorable claim to possession." *In re St. Clair*, 251 B.R. 660, 666 (D.N.J. 2000). This conclusion was affirmed by the Third Circuit. *See St. Clair v. Wood*, 281 F.3d 224 (3d Cir. 2001). The stay should not be applied "to a purchaser's attempt to obtain possession of residential real property wrongfully being held by the debtor/former owner, when the debtor has no good-faith, colorable claim to possession and the purchaser's right to possession is not in dispute." *In re St. Clair*, 667. The debtor in *Twin Rivers Lake Apartments Horizontal Prop. Regime, Inc. v. Wallner*, CIVA 05-4560, 2006 WL 2023188 (D.N.J. July 18, 2006), who, like Mr. Adams, was not named in the foreclosure complaint, argued that she had a possessory interest protected by the stay. *Id*., at *6. The court noted that while in *Atlantic Business*, the debtor was a tenant at sufferance, *id.*, at *9, the *Twin Rivers* debtor occupied the apartment solely as a guest of her father-owner. *Id*. As such, she had "no colorable legal interest in the property beyond that." *Id.* Accordingly, the court ruled that the sheriff sale did not violate the stay, and the resulting deed was not null and void. *Id.*, at *10.

Mr. Adams' assertion of a statutory right of possession protected by the stay fails too. N.J.S.A. 3B:28-3 provides:

> a. During life every married individual shall be entitled to joint possession with his spouse of any real property which they occupy jointly as their principal matrimonial residence and to which neither dower nor curtesy applies. . . .

N.J.S.A. 3B:28-3(a).

N.J.S.A. 3B:28-3 was enacted in conjunction with the abolition of dower and curtesy. *See* N.J.S.A. 3B:28-2 (eff. May 1, 1982). It effectively reinstituted dower and curtesy rights to spouses

---

[3] Any stay will end soon as Mr. Adams' last plan payment was due March 1. *See* 11 U.S.C. § 362(c)(2).

for real property only. *See Reibman v. Myers*, 451 N.J. Super. 32, 44 (App. Div. 2017). Thus, its purpose is to protect the possessory right of a non-owner spouse. *See Prop. Asset Mgmt., Inc. v. Momanyi*, A-2713-09T2, 2011 WL 4056076, at *5 (N.J. Super. Ct. App. Div. Sept. 14, 2011) ("It is clear the statute precludes the unilateral sale of the marital home by the owner of record."). *See In re Rosa*, 261 B.R. 136, 139 (Bankr. D.N.J. 2001) ("The right to joint possession makes the marital residence subject to equitable distribution upon dissolution of the marriage.").

The right can be extinguished.

> c. The right of joint possession shall be extinguished by the consent of both parties, by the death of either spouse, by judgment of divorce, separation or annulment, by other order or judgment which extinguishes same, or by voluntary abandonment of the principal matrimonial residence.

N.J.S.A. 3B:28-3(c).

If not extinguished, then a transferee will take subject to the right.

> a. . . . One who acquires an estate or interest in real property from an individual whose spouse is entitled to joint possession thereof does so subject to such right of possession, unless such right of possession has been released, extinguished or subordinated by such spouse or has been terminated by order or judgment of a court of competent jurisdiction or otherwise. . . .

N.J.S.A. 3B:28-3(a). *In re Rosa*, 261 B.R. 136, 139 (Bankr. D.N.J. 2001) ("Conveyance of the marital residence by the spouse who holds title without the consent of the other spouse does not extinguish the other spouse's right to joint possession.") (citing *Arnold v. Anvil Realty Inv., Inc.*, 233 N.J. Super. 481, 487 (N.J. Super. App. Div. (1989)). If Mr. Adams holds this statutory right, then a purchaser at sheriff sale would take subject to that right. Since the right of joint possession would not be affected, no stay violation would occur.

However, Mr. Adams' statutory right of possession may be subordinate to the Respondents' mortgage, that is, rather than the mortgage being subject to his right of joint possession, that right is subject to the mortgage. N.J.S.A. 3B:28-3.1 sets forth exceptions to N.J.S.A. 3B:28-3.

> The right of joint possession to the principal matrimonial residence as provided in N.J.S. 3B:28-3 is subject to the lien of a mortgage, irrespective of the date when the mortgage is recorded, provided:
>
> a. The mortgage is placed upon the matrimonial residence prior to the time that title to the residence was acquired by the married individual; or
> b. The mortgage is placed upon the matrimonial residence prior to the marriage; or
> c. The mortgage is a purchase money mortgage; or
> d. The parties to the marriage have joined in the mortgage; or

3

> e. The right of joint possession has been subordinated, released or extinguished by subsection b. or c. of N.J.S. 3B:28-3.

N.J.S.A. 3B:28-3.1.

Mr. Adams does not dispute that the Adamses conveyed the property to Mr. Adams' father-in-law, John J. Tierney, II, in June 2008. In May 2009, Mr. Tierney refinanced the property, including executing the mortgage in favor of the Respondents. In August 2009, Mr. Tierney died, leaving the property to Mr. Adams' wife, subject to that mortgage. Thus, the mortgage predated transfer of title to Mr. Adams' wife, i.e., was "placed upon the matrimonial residence prior to the time that title to the residence was acquired by the married individual." Accordingly, Mr. Adams' interest is subject to/inferior to the mortgage, as having come into existence after the mortgage was granted. *See U.S. Bank Nat'l Ass'n as Tr. for CMALT Remic Series 2007-A2-Remic Pass-Through Certificates Series 2007-A2 v. Ahmed*, A-0570-18T2, 2019 WL 4879374 (N.J. Super. Ct. App. Div. Oct. 3, 2019):

> As a spouse, Sheikh enjoyed a possessory interest in the property. See N.J.S.A. 3B:28-3. But that interest was subject to US Bank's mortgage. See N.J.S.A. 3B:28-3.1 . . . US Bank's recorded mortgage is superior because the recordation was prior to Sheikh's acquisition of her possessory interest.

*Id.*, at *2; *Czyz v. Carrington Mortgage Servs., LLC*, A-1523-15T2, 2017 WL 1629438, at *3 (N.J. Super. Ct. App. Div. May 2, 2017) ("Under *N.J.S.A.* 3B:28–3, a spouse has a right of joint possession to the principal marital residence. However, that right is subject to the lien of a mortgage, if placed on the residence before the marriage. *N.J.S.A.* 3B:28–3.1[.]").

This of course, is academic, since no sale occurred: Mr. Adams filed the motion prior to the scheduled sale. To the extent that Mr. Adams wanted the court to "impose" a stay, as already stated, any possessory right that became property of the estate is no longer property of the estate protected by a stay, and any property of the debtor is only protected by the stay as to prepetition claims.

Mr. Adams next argues that because a sheriff sale is a step toward eviction, it yet violates the stay. But caselaw clearly refutes that contention.

> The occurrence of a sheriff's sale, moreover, is not determinative of a debtor's possessory interest in property, because nothing automatically prevents a debtor from remaining on the premises after it is sold and retaining bare possession, even if the debtor has no right to possession and cannot reinstate his former mortgage.

*In re Belmonte*, 240 B.R. 843, 854 (Bankr. E.D. Pa. 1999), *aff'd in part, rev'd in part on other grnds,* 279 B.R. 812 (E.D. Pa. 2001). *See Twin Rivers*, 2006 WL 2023188, at *10 (court assuming for argument's sake that the debtor had a possessory interest, stated that the sheriff's sale, as opposed to an eviction, did not violate the stay because the debtor's interests would remain "unaffected by the sale.").

4

  To the extent that Mr. Adams alleges that the Respondents violated the stay by *scheduling*, longstanding Third Circuit precedent holds that re-scheduling a sheriff sale does not in of itself violate the automatic stay. *Taylor v. Slick*, 178 F.3d 698, 701 (3d Cir. 1999) ("the continuance of a sheriff's sale in accordance with state law procedure during the pendency of an automatic stay does not violate § 362(a)(1)."). Mr. Adams stated that he filed this bankruptcy case to "prevent a scheduled Sheriff Sale . . . from going forward." Doc. No. 23-1, p. 2, ¶ 6. Thus, the scheduling he complains of it not the first, but a re-scheduling from a prepetition sale.

  Finally, regarding the home inspections conducted by the Respondents, they cite to their mortgage for authority to inspect the exterior of a home that is their collateral. Doc. No. 28, p. 11. But even if not allowed to inspect, this conduct would not violate the stay, as it is not an act to obtain possession of the property or to exercise control over the property (they did not attempt to evict Mr. Adams), or to collect on a prepetition claim (there is none against Mr. Adams). In addition, the emotional distress alleged by Mr. Adams seemed excessive in the circumstances. *See In re Lansaw*, 853 F.3d 657 (3d Cir. 2017) (describing circumstances warranting, and evidence required, to prove emotional distress damages for stay violations).

  As Mr. Adams' possessory interest vested in him upon confirmation of his chapter 13 plan, and otherwise was not affected by the re-scheduling of the sheriff sale or the drive-by inspection of his wife's property, his Motion to Impose Stay is denied.

         Very truly yours,

         <u>/s/ Andrew B. Altenburg, Jr.</u>
         United States Bankruptcy Judge

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 19-14488-ABA |
| Gary D Adams | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-1 | User: admin | Page 1 of 2 |
| Date Rcvd: Mar 24, 2022 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 26, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Gary D Adams, P.O. Box 2, Voorhees, NJ 08043-0002 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 26, 2022          Signature:          /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 24, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| David A. Kasen | on behalf of Debtor Gary D Adams dkasen@kasenlaw.com |
| Denise E. Carlon | on behalf of Creditor NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com |
| Isabel C. Balboa | ecfmail@standingtrustee.com summarymail@standingtrustee.com |
| Isabel C. Balboa | on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com summarymail@standingtrustee.com |
| James French | on behalf of Creditor NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER jfrench@mwc-law.com nj-ecfmail@ecf.courtdrive.com |

District/off: 0312-1 | User: admin | Page 2 of 2
Date Rcvd: Mar 24, 2022 | Form ID: pdf903 | Total Noticed: 1

Jane L. McDonald
    on behalf of Trustee Isabel C. Balboa ecf@standingtrustee.com

Jennifer R. Gorchow
    on behalf of Trustee Isabel C. Balboa jgorchow@standingtrustee.com

Raymond Shockley, Jr
    on behalf of Trustee Isabel C. Balboa ecf@standingtrustee.com

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov


TOTAL: 9